IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>ex rel. Richard F. Miller, )<br>)<br>Plaintiff, )<br>)<br>)<br>PHILIPP HOLZMAN A.G., BILL )<br>HARBERT INTERNATIONAL )<br>CONSTRUCTION, INC., HARBERT )<br>INTERNATIONAL ESTABLISHMENT, )<br>INC., HARBERT CORPORATION, )<br>HARBERT INTERNATIONAL, INC., )<br>HARBERT U.K. SERVICES, LTD., J.A. )<br>JONES CONSTRUCTION COMPANY, )<br>FRU-CON CONSTRUCTION CORP., )<br>AMERICAN INTERNATIONAL )<br>CONTRACTORS, INC., GEORGE A. )<br>FULLER CO., SABBIA A.G., BILL L. )<br>HARBERT, AND ROY ANDERSON )<br>)<br>Defendants. )<br>) | Case No. 1:95CV01231-WBB-JMF |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANT BILL L. HARBERT'S MOTION TO DISMISS
THE RELATOR'S SECOND AMENDED COMPLAINT

On October 18, 2002, Defendant Bill L. Harbert filed a motion to dismiss all claims in Relator Richard F. Miller's Second Amended Complaint ("Second Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), on the grounds that the Second Amended Complaint failed to plead fraud with particularity as to Bill Harbert, failed to state a claim against him individually; and is barred by the applicable statute of limitations.[1]

---

[1] This motion, captioned Defendants Harbert Construction Services (U.K.) Ltd., Bill Harbert International Construction, Inc. and Bill Harbert's Motion to Dismiss the Relator's Second Amended Complaint, was not docketed until March 1, 2004, and is Docket No. 161. Bill Harbert was not named as a defendant in the government's Complaint in Intervention. Therefore, there is no motion to dismiss filed by Bill Harbert with respect to that complaint.

On December 6, 2002, Relator Miller filed his Opposition to Defendants' Motion to Dismiss and Memorandum in Support of Relator Richard F. Miller's Motion for Leave to File Third Amended Complaint for False Claims Act Violations. Docket No. 102. In that brief, Relator Miller revealed the key fact that demonstrates conclusively that the statute of limitations has run as to Defendant Bill Harbert, and, therefore, the Second Amended Complaint must be dismissed as to him.

The Relator's Second Amended Complaint was unsealed in February 2001, but his prior complaints remained sealed. Thus, Bill Harbert did not know when the action was commenced with respect to him. However, in Relator's opposition brief, he admits: "Defendants Harbert U.K. and BHIC were named in Relator's original Complaint filed on June 30, 1995. . . . Bill L. Harbert was named in the Second Amended Complaint filed on December 28, 2000." Docket No. 102, at 2.

The Second Amended Complaint relates only to Contract 20A. The last claim for payment on Contract 20A was made on June 20, 1993. *See* United States' Complaint in Intervention, Schedule A; Relator's proposed Third Amended Complaint for False Claims Act Violations, Schedule A. The False Claims Act's ("FCA") statute of limitations is six (6) years. 31 U.S.C. § 3731(b)(1).[2] Thus, to be timely, the complaint against Bill Harbert based on the Contract 20A payments had to be filed no later than June 20, 1999. The Second Amended Complaint naming Bill Harbert was filed a year and a half after that date and, therefore, is barred by the statute of limitations.

---

[2] 31 U.S.C. § 3731(b)(2) "applies only to the government and not to a *qui tam* relator." *United States ex rel. Fisher v. Network Software Assoc.*, 180 F. Supp. 2d 192, 193 (D.D.C. 2002); *accord United States ex rel. Amin v. George Washington University*, 26 F. Supp. 2d 162, 172-73 (D.D.C. 1998).

Any argument by the Relator that the December 28, 2000 filing of the Second Amended Complaint against Bill Harbert should relate back to the filing of the original complaint against other parties must fail. Fed. R. Civ. P. 15(c) governs the relation back of an amendment of a pleading and provides in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when . . .
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15 (c).

The D.C. Circuit interprets the "mistake concerning the identity of the proper party" necessary for relation back to apply to the correction of misnomers and to exclude situations in which the plaintiff was aware of the party's identity but not of the party's potential liability. *Rendall-Speranza v. Nassim*, 107 F.3d 913, 919 (D.C. Cir. 1997) ("In the adversarial system of litigation the plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations runs out; if she later discovers another possible defendant, she may not, merely by invoking Rule 15(c), avoid the consequences of her earlier oversight."); *Gipson v. Wells Fargo Corp.*, 2005 U.S. Dist. LEXIS 17168, *9 (D.D.C. Aug. 18, 2005) ("The rule permits a plaintiff to correct the situation where the proper, but misnamed, defendant is before the court, not the situation where 'the plaintiff fails to originally name a defendant because he lacks knowledge of [his] identity[.]'"); *Sparshott v. Feld Entertainment, Inc.*, 89 F. Supp. 2d 1, 3 (D.D.C. 2000); *King v. Udall*, 266 F. Supp. 747, 749 (D.D.C. 1967) ("Subsection (c) of the

Rule concerns relation back of amendments. It is limited to amendments changing the party against whom a complaint was served. It does not apply to additional parties.")

The addition of Bill Harbert as a defendant in the Second Amended Complaint was not the correction of a prior misnomer. The Relator admits that he simply named Bill Harbert as an additional defendant on December 28, 2000. Thus, with respect to Bill Harbert, the Second Amended Complaint does not relate back to the filing of the Relator's original complaint.[3] By December 28, 2000, the statute of limitations had run on the Relator's FCA claim. Therefore, the Second Amended Complaint must be dismissed against Bill Harbert.

Even if the Relator were allowed to file his proffered Third Amended Complaint, which attempts to add claims relating to Contracts 07 and 29, payments on which were made in part later than the Contract 20A payments, the statute of limitations would still have run on claims against Bill Harbert. "An amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations." *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (quoting 51 Am. Jur. 2d *Limitation of Actions* § 263 (2000)); *accord Papenthein v. Papenthein*, 16 F. Supp. 2d 1235, 1241 (S.D. Cal. 1998) ("It simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint."). Thus, the Third Amended Complaint would not relate back to the filing of the Second Amended Complaint.

The Motion for Leave to File the Third Amended Complaint, Docket No. 100, was filed December 6, 2002. The last payment alleged in that complaint to form a basis for the FCA

---

[3] Notice to Bill Harbert was also inadequate under Rule 16(c). A complaint filed under seal by definition cannot provide notice to a defendant. *United States ex rel. Wilkins v. North American Construction Corp.*, 2001 U.S. Dist. LEXIS 20538 at **40, 42 (S.D. Tex. Sept. 25, 2001). Bill Harbert did not receive notice of the FCA claims against him until the unsealing of the Second

4


claims was made on September 19, 1996, more than six years before the filing of the motion for leave to amend. *See* Third Amended Complaint, Schedule C. Thus, those claims against Bill Harbert, even if allowed, would be barred by the statute of limitations.

## CONCLUSION

For the reasons and based on the authority set forth above, Bill Harbert's motion to dismiss, or, in the alternative, for judgment on the pleadings, should be granted.

This 19th day of September, 2005

Respectfully submitted,

/s/ June Ann Sauntry
June Ann Sauntry, D.C. Bar # 464269
Bryan B. Lavine (*Admitted Pro Hac Vice*)
James J. Mills (*Admitted Pro Hac Vice*)
TROUTMAN SANDERS LLP
600 Peachtree Street, N.E.
Suite 5200
Atlanta, Georgia 30308-2216
(404) 885-3000
(404) 962-6675 (fax)

Attorneys for Defendant
BILL L. HARBERT

---

Amended Complaint in 2001. Therefore, he did not receive the requisite notice, and the claims against him do not relate back to the filing of the original complaint.

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed electronically with the Clerk of this Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case, and I have served a true and correct copy of the within and foregoing SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT BILL L. HARBERT'S MOTION TO DISMISS THE RELATOR'S SECOND AMENDED COMPLAINT by depositing a copy of same in the United States mail, in an envelope with adequate postage affixed thereto, addressed to counsel of record as follows:

Robert B. Bell, Esq.
Wilmer, Cutler, Pickering, Hale and Dorr LLP
2445 M Street, N.W.
Washington, D.C. 20037-1420

Keith V. Morgan, Esq.
Assistant United States Attorney
Judiciary Center Building
Room 10-812
555 4th Street, N.W.
Washington, D.C. 20001

Carolyn G. Mark, Esq.
Civil Fraud Section
United States Department of Justice
601 D Street, N.W.
Room 9930
Washington, D.C. 20004

John H. Shenefield, Esq.
Donald Klawiter, Esq.
Morgan, Lewis & Bockius LLP
1100 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Phillip C. Zane, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Lincoln Square
555 Eleventh Street, N.W., 6th Floor
Washington, D.C. 20004

Charles S. Leeper, Esq.
Michael R. Miner, Esq.
Spriggs & Hollingsworth
1350 Eye Street, N.W.
Washington, D.C. 20005-3305

Kent Gardiner, Esq.
Alan W.H. Gourley, Esq.
Crowell & Moring
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2595

Charles C. Murphy, Jr., Esq.
Vaughan & Murphy
260 Peachtree Street, N.W.
Suite 1600
Atlanta, GA 30303-1202

Stephen P. Murphy, Esq.
Reed Smith LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, D.C. 20005

This 19th day of September, 2005.

/s/ June Ann Sauntry
June Ann Sauntry