UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES ex rel.,**
**RICHARD F. MILLER,**

   Plaintiff,

   v.                                      CA NO. 95-1231 (WBB/JMF)

**PHILLIP HOLZMANN, et al.,**

   Defendants.

## MEMORANDUM OPINION

The United States entered into civil settlement agreements with Bilfinger + Berger Bauaktiengesellschaft, American International Contractors, Inc. ("AICI"), and ABB SUSA, Inc. The United States explains that:

> Pursuant to the civil settlement agreements, the Settling Companies each paid a certain amount to the United States and agreed to continued cooperation with the United States in the *qui tam* litigation. In consideration of the payments and cooperation agreements, the United States released the Settling Companies from liability arising out of the bid rigging on the contracts at issue in the present litigation.

<u>United States' Memorandum of Points and Authorities in Opposition to Producing Foreign Witnesses in the United States</u> at 2.

During the course of a criminal investigation into a bid rigging scheme, the United States also entered into plea agreements with AICI and ABB Middle East & Africa Participations AG. The defendants in this action point to provisions in those agreements that required those two companies "to produce for testimony in the United States current and former directors, officers, and employees"[1] at their expense. They demand that the United States invoke the provisions of

---

[1] Praecipe, ¶ 2.

these agreements and force companies with whom it has these agreements to produce for interviews and depositions in the United States at the companies' expense, all the people on a list of witnesses they have created.

The United States resists doing so on the grounds that the these defendants are not intended third party beneficiaries of these agreements and that the defendants' demand for these witnesses is excessive.

There are several problems with the defendants' position.

First, while the parties have not considered the question, it would appear to me that the corporate entities whose employees must come to America are "persons" needed for a just adjudication under Rule 9(a) of the Federal Rules of Civil Procedure.  Obviously, these companies will have to spend their own money if the defendants have their way, but the defendants ask me to proceed without even hearing from them.

Second, this is an old case and there has been no showing by the defendants that they have made any effort to ascertain whether these people are still alive, where they are, and what information they would have that would justify the expense of bringing them to the United States.  Indeed, there is no indication that the defendants have made any effort to find and interview these people.  For all we know, they may be cooperative and willing to give a deposition near their homes or by video conferencing.  Without these preliminary efforts having been made, to require everyone on defendants' list to come to America because the defendants think they may have useful information would be remarkable judicial overkill.

Third, I am hard pressed to find that the defendants in this case were the intended third party beneficiaries of the plea or civil settlement agreements.  An examination of the plea agreement, for example, indicates that, like any plea agreement, the parties intended to resolve a

criminal case without trial.  Similarly, the civil settlement agreements were designed to resolve lawsuits.  It is impossible to read them as expressing the intention of the parties to it to confer, on any one other than the government, the benefit of having these companies' employees travel at the companies' expense to aid other parties the government sued because of their alleged participation in the bid rigging scheme.  But, the unequivocal expression of such an intent is *sine qua non* to any theory that the defendants in this case were intended to be the third party beneficiaries of the agreements.  Bowhead Information Tech. Servs., LLC v. Catapult Tech., Ltd., 377 F. Supp. 2d 166, 171 (D.D.C. 2005) (holding that parties must intend that a third party be the beneficiary and intention must be directly and unequivocally expressed).  Accord Nortel Networks, Inc.v. Gold & Apel Transfer, S.A., 298 F. Supp 2d 81, 90 (D.D.C. 2004) (holding that mere awareness that a third party may derive a benefit from performance is insufficient to elevate the third party to status of intended beneficiary));  R.A. Weaver and Assocs., Inc. v. Haas and Haynie, Corp., 663 F.2d 168, 175 (D.C. Cir. 1980); Sealift Bulkers, Inc. v. Republic of Armenia, No. 95-CV-1293, 1996 WL 901091, at *4 (D.D.C. Nov. 22, 1996) (holding that contract must have expressed an intent directly and specifically to benefit a third party)).  See Safer v. Perper, 569 F.2d 87, 92 (D.C. Cir. 1977); Frederick v. TPG Hospitality, Inc., 56 F. Supp. 2d 76, 80 (D.D.C. 1999); Western Union Tel. Co. v. Massman Constr. Co., 402 A.2d 1275 (D.C. 1979).  Cf. Woodfield v. Providence Hosp., 779 A.2d 933, 937 ( D.C. 2001) (holding that third party beneficiary status existed when the release specifically named beneficiaries  and when they directly benefitted from performance).

      Using this demanding standard, I cannot possibly find that there was a specific intent to make the defendants in this *qui tam* action the beneficiaries of the agreements between the United States and the companies who arrived at civil settlements or plead guilty.  There is,

therefore, no legal basis for my ordering the United States to pay for employees of those companies to come to the United States (or anywhere else) to be deposed or interviewed.

Finally, I have now decided to resolve to specify the number of depositions that I will permit the parties to take. Given the complexity of the case, and the inexorable deadlines Judge Lamberth has set for the rest of the proceedings, I have decided to permit each side 40 depositions. The government claims that the defendants have indicated that there are 28 present or former employees of AID that the defendants demand it produce. Like any other litigant, the defendants will have to conserve their resources and use the 40 depositions efficiently. It may well be that discovery will lessen, if not eliminate the need, to take the depositions of the persons on the defendants' list, particularly if these persons can be informally interviewed or interviewed by use of video conferencing or by other means to record what information they have. Unless and until that is done, defendants, in my view, have not made the case for the extraordinarily broad obligation they would place on the government and I will not permit it.

An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: