UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RICHARD F. MILLER,**

    **Plaintiff,**

    **v.**                                                        **CA NO. 95-1231 (WBB/JMF)**

**PHILLIP HOLZMANN, et al.,**

    **Defendants.**

## MEMORANDUM ORDER

This matter is before me for full case management. Currently pending is the <u>Joint Motion of the United States and Relator for a Protective Order</u> [#338]. For the reasons stated below, plaintiffs' motion will be denied.

Plaintiffs, the United States of America and Relator Richard F. Miller, seek a protective order to shield them from having to disclose which documents, out of the 72 boxes of documents produced by defendant Harbert International, Inc. ("HII") in Birmingham, Alabama on August 9 and 10, 2006, plaintiffs selected for scanning. Of the 150,000 documents produced by HII in response to plaintiffs' request for production of documents, plaintiffs scanned approximately 20,000 documents. In a nutshell, plaintiffs claim that, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, the communication to defendants of which documents it scanned is protected opinion work product. In the alternative, plaintiffs claim that their selection and review of the documents is protected fact work product and only discoverable upon a showing of substantial need and undue hardship.

HII argues that plaintiffs' identification of the documents scanned is not protected opinion work product because the documents chosen have only general relevance and because

plaintiffs identified such a large number of documents, a fact from which no legal strategy may be discerned. HII also argues that it has a substantial need for the information and that it would suffer an undue hardship if the Court were to grant plaintiffs' motion.

I.      Plaintiffs' Disclosure of the Scanned Documents, While Not Opinion Work Product, Is Fact Work Product

The seminal case on this issue is the Third Circuit's opinion in Sporck v. Peil, 759 F.2d 312 (3rd Cir. 1985). In that case, the court held that an attorney's selection of certain documents, out of thousands of documents produced, for the purpose of preparing a client's deposition, was protected work product: "Because identification of the documents as a group will reveal defense counsel's selection process, and thus his mental impressions, petitioner argues that identification of the documents as a group must be prevented to protect defense counsel's work product. We agree." Id. at 315. In support of its position, the court cited the case of James Julian, Inc. v. Raytheon Co., 93 F.R.D. 138 (D.Del. 1982). In that case, the court noted that "[i]n selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case." Id. at 144. The court also stated that in cases "involving extensive document discovery, the process of selection and distillation is often more critical than pure legal research." Id.

In this Circuit, the holding of Sporck, while recognized, has been limited. In Washington Bancorporation v. Said, 145 F.R.D. 274 (D.D.C. 1992), this Court held that a document index prepared by one party and sought by that party's opponent, was not opinion work product. Using a two-pronged analysis, the Court determined first that the index was attorney work product because it had been prepared by an attorney in anticipation of litigation. The Court then sought

to determine whether the work product contained opinions or was fact-based. The Court concluded that an index, such as the one at issue in that case, was a hybrid of the two in that it was "factual in basis but opinionative in structure" because although it organized information, it did so in a way that might reveal the attorney's opinions about the case. Id. at 276. Ultimately, however, the Court characterized the index as fact-based work product because of the volume of documents that were catalogued. Distinguishing its analysis from that in Sporck, which involved the compilation of only a few documents, the Court noted that the extreme number of documents at issue in the case before it made it virtually impossible to imagine that the party seeking the index would be able to glean any litigation strategy from production of the index itself. Id. at 277.

In a recent opinion, I stated the following of opinion work product:

> As the Supreme Court has stated, "it is essential [to our adversarial system] that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Hickman v. Taylor, 329 U.S. 495, 510-11 (1947). If a lawyer's work product were "open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own." Id. at 511.
>
> In light of these important interests, Rule 26(b)(3) of the Federal Rules of Civil Procedure provides that materials prepared in anticipation of litigation or for trial by an attorney or a party are protected from disclosure and they may be subject to discovery only upon a showing of substantial need and the inability to obtain the substantial equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3). The court must take particular care to protect the "mental impressions, conclusions, opinions, or legal theories of an attorney." Id. See also Tax Analysts v. Internal Revenue Serv., 117 F.3d 607, 619 (D.C. Cir. 1997). Attorney mental impressions, conclusions, opinions, and legal theories may be reflected in interviews, statements, memoranda, correspondence and in countless other tangible and intangible ways. Hickman, 329 U.S. at 511. These materials, known as opinion work product, "are

> entitled to special protection and require a stronger showing of necessity to justify release . . . although the precise contours of this showing have not been resolved." Byers v. Burleson, 100 F.R.D. 436, 439 (D.D.C. 1983) (citing Fed. R. Civ. P. 26(b)(3) and Upjohn Co. v. United States, 449 U.S. 383, 400-01 (1981)). See also In re Sealed Case, 856 F.2d 268, 273 (D.C. Cir. 1988).

Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper, 236 F.R.D 16, 19 (D.D.C. 2006).

In the case before me, I cannot conclude that plaintiffs' identification of the documents it scanned would disclose plaintiffs' attorneys' mental impressions, conclusions, opinions, and legal theories such that a protective order is warranted. I also find it significant that, as in Washington Bancorporation, the number of documents that were scanned, approximately 20,000, is so large that it would be difficult to conceive of HII gleaning plaintiffs' trial strategy solely by virtue of plaintiffs' disclosing the identity of the documents. Finally, as stated so aptly by the court in In re Shell Oil Refinery, 125 F.R.D. 132 (E.D.LA 1989), it is hard to imagine how plaintiffs would be prejudiced when the selection at issue is no more or less revealing than any other means of discovery:

> Under the circumstances of this case, the selection process is ordinary work product, not opinion work product. The Court views the production and selection of documents in this case as similar to other types of discovery which inevitably reveal certain aspects of an attorney's thought processes, i.e., interrogatories, requests for admissions, and preparation of witness lists and a pre-trial order. As such, there is no justifiable expectation that the mental impressions revealed will remain private. The fact that [plaintiffs] selected certain documents will ultimately be revealed either in depositions, interrogatories, or exhibit lists.

Id. at 133. I therefore find that disclosure of the documents at issue is, at most, fact work product. The next issue, therefore, is whether HII has made an adequate showing of substantial need and undue hardship under the balancing of interests analysis required by Rule 26(b)(3). I

find that they have.

II.      <u>HII has Made an Adequate Showing of Substantial Need and Undue Hardship</u>

First, that HII has a substantial need for this information is undisputed. As HII notes, this is an extremely complex case with many parties. It is also a case which has been in litigation for over 10 years and is now procedurally in the midst of an expedited discovery schedule which involves numerous depositions and the review of thousands of documents. For these reasons, the denial of plaintiffs' motion for a protective order would certainly accelerate, in a permissible fashion, the progress of the litigation.

Second, it is clear that, although the documents at issue were produced by HII, there is no alternative means for HII to obtain the information is seeks.

Plaintiffs' motion is therefore, hereby,

**DENIED**.

**SO ORDERED**.

                                                _____
                                                JOHN M. FACCIOLA
                                                UNITED STATES MAGISTRATE JUDGE

Dated: