**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Ex rel. RICHARD F. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>PHILIPP HOLZMANN A.G.,<br>BILL HARBERT INTERNATIONAL<br>CONSTRUCTION, INC., BILHAR<br>INTERNATIONAL ESTABLISHMENT f/k/a<br>HARBERT INTERNATIONAL<br>ESTABLISHMENT,<br>HARBERT CORPORATION,<br>HARBERT INTERNATIONAL, INC.,<br>HARBERT CONSTRUCTION<br>SERVICES (U.K.), LTD.,<br>J.A. JONES CONSTRUCTION COMPANY,<br>AMERICAN INTERNATIONAL<br>CONTRACTORS, INC.,<br>GEORGE A. FULLER COMPANY,<br>SABBIA A.G.,<br>ABB ASEA BROWN BOVERI, LTD.,<br>ABB SUSA, INC. f/k/a SADELMI U.S.A., INC.,<br>BILL L. HARBERT, and<br>E. ROY ANDERSON,<br><br>Defendants. | Case No. 1:95CV01231 (RCL/JMF) |

**RELATOR RICHARD F. MILLER'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT BILHAR INTERNATIONAL ESTABLISHMENT F/K/A HARBERT INTERNATIONAL ESTABLISHMENT AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Federal Rules of Civil Procedure 33(b)(5), 34(b), 36(a), and 37(a), and Local Civil Rule 30.4, Relator Richard F. Miller seeks an order compelling Defendant Bilhar International Establishment f/k/a Harbert International Establishment ("Bilhar") to respond to

Relator's First Set of Interrogatories and to portions of Relator's Requests for Admission ("RFAs").

Getting responses is particularly important because Bilhar played a central role in the bid-rigging conspiracy that is the subject of this case, counsel for Bilhar has failed to provide a 30(b)(6) deponent for that company, and counsel for two of the individuals most likely to be able to shed light on Bilhar's activities have informed counsel for Relator that those individuals suffer from dementia that renders them unable to testify. Bilhar administered many aspects of two of the three construction projects that are at issue in this case, and Bilhar pleaded guilty in the criminal antitrust case based on those same projects. *See* Ex. A (Bilhar guilty plea). Yet, despite months of discussions and a deposition notice served on September 15, 2006, counsel for Bilhar has failed to identify a 30(b)(6) deponent for that company. Bilhar is represented by the same counsel who represent Defendant Bill L. Harbert, who was Bilhar's chairman and CEO. They have informed Relator's counsel that Bill Harbert's recently discovered dementia renders him unavailable to testify or to give substantive answers to written discovery requests.[1] Counsel for Defendant E. Roy Anderson, who served as Bilhar's president, has also informed Relator's counsel that he suffers from dementia that renders him unable to testify. Anderson failed to respond to any of Relator's First Set of Interrogatories and refused to respond to many of Relator's First Set of Requests for Admission based on his "lack of mental capacity."[2]

On April 24, 2006, pursuant to this Court's April 10, 2006 Scheduling Order, Relator served Bilhar with 15 interrogatories, 84 RFAs, and 46 RFPs, all accompanied by

---

[1] Relator has recently filed a motion to compel responses from Bill L. Harbert. *See* Dkt. 356.

[2] Anderson's responses to Relator's First Set of Interrogatories and First Requests for Admission are attached as Exhibits B and C.

straightforward instructions. Bilhar responded on June 22, 2006, to all discovery requests, indicating that some of the documents requested would be produced, admitting and denying some of the requests for admissions, objecting to particular requests for production and admissions, and objecting to answering *any* interrogatories on the basis that no individual was available who can verify the interrogatory answers.[3]

On June 23, June 27, and September 11, 2006, counsel for Relator spoke with counsel for Bilhar by telephone. Relator's counsel and Bilhar's counsel exchanged letters on August 31, September 6, and September 11, 2006. Counsel discussed a number of issues related to Bilhar's objections and responses and were able to resolve a number of concerns. However, there were several objections that the parties were unable to resolve, but which Relator believes are not legitimate discovery objections. Relator is entitled to obtain full and good faith answers to these discovery requests. *See* Fed. R. Civ. P. 26 (b)(1) ("[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any . . . documents, or other tangible things…"). Relator addresses the specific discovery requests to which he moves to compel responses below.[4]

---

[3] Bilhar, through counsel, served Relator with its responses to Relator's Interrogatories, Requests for Admission, and Requests for Production of Documents, on June 22, 2006. A copy of Bilhar's Responses to Relator's First Set of Interrogatories is attached as Exhibit D; a copy of Bilhar's Responses to Relator's First Requests for Admission is attached as Exhibit E; and a copy of Bilhar's Responses to Relator's First Requests for Production of Documents is attached as Exhibit F.

[4] As required by Local Civil Rule 7(m), counsel for Relator conferred with counsel for Bilhar to determine whether Bilhar would oppose this motion and to narrow areas of disagreement. Counsel for Bilhar stated that Bilhar would oppose this motion.

## I. Bilhar's General Objection to Responding to Interrogatories Should Not Be Sustained

Relator posed 15 interrogatories to Bilhar, none of which it answered. As required by Local Rule 30.4, Relator quotes in full the interrogatories he served Bilhar on April 24, 2006:

**Interrogatory 1**: Identify each and every individual likely to have discoverable information that you may use to support your defense(s), and the subject matter of that information.

**Interrogatory 2**: Identify all documents, data compilations, and tangible things that are in your possession, custody, or control, and that you may use to support your defense(s).

**Interrogatory 3**: Describe with particularity Bill L. Harbert's knowledge of and role in the Harbert/Jones Joint Venture.

**Interrogatory 4**: Describe with particularity Bill L. Harbert's knowledge of and role in the Frankfurt Club.

**Interrogatory 5**: For each Harbert Corporate Entity, identify every officer and director from 1988 through 1995, including each individual's title and the dates during which he or she held that position.

**Interrogatory 6**: For each Harbert Corporate Entity, identify Bill L. Harbert's ownership percentage from 1988 to 1995.

**Interrogatory 7**: For each Harbert Corporate Entity, identify John Harbert's ownership percentage from 1988 to 1995.

**Interrogatory 8**: For each Harbert Corporate Entity, identify all positions held by E. Roy Anderson from 1988 through 1995, and the dates for which he held those positions.

**Interrogatory 9**: Identify all corporations, partnerships, or other business entities that participated in the Bid-Rigging Conspiracy.

**Interrogatory 10**: Identify all individuals who participated in the activities of the Bid-Rigging Conspiracy, including but not limited to the making of, receiving of, or authorization of payments, and the attendance at meetings.

**Interrogatory 11**: Describe with particularity all meetings, activities, or events of the Bid-Rigging Conspiracy, including but not limited to providing the dates of, locations of, attendees of, and topics discussed at all such meetings, activities, or events.

**Interrogatory 12**: For any request for admission served on you by Relator Miller that you deny in whole or in part, describe with particularity the basis for your denial.

**Interrogatory 13**: Identify any and all witnesses who will submit a declaration or affidavit in support of a motion, or who will testify at trial on your behalf, including without limitation all expert witnesses, and the substance of their declarations, affidavits or testimony. If it becomes

necessary to supplement this interrogatory, you must do so for all potential fact witnesses sufficiently in advance of October 24, 2006 so that Relator may depose them.

**Interrogatory 14**: Assuming your liability under Counts One and Two of the Relator's Fourth Amended Complaint for False Claims Act Violations and Demand for Jury Trial, describe with particularity your estimate of Plaintiffs' damages in the Civil Case and the process by which you arrived at it.

**Interrogatory 15**: Do you contend that you are not liable for Counts 1 or 2 of Relator Richard F. Miller's Fourth Amended Complaint in the Civil Case? If so, explain your basis for denying liability.

Bilhar refused to answer these interrogatories based on its General Objection number 3, which states that "Bilhar does not have any employee, agent or representative who is able to provide substantative responses to these Interrogatories or who is able to verify the responses pursuant to the requirements set forth in Federal Rules of Civil Procedure 33(b)(2)."[5] In a conversation with Relator's counsel, Bilhar's counsel stated that the corporation is essentially an empty shell without any current employees or officers. Further, Bilhar's counsel stated that Bill Harbert, Bilhar's Chairman, is the only individual who could verify answers on behalf of Bilhar, and that he is unable to do so due to the onset of some type of dementia. When pressed in the most recent conversation between counsel, Bilhar's counsel acknowledged that she could perhaps serve as Bilhar's agent for purposes of responding to discovery requests, but only with significant caveats.

Although Relator has moved to compel interrogatory responses from Bill Harbert or, in the alternative, for appointment of a guardian who can respond on behalf of Bill Harbert individually, the law is clear that Bilhar must respond to the interrogatories and verify its answers whether or not Bill Harbert is capable of doing so. A corporation can

---

[5] Bilhar interposed a few other mostly definitional objections, which, based on discussions with Bilhar's counsel, Relator's counsel believes can be cured by rewording of particular interrogatories.

be compelled to appoint an agent or representative to answer interrogatory responses, even when a party argues that no officer or employee is able to answer on behalf of the corporation. *See, e.g.*, *United States v. 48 Jars of Tranquilease*, 23 F.R.D. 192, 196 (D.D.C. 1958) (ordering a corporation to select an officer or agent who can answer the interrogatories without incriminating him or herself); *Central States, Se. & Sw. Areas Pension Fund v. Carstensen Freight Lines, Inc.*, 1998 WL 413490, at *4 (N.D. Ill. Jul7 17, 1998) (noting that failure to have an appointed agent respond to interrogatories on behalf of a corporation raises grounds for entry of a default judgment or for striking affirmative defenses or other pleadings). In fact, Rule 33 specifically contemplates that interrogatory responses may be verified by an agent of the corporation who is not an officer. *See* Fed. R. Civ. P. 33(a). The agent is not required to have personal knowledge but must merely be able to compile, through whatever internal process the corporation chooses, all of the information available to the corporation and have a basis for stating on behalf of the corporation that the responses are accurate. *See Shepherd v. ABC, Inc.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995); *City of Chicago v. Reliable Truck Parts Co.*, 1989 WL 32923, at *3 (N.D. Ill. Mar. 31, 1989) (where an appointed agent does not have first-hand personal knowledge, that agent "can instead 'gather and obtain from books, records, other officers or employees, or other sources, the information necessary to answer the interrogatories and sign them on behalf of the corporation not himself'") (citation omitted).

Moreover, a corporation cannot claim ignorance in answering an interrogatory if it can obtain the information required to allow it to answer from sources under the corporation's control; rather, the corporation's answer must take into account all information and knowledge

within the control of the company. *See Essex Builder's Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control."); *Weddington v. Consol. R.R. Corp.*, 101 F.R.D. 71, 74 (N.D. Ind. 1984) ("[T]here is a duty on the part of [a] corporate entity to discover all information available to it through its officers, employees *and others* . . . . [A]nswers to interrogatories addressed to a corporation or other judicial person must speak of the *composite knowledge* of the party.") (first emphasis added); *Brunswick Corp. v. Suzuki Motor Co.*, 96 F.R.D. 684, 686 (E.D. Wis. 1983) ("If the corporation can obtain the information from sources under its control, it may not avoid answering by alleging ignorance."); *Zenith Radio Corp. v. Matsushita Elec. Industrial Co., Ltd.*, 505 F. Supp. 1190, 1257 n.82 (E.D. Pa. 1980), *rev'd on other grounds sub. nom. In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238 (3d Cir. 1983) ("A corporation's answer must speak as of the composite knowledge of the party and include facts and knowledge of its agents and any person under its control. . . . Responses to discovery which revealed only the knowledge of one individual would be useless in corporate litigation, where knowledge held by the corporate entity is sought."); *United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 572 (E.D. Ill. 1975). "To the extent the interrogatories seek information that may be gleaned from documents or other witnesses, [a corporate party] is required to answer." *City of Chicago v. Reliable Truck Parts Co.*, 1992 WL 109049, at *2 (N.D. Ill. May 8, 1992). It is true that a party is not required to provide information that it does not have, but the "burden is on the party objecting to interrogatories to show that the information sought is not readily available to it." 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2174, at 310 (2d ed. 1994).

Arguments similar to Bilhar's here that no officer is able to answer or verify interrogatories propounded on a corporation have most often been made -- and rejected -- in situations where one or more corporate officers have claimed that verifying such answers would violate the constitutional right against compelled self-incrimination. In that context, the Supreme Court has stated:

> To be sure, service of the interrogatories obliged the corporation to "appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation." The corporation could not satisfy its obligation under Rule 33 simply by pointing to an agent about to invoke his constitutional privilege. "It would indeed be incongruous to permit a corporation to select an individual to verify the corporation's answers, who because he fears self-incrimination may thus secure for the corporation the benefits of a privilege it does not have." Such a result would effectively permit the corporation to assert on its own behalf the personal privilege of its individual agents.

*United States v. Kordel*, 397 U.S. 1, 8 (1970) (quoting *United States v. 3963 Bottles . . . of 'Enerjol Double Strength,'* 265 F.2d 332, 336 (7th Cir. 1959)). In that case, because no individual had actually invoked the right against self-incrimination, the Supreme Court did not have to deal with the "troublesome question" where no one can answer interrogatories without risking self-incrimination. *Id.* at 8-9.

Since that decision, however, numerous other courts have noted the unlikelihood that such a situation would occur, given that the agent responding to the interrogatory need not have personal knowledge, need not be an officer, and can even be the corporation's attorney. *See, e.g.*, *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210 & n.1 (8th Cir. 1973) (noting that only in extreme cases should a protective order be issued to relieve a corporation of its obligation and noting Wright & Miller's conclusion that such a case "is unlikely ever to arise since Rule 33(a) allows any agent of the corporation, even its attorney, to answer interrogatories on behalf of a corporation"). In a case where the defendants contended just such an extreme

situation existed such that no single agent could answer the complaint or provide discovery without fear of self-incrimination, the court found:

> As a factual matter, however, we cannot agree that an appropriate agent cannot be found. Notwithstanding [the company's] closely-held structure, it employs approximately thirty individuals in addition to those named in the complaint. Any one of these employees could serve as the corporation's representative. . . . Were even this rather facile option somehow foreclosed, the corporation's attorney can serve as an agent. . . . The point is that a corporation has relationships with innumerable individuals who would be appropriate agents for pleading and discovery purposes.

*Reliable Truck Parts*, 1989 WL 32923, at *3.

In another case where one individual was the sole shareholder, sole employee, and sole officer of one corporation that was part of a collection of closely held companies all controlled by that same person, the court noted that the rules did not require that the verifying agent have personal knowledge and suggested some other individuals who would be appropriate agents, including the controlled company group's in-house counsel, two individuals who were pledged some stock in the companies, and the corporation's attorney. *Central States Pension Fund*, 1998 WL 413490, at * 4. Numerous other cases agree that it is entirely appropriate for counsel to verify a corporation's interrogatory responses. *See Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 221 (D.D.C. 2001) (noting that the language of Rule 33 "has been uniformly construed to authorize 'answers by an attorney' for the party"); *Pontillo v. Federated Dep't Stores, Inc.*, 1993 WL 385727, at *3 (S.D.N.Y. Sept. 29, 1993) ("The Rule 33 obligation of a corporation is to obtain the signature of an 'officer or agent,' and those courts that have addressed the issue have viewed counsel as an agent for such purposes if the corporation so appoints him."); *Jones v. Goldstein*, 41 F.R.D. 271, 274 (D. Md. 1966) ("The answers to the interrogatories addressed to the corporate defendant herein were properly signed by its

attorneys."). In short, to protect both the personal privilege and meet its obligation to produce the required information, a corporation must appoint an agent, "using even its attorney, for instance, whose duty it would then be to 'furnish such information as is available to the party' -- the sum total of the corporate information." *Apache Corp. v. McKeen*, 529 F. Supp. 459, 463 (W.D.N.Y. 1982) (citation omitted).

Bilhar's claim that there is no one who the company can designate as an agent for the purpose of verifying interrogatory responses is implausible. Even if the company has no current employees or officers, it certainly must have some mechanism for making corporate decisions insofar as it continues to retain and, presumably, compensate counsel for defending it in this action. It was able to respond to many of Relator's RFAs. Bilhar has former employees who could verify Bilhar's responses. And Bilhar's counsel, who has been involved in this case for years and has extensive knowledge regarding Bilhar's activities relevant to this matter, could verify responses.[6] As such, the company should have little difficulty designating someone to provide the required verification.[7]

---

[6] Any argument that Bilhar's counsel cannot act as a representative for that corporation due to her representation of Bill L. Harbert and of two other corporate defendants, BHIC and Harbert Construction Services (UK), Ltd., would be unpersuasive. In rejecting the argument that it would be "absurd" for a corporate attorney to have to produce documents because the information necessary to do so may have been provided by the individual defendants where the same counsel represented both the company and some of its employees, another court stated "[s]uffice it to say that the choice of counsel shouldn't be a weapon to frustrate the pleading or discovery processes." *Reliable Truck Parts*, 1989 WL 32923, at *4.

[7] In the unlikely event that Bilhar truly has no agent who can verify its interrogatory responses, it should seek a protective order from the Court, setting out the reasons it is unable to appoint anyone as an agent, thus allowing the court to decide the validity of that claim. *See Kordel*, 397 U.S. at 9; *United States v. Mickman*, 1992 WL 74173, at *4 (E.D. Pa. Mar. 27, 1992); *Central States Pension Fund*, 1998 WL 413490, at * 4; *General Dynamics Corp.*, 481 F.2d at 1210.

## II. Bilhar Should Be Compelled to Answer Particular RFAs to Which It Objects

Bilhar objects to several RFAs on the grounds that a particular referenced document "speaks for itself," that the referenced document is a matter of public record, or that the request calls for a legal conclusion. These objections should not be sustained. The first two objections are not valid reasons for failing to answer relevant RFAs. The third objection is not well taken because none of the RFAs to which Bilhar has lodged an objection involves requests for pure legal conclusions but, at most, application of law to specific facts at issue in the case, a type of RFA specifically contemplated by Rule 36.

### A. Legal Argument Regarding Bilhar's RFA Objections

The primary purpose of requests for admission is to narrow the issues to be tried. *See, e.g., Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp 2d 71, 74 (D.D.C. 2003) (Facciola, J.). The Federal Rules of Civil Procedure provide five options for answering an RFA: (1) an objection that the admission requested goes beyond the scope of discoverable evidence permitted by Rule 26, (2) an admission, (3) a denial, (4) a detailed explanation as to why the requested admission cannot be admitted or denied, or (5) a qualified answer that admits portions of the request that can be admitted and denies or explains the inability to admit the remainder. *See* Fed R. Civ. P. 36(a); *Nat'l Semiconductor Corp.*, 265 F. Supp. 2d. at 73. If a party does not provide one of these permitted responses, the court may order the party to do so. *Id.* at 74.

Bilhar has objected to several requests, stating that neither an admission nor a denial is required because a referenced document "speaks for itself." Such an objection, however, is "simply inappropriate." *Audiotext Commc'ns Network v. U.S. Telecom, Inc.*, 1995 WL 625744, at *7 (D. Kan. Oct. 5, 1995). "Requests for admissions are different from interrogatories. A party is not free to simply refer to other material, but must admit, deny, deny in part and admit in

part, or state that it is unable to admit or deny the statement." *Rhone-Roulenc Rorer Inc. v. Home Indemnity Co.*, 1992 WL 394425, at *10, n.6 (E.D. Pa. Dec. 28, 1992); *see also Koprowski v. Straight Arrow Publishers, Inc.*, explanation of why this objection is not permissible, one court has explained:

> [A]s a statement of a document's text is a matter of fact, a request calling upon a party to admit or deny that such quoted material is the actual text of an identified document, relevant to the case, may not be ignored on the ground that the request seeks an interpretation of the text or that the document in question "speaks for itself." Documents do not speak, rather, they represent factual information from which legal consequences may follow. The existence of a referenced document and whether it contains a particular provision may well present factual issues of importance to the case. Thus, just as a Rule 36 request may seek to remove the issue of a document's "genuineness" or authenticity, whether a particular document contains textual material as described in the request equally seeks to eliminate an unnecessary issue of fact for trial. It is therefore permissible to request that a party admit or deny a Rule 36 request as to the accuracy of quoted textual material from a particular document relevant to the case.

*Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000).

The related objection that a document is public and that the matter requested to be admitted is therefore a matter of public record also should not be sustained. An "objection . . . that the documents involved are public and 'speak for themselves' is not well taken. The documents may well be said to 'speak for themselves,' but they do not speak for plaintiff, which undoubtedly is the whole -- and the legitimate -- purpose of these questions." *Kistler Instrumente, A.G. v. PCB Piezotronics, Inc.*, 1983 WL 1838, at *4 (W.D.N.Y. May 6, 1983) (noting that these objections are of the sort that "cannot be excused and must be presumed to have been made evasively."); *see also Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 45 (D. Conn. 2004) (objections that requested admissions can be derived from public records or that the request is an attempt to have the other party do "homework" for the requesting party "misses the point of requests for admission, which is to narrow the scope of

contested issues at trial"); *cf. Rogers v. Tri-State Materials, Corp.*, 51 F.R.D. 234, 245 (N.D.W.Va. 1970) (quoting a leading treatise writers' conclusion that "[t]he fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable"); *Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 147 (S.D.N.Y. 1969) ("[I]nterrogatories are not objectionable merely because they seek information which is a matter of public record.").

Bilhar's objections that some of Relator's requested admissions call for legal conclusions are equally unavailing. While it is true that requests for admission that call for purely legal conclusions are objectionable, *see, e.g.*, *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Authority*, 234 F.R.D. 1, 3 (D.D.C. 2006), RFAs that seek the application of law to fact have been permitted since Rule 36 was amended in 1970. *See* Fed. R. Civ. P. 36 Advisory Committee's Note ("[A] request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or *the application of law to fact*. . . . This change resolves conflicts in the court decisions as to whether a request to admit matters of 'opinion' and matters involving 'mixed law and fact' is proper under the rule.") (emphasis added); *Sigmund v. Starwood Urban Retail VI, LLC*, 2006 WL 1545533, at *3 (D.D.C. June 6, 2006); *OAO Alfa Bank v. Center for Public Integrity*, 2006 WL 1313309, at *2 (D.D.C. May 12, 2006); *Thompson v. Epps*, 1990 WL 134829, at *4 (D.D.C. Sept. 7, 1990) (Lamberth, J.) (agreeing with plaintiff's contention that "requests for admission may relate not only to facts, but also to opinions of fact or the application of law to fact"). Therefore, requests that "require no more than the application of law to the facts of the case" are not objectionable. *Audiotext*, 1995 WL 625744, at *6; *see also Ransom v. United States*, 8 Cl. Ct. 646, 648 (1985) ("[R]equests seeking admission of the truth of statements applying law to the facts of the case are

specifically sanctioned."). For example, "a request for admission as to the meaning of a document or government regulation is simply a request for defendant's admission of having understood the rule, during the period at issue, in a manner concurring with the meaning set forth by plaintiff. This may be simply admitted or denied by defendant; if denied, the response need not, but may, include defendant's alternative interpretation." *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 617 (S.D.N.Y 1990). In the context of contracts, questions of contractual meaning and intent are questions of fact at trial, and therefore, "a request directed to another party seeking an admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement of fact, and is authorized by Rule 36." *Booth Oil*, 194 F.R.D. at 80. This is true even if the meaning of the contractual provision is the ultimate issue to be decided since, "if both sides agree as to the meaning and intent of particular contractual provisions, there will be no issue as to their meaning on summary judgment or at trial and the purpose of Rule 36 will have been served." *Id.* at 81.

Bilhar's objections to these RFAs are illegitimate and appear to be efforts to defeat the essential purpose of RFAs through Bilhar's refusal to respond to narrow issues for trial. As one nearby judge has noted:

> The party to whom requests for admission are propounded act at his own peril when answering or objecting. Gamesmanship in the form of non-responsive answers, vague promises of a future response, or quibbling objections can result in the request being deemed admitted . . . *without* prior opportunity to correct the deficiency. . . . Requests for admission are not games of "Battleship" in which the propounding party must guess the precise language coordinates that the responding party deems answerable.

*House v. Giant of Maryland, LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005). Bilhar should be compelled to answer.

### B. RFAs 1, 2, 7, 8, 10, and 12

Relator requested several admissions concerning Bilhar's plea of guilty in the criminal case, to which Bilhar objected and did not answer. These requests and responses are set out below:

> **RFA 1**: Admit that on July 25, 2001, the Grand Jury sitting in the United States District Court for the Northern District of Alabama issued an Indictment against you, Bill Harbert International Construction, Inc., and E. Roy Anderson in the Criminal Case.
>
> Response: In addition to its General Objections, Billhar objects to this Request to the extent that it is premised on an indictment that contains nothing more than allegations and that [it] is not relevant to the present action. Subject to and without waiving its objections, Bilhar responds that the information sought in Request No. 1 is a matter of public record, and need not be either admitted or denied.
>
> **RFA 2**: Admit that Count One of the Indictment charged you, at least in part, with "engag[ing] in a combination and conspiracy to suppress and eliminate competition on construction contracts funded by the United States, through the United States Agency for International Development ("USAID") and the United States Army Corps of Engineers ("USCOE"), in the Arab Republic of Egypt in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1."
>
> Response: In addition to its General Objection, Bilhar objects to this Request on the grounds that the document in question speaks for itself and need not be either admitted or denied.
>
> **RFA 7**: Admit that the Joint Rule 11 Memorandum sets forth the factual basis underlying your plea of guilty to Count One of the Indictment.
>
> Response: In addition to its General Objections, Bilhar objects to this request on the grounds that the Joint Rule 11 Memorandum referenced is a matter of public record and a document that speaks for itself and need not be either admitted or denied.
>
> **RFA 8**: Admit that the section entitled "Factual Basis" in the Joint Rule 11 Memorandum states, in part, that "[f]or the purpose of forming and carrying out this combination and conspiracy, Bilhar and its co-conspirators . . . participat[ed] in meetings and conversations to discuss rigging the bids on Contract 20A , 29, and 07 . . . submit[ed] bids on USAID-funded Contracts 20A, 29, and 07 pursuant to the terms of the bid-rigging conspiracy . . . ma[de] payments to co-conspirators who agreed to not compete for USAID-funded Contracts 20A and 07 purusant to the bid-rigging conspiracy . . . and submit[ed] payment requests, and receiv[ed] progress payments from the United States Treasury."
>
> Response: In addition to its General Objections, Bilhar objects to this request on the grounds that the Joint Rule 11 Memorandum referenced is a matter of public record and a document that speaks for itself and need not be either admitted or denied.
>
> **RFA 10**: Admit that you affirmed the facts set forth in the section entitled "Factual Basis" in the Joint Rule 11 Memorandum.

Response: In addition to its General Objections, Bilhar objects to this request on the grounds that the Joint Rule 11 Memorandum referenced is a matter of public record and a document that speaks for itself and need not be either admitted or denied. Bilhar further objects to this request to the extent that it call[s] for a legal conclusion.

**RFA 12**: Admit that the Civil Case involves the same three transactions -- Contracts 20A, 29, and 07 -- identified in the Indictment, Plea Agreement, and Joint Rule 11 Memorandum in the Criminal Case.

Response: In addition to its General Objection, Bilhar objects to this Request on the grounds that the documents in question speak for themselves and need not be either admitted or denied.

The False Claims Act contains a collateral estoppel provision that could prevent Bilhar from relitigating its liability based on its criminal plea. 31 U.S.C. § 3731(d); *see also United States v. Uzzell*, 648 F. Supp. 1362, 1363-64 (D.D.C. 1986) ("A criminal conviction is conclusive proof and operates as an estoppel on defendants as to the facts supporting the conviction in a subsequent civil action."). These RFAs simply request admissions as to facts necessary to demonstrate that Bilhar did plead guilty to criminal charges such that it is collaterally estopped it from denying liability in this action. If Bilhar admits the necessary facts, this issue can be eliminated from trial; if they deny the admissions, the RFAs would also have served their purpose by putting Relator on notice as to what additional proof he needs to offer regarding this issue. Bilhar's objections that these documents speak for themselves or are matters of public record should be overruled, and Bilhar should be directed to admit or deny these requests. As to RFA 10, Bilhar's objection that it seeks a legal conclusion should similarly be denied; Relator's request regarding that Bilhar admit the factual basis of the Rule 11 Memorandum requests an admission of fact or, at the most, the application of law to facts, specifically, whether Bilhar understood its signing of the Rule 11 Memorandum and subsequent guilty plea pursuant to that document to be an adoption of the factual basis contained therein.

### C. RFA 16

> **RFA 16**: Admit that on April 16, 1989, Harbert International, Inc.'s 60 percent interest in Harbert/Jones was assigned to Harbert International Establishment, now known as Bilhar International Establishment.
>
> Response: In addition to its General Objections, Bilhar objects to this Request on the grounds that it calls for a legal conclusion.

This request does not seek a legal conclusion but, rather, requests an admission of fact or perhaps the application of law to facts. Bilhar is certainly aware that a document purporting to assign Harbert International, Inc.'s 60 percent interest in the Harbert/Jones joint venture for Contract 20A to it exists. This RFA merely asks Bilhar to admit that fact or, alternatively, deny that this document actually resulted in an effective assignment of the contract. Either way, the RFA merely asks Bilhar to admit or deny that the contract was assigned based on its understanding of what that assignment document accomplished. This request for an application of fact to law is permissible, and Bilhar should be compelled to answer the RFA.

### D. RFAs 45, 47, and 48

These requests seek admissions regarding agreements related to the sale of Harbert International, Inc.'s interest in Bilhar, then called Harbert International Establishment, to Bill Harbert.

> **RFA 45**: Admit that pursuant to the terms of the Participation Purchase Agreement, referenced in Request No. 42, Harbert International, Inc. remained financially liable for unfinished projects, which included Contracts 20A, 07, and 27, until the completion of those projects.

> **RFA 47**: Admit that pursuant to the terms of the Letter Agreement regarding Continuance of Existing Contracts executed on December 9, 1991, Harbert International, Inc. and Harbert International Establishment formed a joint venture for the purpose of completing all unfinished projects, which included Contracts 20A, 07, and 27.

> **RFA 48**: Admit that pursuant to the terms of the Letter Agreement regarding Continuance of Existing Contracts executed on December 9, 1991, Harbert International, Inc. and Harbert International Establishment created a joint venture executive committee called the "HIE/HII Ventures Executive Committee" that was authorized to direct and manage the joint efforts of the two companies on the completion of all unfinished projects, which included Contracts 20A, 07, and 27.

Bilhar objected to each of these RFAs on the grounds that "the document at issue speaks for itself" and "to the extent that it calls for a legal conclusion." As noted above, the first objection is not a legitimate ground for refusing to answer. As to the second objection, these RFAs do not request pure legal conclusions. They simply request admissions as to the meaning of certain contractual provisions, which are matters of fact or perhaps of, again, the application of law to fact. Bilhar should be directed to answer.

## III. Request for Attorney's Fees

Relator hereby requests that, if the motion is granted, Bilhar be required to pay to Relator the reasonable expenses incurred in making this motion, including attorney's fees.

## Conclusion

For the foregoing reasons Relator Richard F. Miller respectfully requests that this Court grant Relator's Motion to Compel Discovery Responses.

Respectfully submitted,

/s/ Jennifer M. O'Connor
Robert B. Bell
D.C. Bar No. 338368
Howard M. Shapiro
D.C. Bar No. 454274
Jennifer M. O'Connor
D.C. Bar No. 460352
WILMER CUTLER PICKERING
HALE and DORR LLP

1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6533

Attorneys for Relator Richard F. Miller

Dated: October 18, 2006

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of October, 2006, a copy of the foregoing Relator Richard F. Miller's First Motion to Compel Discovery was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords. The foregoing was also served on counsel lacking a CM/ECF password via the methods indicated below.

/s/ Michael Gottlieb

Michael Gottlieb

***Via First Class Mail:***

Jay R. Bender, Esq.
Bradley Arant
One Federal Place
1819 Fifth Ave North
Birmingham, A.L. 35203-2104

*Counsel for Defendant J.A. Jones Construction Company*