**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. Richard F. Miller, | ) | |
| Plaintiff, | ) | Case No. 1:95CV01231-RCL-JMF |
| PHILIPP HOLZMANN A.G., et al. | ) | |
| Defendants. | ) | |

**DEFENDANT BILHAR INTERNATIONAL ESTABLISHMENT'S RESPONSE IN OPPOSITION TO RELATOR'S MOTION TO COMPEL**

With this most recent motion to compel, relator Richard F. Miller seeks yet again to frustrate the completion of discovery in this case.[1] For the reasons set forth below, relator's "Motion to Compel Discovery Responses From Defendant Bilhar International Establishment F/K/A/ Harbert International Establishment" ("Motion to Compel") should be denied and the costs incurred by Bilhar International Establishment ("Bilhar") in responding to this Motion should be assessed against the relator pursuant to Fed. R. Civ. P. 37.

## INTRODUCTION

Relator seeks to have the Court compel Bilhar to provide verified responses to fifteen interrogatories, despite being aware that Bilhar is unable to produce an individual capable of verifying responses in accordance with Federal Rule 33. Relator's proposal – that Bilhar's attorney be forced to step in and provide verified responses to the interrogatories – would necessarily entail disclosure of protected mental impressions and privileged attorney-client

[1] Relator has previously filed a motion to compel against Defendant Bill L. Harbert, raising many of the same issues and adding another unnecessary layer of redundancy. *See* Dkt. 356. Counsel for Bill L. Harbert have addressed these issues in their Memorandum in Opposition to Relator's Motion to Compel [Dkt. 371] and their Motion for Protective Order [Dkt. 372], filed October 12, 2006.

communications. Accordingly, for the reasons set forth in Defendant Bill Harbert's Response In Opposition To Relator's Motion To Compel [Dkt. 371], which is incorporated in full, and the points outlined below, the present motion to compel verified responses from Bilhar's counsel should be denied.

Relator also challenges Bilhar's objections to certain Requests for Admissions. Most of the objectionable Requests simply quote portions of documents whose existence is not in dispute and then ask Bilhar whether the document in fact contains the quoted passage. Relator cites a variety of unpublished and inapposite opinions from foreign jurisdictions in order to challenge the notion that a document "speaks for itself." For the remaining Requests, relator devotes several pages of his memorandum in an attempt to justify Requests that seek legal conclusions from Bilhar under the guise of "applying law to fact." Relator's motion to compel further responses to requested admissions should likewise be denied.

## ARGUMENT

### I. Bilhar's Counsel Should Not Be Compelled To Provide Verified Responses To Relator's Interrogatories.

As noted above and more thoroughly explained in Defendant Bill L. Harbert's Response In Opposition To Relator's Motion To Compel [Dkt. 371], there simply is no one capable of providing verified responses to relator's Interrogatories to Bilhar. Under Federal Rule 33, the party to whom an Interrogatory is directed must respond with "such information as is available to the party." Fed. R. Civ. P. 33(a). As relator is aware and has been aware during the entire meet and confer period, Bilhar, while still in existence, is not a functioning entity. It has no current employees, and is not actively engaged in any business. The sole individual still associated with Bilhar who once had sufficient knowledge to provide and verify the interrogatory responses in question on behalf of Bilhar is Bill L. Harbert. However, as relator has been aware for months,

Bill Harbert is not capable of verifying interrogatory responses on his own behalf or on behalf of any corporate entity. (*See* discussion of Bill Harbert's mental capacity in Docket No. 371, attaching documentation of Mr. Harbert's dementia).

Relator tacitly acknowledges this by suggesting that Bilhar's attorney should be required to verify interrogatory responses. Such a step would not only jeopardize the attorney-client privilege by requiring the disclosure of protected mental impressions, but it would also contravene the inherent limits of discovery. Rule 33 does not require that a party investigate, compile and analyze information not "available to the party." Yet, compelling Bilhar's counsel to provide verified responses would impose just such a burden. While responses might be constructed by Bilhar's attorney, verifying these responses according to the mandate of Rule 33 is impossible.[2]

Relator points to a number of cases, most of which are unpublished opinions from foreign jurisdictions, which stand for the notion that Bilhar's counsel might be able to verify interrogatory responses.[3] In those cases, it was assumed that the corporation, through its officers, directors or employees, possessed knowledge sufficient to support such a response. That is, the question of what information was "available to the party" was never raised. The great weight of authority relied upon by relator concerns corporate officials who feared self-incrimination. Such a concern does not present itself in Bilhar's case, and insofar as relator's argument rests on such authority, it should be accorded little weight, if any.

---

[2] It should be noted that Bilhar's counsel has already demonstrated its willingness to provide unverified responses, only to have such responses rejected by relator's previously filed Motion to Compel [*See* Dkt. 356]. Accordingly, Bilhar's inability to provide verified responses in this instance justifies its objection to relator's interrogatories.

[3] It bears mentioning that even the text of Federal Rule 33 clearly delineates the roles of the responding party and attorney advising the responding party: "The answers are to be signed by the person making them, and the objections signed by the attorney making them." Fed. R. Civ. P. 30(b)(2).

With the passage of time, and the onset of Bill Harbert's dementia (and the dementia of Bilhar's President, Roy E. Anderson), much of the information "available to the party", i.e., Bilhar, simply has been lost. As acknowledged in relator's brief, a party is under no obligation to provide information it does not possess. *See* Dkt. 363, p. 7; *cf. Trane Co. v. Klutznick*, 87 F.R.D. 473, 476 (D. Wis. 1980); 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2174, at 310 (2d. ed. 1995). And, while relator suggests that Bilhar's counsel should sign the verification, it is very difficult to draw the line between the factual knowledge that could be derived from the millions of pages of documents produced in this case and counsel's mental impressions and conclusions derived from long involvement in this matter. Further, to the extent that the information could be derived from the underlying documents, relator's counsel can do that as well as Bilhar's counsel.

Rule 33 does not require a party to seek out and reconstruct corporate history. And, while Bilhar's attorneys certainly possess information gleaned from years of privileged communications and protected deliberations, that information should not be compelled in contravention of the "most sacred and absolute privilege" known in law. *Coleman v. American Broadcasting Cos.*, 106 F.R.D. 201, 204 (D.D.C. 1985). When the only individual capable of verifying interrogatory responses would necessarily be forced to draw upon and disclose privileged information, then a "troublesome question" not contemplated by any authority cited by relator is presented. Given the unusual, perhaps unique, circumstances presented by Bilhar's inability to produce an individual capable of verifying responses, this Court should give deference to the protections of the attorney-client privilege and deny relator's motion to compel.

## II. Bilhar's Objections To Certain Requests For Admissions Should Be Sustained.

Relator has served on Bilhar eighty-four (84) Requests for Admissions. At issue here are only ten (10) of those Requests. Each challenged request concerns the contents of documents

relevant to this action. Yet, no challenge has been made as to the authenticity of any referenced document, and there exists no dispute as to any particular document's existence. Instead, most of relator's requests simply recite excerpts from official documents and request an admission that the language is in fact from the referenced document. As relator points out, requests for admissions are intended to narrow the issues to be tried, not encourage more litigation. *See Nat'l Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp 2d 71, 74 (D.D.C. 2003) (Facciola, J.). By quoting passages of official documents, whose genuineness and existence is not at issue, and asking whether the quoted portion is accurate, relator continues the practice of needlessly burdening this Court and opposing counsel with pointless discovery requests.

Bilhar objected to requests seeking an admission as to the language of various documents on the grounds that such documents "speak for themselves." Prior to relator's motion to compel, counsel for Bilhar discussed this objection with counsel for relator in a letter dated September 5, 2006. In that letter, counsel for Bilhar pointed relator to the case of *Mitchell v. Yeutter*, 1993 U.S. Dist. LEXIS 5619 (D. Kan. 1993), as authority for the notion that it had raised a proper objection. In *Mitchell*, the court stated that "[E]ven if the defendant could somehow figure out which evaluation the plaintiff was referring to, **the court ruled on March 19, 1991 that a document speaks for itself, and the court can see no purpose in submitting requests for admission about what is or what is not said in a document**." *Id.* at 2-3 (emphasis added). The court pointed out that "requests for admission should focus on important factual matters and not factual minutiae" – a point quoted by some of the authority cited in relator's brief in support of the present motion to compel. *See, e.g., Audiotext Communications Network v. U.S. Telecom, Inc.*, 1995 U.S. Dist. LEXIS 15395, 7-8 (D. Kan. 1995); cited in Dkt. 363, at p. 11, stricken and re-filed as Dkt. 378, at p. 11).

Bilhar also lodged objections to requests for admissions that sought to compel Bilhar to make a legal conclusion. It is well settled that "one party cannot demand that the other party admit the truth of a legal conclusion." *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (March 6, 2006) (Facciola, J.). Relator mischaracterizes the legal conclusions contained in the requests as mere "application of law to fact." However, relator fundamentally misunderstands the distinction and attempts to have Bilhar "ratify legal conclusions that the requesting party has simply attached to operative facts." *Id.* Such misuse of requests for admissions has been uniformly rejected. See, e.g., id., [other cites].

**CONCLUSION**

For all of the foregoing reasons, relator's Motion to Compel should be denied, and the costs incurred by Bilhar in responding to this Motion should be borne by relator and/or his counsel.

Respectfully submitted this 12th day of October, 2006.

/s/ June Ann Sauntry______________
June Ann Sauntry, D.C. Bar # 464269
Bryan B. Lavine (*Admitted Pro Hac Vice)*
James J. Mills (*Admitted Pro Hac Vice)*
TROUTMAN SANDERS LLP
600 Peachtree Street, N.E. - Suite 5200
Atlanta, Georgia 30308-2216
(404) 885-3000; (404) 962-6675 (fax)

Barry Coburn, D.C. Bar # 358020
TROUT CACHERIS PLLC
1350 Connecticut Avenue, N.W. - Suite 1220
Washington, D.C. 20036
(202) 464-3300; (202) 464-3319 (fax)

Attorneys for Defendant
BILHAR INTERNATIONAL ESTABLISHMENT

**CERTIFICATE OF SERVICE**

I, June Ann Sauntry, an attorney, hereby certify that on this 20th day of October, 2006, a copy of DEFENDANT BILHAR INTERNATIONAL ESTABLISHMENT'S RESPONSE IN OPPOSITION TO RELATOR'S MOTION TO COMPEL was served on all parties and counsel in this case by e-mail as indicated below and by the Court's CM-ECF document filing system.

Stephen P. Murphy, Esq.
A. Hurst, Esq.
Reed Smith LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, D.C. 20005
smurphy@reedsmith.com
ahurst@reedsmith.com

Robert B. Bell, Esq.
Wilmer, Cutler, Pickering, Hale and
Dorr LLP
2445 M Street, N.W.
Washington, D.C. 20037-1420
robert.bell@wilmerhale.com
jennifer.oconnor@wilmerhale.com
jonathan.cedarbaum@wilmerhale.com

Keith V. Morgan, Esq.
Assistant United States Attorney
Judiciary Center Building
Room 10-812
555 4th Street, N.W.
Washington, D.C. 20001
keith.morgan@usdoj.gov

Carolyn G. Mark, Esq.
Michael F. Hertz, Esq.
Geraldine Hopson, Esq.
Civil Fraud Section
United States Department of Justice
601 D Street, N.W.
Room 9930
Washington, D.C. 20004
carolyn.mark@usdoj.gov
michael.hertz@usdoj.gov
geraldine.hopson@usdoj.gov

John H. Shenefield, Esq.
Morgan Lewis & Bockius LLP
1100 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
jshenefield@morganlewis.com

Phillip C. Zane, Esq.
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
Lincoln Square
555 Eleventh Street, N.W., 6th Floor
Washington, D.C. 20004
pzane@bakerdonelson.com

Charles S. Leeper, Esq.
Michael R. Miner, Esq.
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
charles.leeper@dbr.com
michael.miner@dbr.com
elizabeth.ewert@dbr.com
lopezjj@dbr.com

Charles C. Murphy, Jr., Esq.
Vaughan & Murphy
260 Peachtree Street, N.W.
Suite 1600
Atlanta, GA 30303-1202
cmurphy@vaughanandmurphy.com

Alan W.H. Gourley, Esq.
Crowell & Moring
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
agourley@crowell.com

bcoburn@troutcacheris.com

/s/ June Ann Sauntry
June Ann Sauntry

TROUTMAN SANDERS LLP
600 Peachtree Street, N.E.
Suite 5200
Atlanta, Georgia 30308
(404) 885-3000 (phone)
(404) 962-6766 (fax)