# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD F. MILLER,<br>Plaintiff,<br><br>v.<br><br>PHILIPP HOLZMANN *et al.*,<br>Defendant. | Civil Action No. 95-1231 (RCL/JMF) |

## MEMORANDUM OPINION

Currently pending and ready for resolution is <u>Relator Richard F. Miller's Motion to Compel Discovery Responses from Defendant Bill L. Harbert and Memorandum in Support Thereof</u>.  For the reasons stated below, the motion will be denied.

Rule 33(b) of the Federal Rules of Civil Procedure requires that interrogatories be answered in writing under oath and signed by the person making them.  The defendant Bill Harbert has not signed his because he has been diagnosed with dementia.  According to the neuropsychologist who is treating him, he also suffers from two other disorders: 1) dysnomia, a condition that makes it difficult for him to remember names or recall words needed to speak or write, and 2) agnosagnosia, a condition that means that he thinks that he is giving truthful answers to questions when he, in fact, does not know the answer. <u>Defendant Bill L. Harbert's Response in Opposition to Relator's Motion to Compel</u> ("Opp.") at 3.  Relator asks that, pursuant to Rule 17(c), I appoint a guardian to answer the interrogatories.  I do not think that this will be necessary.  On April 8, 2005, Mr. Harbert executed the Limited Power of Attorney that is attached to defendant Bill L. Harbert's opposition.  The document creates a Dispute Resolution

Committee consisting of Mr. Harbert and his son and authorizes that Committee to act as Mr. Harbert's attorneys and agents in this lawsuit. The document specifies the various powers granted and then provides:

> GENERALLY ACT IN MY NAME, PLACE AND STEAD. Without in any way limiting the foregoing, generally to do, execute and perform any other act, deed, duty, right, obligation, matter or thing whatsoever, relating to the Qui Tam Action or the Declaratory Judgment Action that ought to be done, executed or performed, or that in the opinion of the Dispute Resolution Committee ought to be done, executed or performed, as fully and completely as I could do.

Opp., Exhibit B at 2.

In my view, signing the interrogatories falls comfortably within this provision. I will therefore order that the Dispute Resolution Committee sign the interrogatories and that those interrogatories be deemed the answers of Bill L. Harbert for all purposes. There remains, therefore, only the issue of costs.

In his opposition to Relator's motion, defendant Bill L. Harbert seeks, pursuant to Rule 37, reimbursement of the costs associated with responding to Relator's motion. In support of his request, defendant argues that Relator had no legitimate purpose in moving to compel, other than to create an unnecessary burden for the Court and defendant's counsel, "thereby delaying discovery and the progression of this case." Opp. at 5.

In a previous opinion, I provided the following description of a court's powers under Rule 37:

> Under Federal Rule of Civil Procedure 37, a court may sanction a party that fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2). The Federal Rules authorize a wide array of sanctions, including staying the proceedings pending compliance

>with a court order, taking certain facts as established, prohibiting a party from introducing certain matters into evidence, finding a party in contempt of court, and dismissing the action or any part thereof. See id. The court also has the authority to award reasonable expenses, including attorney's fees, caused by the failure to obey a court order "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Id.
>
>* * *
>
>District courts are entrusted with broad discretion regarding whether to impose sanctions under Rule 37, and the nature of the sanctions to be imposed. Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C. Cir. 1996); Sturgis v. Am. Ass'n of Retired Persons, 1993 WL 518447 (D.C. Cir. 1993) (per curiam); Steffan v. Cheney, 920 F.2d 74, 75 (D.C. Cir. 1990)). However, the court's discretion is not without limits. Indeed, this Circuit has emphasized any sanctions awarded must be proportional to the underlying offense. Bonds, 93 F.3d at 808.

Caldwell v. Ctr. for Correctional Health and Policy Studies, Inc., 228 F.R.D. 40, 42 (D.D.C. 2005) (citing Peterson v. Hantman, 227 F.R.D. 13, 16 (D.D.C. 2005)).

In this instance, in an exercise of my discretion, I have decided not to award costs. There is no indication from defendant's counsel that Relator was aware that the Limited Power of Attorney had been executed and, although the issue might have been more easily resolved by a simple phone call, the relevant information is now known to all parties and the case may proceed without further delay, at least as it pertains to Mr. Harbert's mental state.

An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: