**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. Richard F. Miller,<br><br>Plaintiff,<br><br>v.<br><br>PHILIPP HOLZMANN A.G., BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., HARBERT INTERNATIONAL ESTABLISHMENT, INC., HARBERT CORPORATION, HARBERT INTERNATIONAL, INC., HARBERT U.K. SERVICES, LTD., J.A. JONES CONSTRUCTION COMPANY, FRU-CON CONSTRUCTION CORP., AMERICAN INTERNATIONAL CONTRACTORS, INC. GEORGE A. FULLER COMPANY, SABBIA A.G., BILL L. HARBERT, and ROY ANDERSON<br><br>Defendants. | Case No. 1:95CV01231 |

**RELATOR'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT BILHAR INTERNATIONAL ESTABLISHMENT F/K/A HARBERT INTERNATIONAL ESTABLISHMENT**

Relator Richard F. Miller's Motion to Compel ("Motion') seeks responses to interrogatories and requests for admission ("RFAs"). Far from "frustrat[ing] the completion of discovery," as Defendant Bilhar International Establishment ("Bilhar") suggests, Response at 1, Relator's Motion is designed to move discovery forward by getting the responses to which Relator is entitled. Bilhar contends that the information sought is not available because of Defendant Bill L. Harbert's dementia, but the recently revealed Power of Attorney executed by Defendant Harbert giving his son Billy the authority to act on his behalf makes plain that an

agent is available who can respond on Bilhar's behalf. Moreover, the caselaw is uniform and clear that, if necessary, Bilhar's counsel may serve as the required agent for discovery purposes. Bilhar's objections concerning particular requests for admission based on the are no better founded than its objection to answering any of Relator's interrogatories. Again,

## I. Defendant Bilhar Should Be Ordered to Respond with Verified Answers to Relator's Interrogatories

### A. *The "Dispute Resolution Committee" Established by the Power of Attorney Is the Appropriate Entity to Respond to Interrogatories.*

Bilhar refuses to answer Relator's 15 interrogatories on the ground that it has no employee or agent capable of providing verified answers, as required by Federal Rule of Civil Procedure 33. Response at 2-3. Bilhar argues that Federal Rule of Civil Procedure 33(a) requires a party to whom an interrogatory is directed to respond only with "such information as is available to the party," but because Bilhar is not a "functioning entity [and] has no current employees," there is no one available to respond. *Id.* According to Bilhar, the only person who would have "sufficient knowledge to provide and verify the interrogatory responses in question on behalf of Bilhar" is Defendant Bill L. Harbert, who now has dementia. Thus, Bilhar contends the information sought by the interrogatories is not "available" under Fed. R. Civ. P. 33(a). *Id.*

The argument that no agent of the corporation is available no longer holds water in this case, if it ever did. In his Response to Relator's Motion to Compel verified interrogatory responses from Bill L. Harbert, Defendant Harbert produced a Limited Power of Attorney agreement under which a "Dispute Resolution Committee" consisting of Defendant Harbert and his son, Billy Harbert, has the authority to "Generally act in my name, place and stead," and to "defend claims" in this action. *See* Power of Attorney (attached hereto as Exhibit A). In its Memorandum Opinion of October 25, the Court ruled that the Committee -- Billy Harbert, for all

practical purposes -- must "sign the interrogatories and that those interrogatories be deemed the answers of Bill L. Harbert *for all purposes*." *See* Dkt. 389 (emphasis added).

The Limited Power of Attorney was executed because of Defendant Harbert's dementia, thus making the Committee the legal substitute for Mr. Harbert for all purposes relating to this action. Relator respectfully requests the Court to direct the Committee to provide verified answers to Relator's interrogatories to Bilhar on behalf of Bill L. Harbert, who Bilhar acknowledges would be in a position to verify the answers, but for his dementia. *See* Response at 2.[1]

B. *A Claim of Insufficient Knowledge Does Not Exempt a Corporation's Designee From Responding to Interrogatories.*

To the extent that Bilhar argues that Billy Harbert has insufficient knowledge to answer Relator's interrogatories and verify the answers (*see* Response at 4), that argument also fails as a matter of law. Billy Harbert not only has the legal authority to act on his father's behalf, he is obligated to do so under the Court's Memorandum Opinion of October 25 for purposes of verification of his father's answers to Relator's interrogatories. Defendant Bilhar's answers to interrogatories present no materially different circumstances; in either case, Billy Harbert must educate himself to the extent possible. *See* Motion at 5-7 (citing numerous cases holding that a corporate entity has a duty to discovery all information available to it through all sources under its control. *E.g.*, *Weddington v. Consol. R.R. Corp.*, 101 F.R.D. 71, 74 (N.D. Ind. 1984)). Therefore, Bilhar may only assert that the information requested is not available following a good faith attempt to have Billy Harbert provide the information requested. *See* Charles A.

---

[1] Billy Harbert was deposed by Counsel for Relator in Birmingham, Alabama on October 20, 2006. A copy of the transcript of the deposition will be filed with the court as soon as it is available.

Wright & Arthur Miller, Federal Practice and Procedure § 2174, at 310 (2d ed. 1995) ("Mere statement of lack of knowledge by plaintiffs of facts sought by interrogatories, without any recital of what attempt, if any, had been made to acquire knowledge, was insufficient."); *Jackson v. Kroblin Refrigerated Xpress, Inc.*, 49 F.R.D. 134 (N.D.W. Va. 1970) ("A party to civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information, and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts which he made to acquire the information).

The authority relied upon by Bilhar, *Trane Co. v. Klutznick*, 87 F.R.D. 473, 476 (D. Wis. 1980), in no way runs counter to this principle. The *Trane* court held that the President of the United States cannot avail himself of the defense that the White House simply does not have sufficient information to respond to interrogatories. *Id.* at 476. The Court concluded that because the President controls executive branch departments, any information contained in those departments is "available to him" for purposes of discovery, and ordered the defendants to file supplemental responses to plaintiff's interrogatories. *Id.* Bilhar supplies no better reason for not responding to Relator's interrogatories. Thus, the burden of showing that Billy Harbert cannot obtain the information necessary to answer Relator's interrogatories remains with Bilhar. *Id.*

Bilhar asserts that it "is not a functioning entity" and "has no current employees." Response at 2. Yet it remains a Defendant in this case and its counsel must receive direction from someone who speaks on Bilhar's behalf. The recently disclosed Power of Attorney suggests that Billy Harbert is that someone. Whoever has the authority to direct Bilhar's defense in this case must also have the obligation to see that Bilhar's discovery obligations are fulfilled

C. *If Necessary, Bilhar's Counsel May Serve as Bilhar's Agent for Purposes of Responding to Relator's Discovery Requests.*

Should the Court determine that Billy Harbert need not serve as Bilhar's agent, Bilhar's counsel should be ordered to play that role. *See* Motion at 8-9.

Bilhar's sole response to this argument is that having Bilhar's counsel perform the role of a corporate agent might jeopardize the attorney-client privilege. That contention is meritless. Any time counsel serves as agent for a party in responding to discovery requests, attorney-client privilege will be a concern. But courts, including this Court, have not been troubled by this concern in "uniformly" construing Federal Rule of Civil Procedure 33 to authorize a party's attorney to provide signed answers to interrogatories. *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 221 (D.D.C. 2001); *see also Pontillo v. Federated Dep't Stores, Inc.*, 1993 WL 385727, at *3 (S.D.N.Y. 1993); *Jones v. Goldstein*, 41 F.R.D. 271, 274 (D. Md. 1966).

Bilhar further contends that many cases relied upon by Relator for the argument that Bilhar's Counsel can answer and sign interrogatories "concern[] corporate officials who fear self-incrimination" and should therefore "be accorded little weight, if any." Response at 3. Even with respect to the cases cited by Relator in which fear of self-incrimination was an issue (*see* Motion at 7-8), the presence of that concern in no way undermines Relator's argument that Bilhar's counsel may perform the same function in this case. Indeed, if the need to preserve a constitutional right -- the right against self-incrimination -- was not a weighty enough concern to exempt corporate entities from their discovery obligations, Bilhar's excuse of unavailability should likewise not suffice.

In any event, Relator has cited ample authority for the proposition that a corporation's attorney may provide signed answers to interrogatories on its client's behalf which does not mention the fear of self-incrimination. *See, e.g., Gluck*, 240 F.R.D. at 221 ("[Federal Rule of Civil Procedure 33] has been uniformly construed to authorize 'answers by an attorney' for the

party.") (citations omitted); *Jones*, 41 F.R.D. at 274 ("The answers to the interrogatories addressed to the corporate defendant herein were properly signed by its attorneys. When interrogatories are addressed to a corporation, 'the propounding party should not be heard to complain if the answers are signed by the attorney [for the corporation] . . . if the attorney has personal knowledge of the facts set forth in the answers." ) (citations omitted); *Pontillo*, 1993 WL 385727 at *3 ("The Rule 33 obligation of a corporation is to obtain the signature of an 'officer or agent,' and those courts that have addressed the issue have viewed counsel as an agent for such purposes if the corporation so appoints him.") (citations omitted). Thus, under the uniform construction of Federal Rule of Civil Procedure 33, Bilhar's counsel may provide verified answers to Relator's interrogatories.

## II. Defendant's Objections to the Remaining Requests for Admission Are Unfounded and Should be Overruled

Bilhar's objections to certain of Relator's RFAs rest on the arguments that the relevant documents are public records that "speak for themselves," and that some requests call upon Defendant to give legal conclusions. *See* Response at 5-6. These objections are improper because the basis for the objection is either not valid, or entirely misplaced in this case.

### A. *The Objection That a Document "Speaks for Itself" Is Not Well-Founded*

Bilhar's objection that certain documents speak for themselves relates to RFAs concerning Bilhar's guilty plea in the criminal case. *See* Motion at 15-16 (discussing RFAs 1,2,7,8, 10 and 12). That a document may "speak for itself" is not a proper basis for objecting to an RFA; and even if it were, it is inapposite in this case. *See, e.g., Booth Oil Site Admin. Group v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000) ("[A] request calling upon a party to admit or deny that such quoted material is the actual text of an identified document, relevant to

the case, may not be ignored on the ground that the request seeks an interpretation of the text or that the document in question 'speaks for itself.'"); Motion at 11-13 (citing decisions).

Bilhar fails to respond to the numerous decisions cited by Relator and offers only a single unpublished decision for its contrary view, *Mitchell v. Yeutter*, 1993 U.S. Dist LEXIS. 5619 (D. Kan. 1993). And even that decision hardly endorses the principle that a party need not ever respond to RFAs relating to information contained in a document. The *Mitchell* court reasoned that it could, in that case, "see no purpose in submitting requests for admission about what is or is not said in a document." *Id.* at 3. Here, the RFAs at issue serve a vital purpose because they attempt to establish that Bilhar indeed pleaded guilty to criminal charges and is now collaterally estopped from denying its liability *in this action*. *See* U.S.C. § 3731(a) (False Claims Act collateral estoppel provision); *see also United States v. Uzell*, 648 F. Supp. 1362, 1363-64 (D.D.C. 1986). Bilhar's response that the documents from the criminal case are public records that speak for themselves amounts to the sort of "gamesmanship" that should result in the request being deemed admitted, if left unanswered. Fed. R. Civ. P. 36(a); *House v. Giant of Maryland, LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005). This issue must be established for purposes of this civil action, and Defendant should be ordered to respond accordingly.

B. *None of Relator's RFAs Require Bilhar To Provide Legal Conclusions*

Bilhar objects to RFAs 10, 16, 45, 47 and 48 either totally, or in part, because, in its view, they call for legal conclusions. *See* Response at 6. RFAs 16, 45, 47 and 48 concern assignment of contracts between Bilhar and other Harbert entities and the effect of certain written agreements on Bilhar's obligations concerning the projects at issue in this case. The RFAs simply ask Bilhar to admit or deny the changes that certain provisions in the agreements appear

to make. These RFAs may require "at most . . . the application of law to facts." *See* Motion at 16.

Bilhar contends, without further explanation, that Relator "attempts to have Bilhar 'ratify legal conclusions that the requesting party has simply attached to operative facts.'" *See* Response at 6 (quoting *Disability Rights Council of Greater Washington v. Washington Metro Area Transit Authority*, 234 F.R.D. 1, 3 (March 6, 2006) (Facciola, J.).[2] However, Bilhar's own authority makes clear that it is Bilhar, not Relator, who attempts to blur the distinction between factual and legal issues. The RFAs at issue in *Disability Rights Council* sought to have the defendant admit issues such as what a statute requires, whether the defendant's practices were "consistent with the regulations," and what the "[Metro] service requires . . . under the relevant statutes and regulations." *Id.* at 3. Thus, under the holding of *Disability Rights Council*, asking the opposing party whether its practices conformed to the relevant legal requirements does call for a legal conclusion. Relator's RFAs about contractual language and the like, however, are easily distinguishable, as noted by this Court in *Disability Rights Council* itself:

> Unlike WMATA's requests, which ask plaintiffs to interpret federal laws, the requests at issue in *Booth Oil* asked the defendants to admit the accuracy of text quoted from a contract entered into between the parties and to admit the meaning of contractual language. Unlike the existence of a statute, of which the court can take judicial notice, the existence of a contract and the language contained therein is a factual matter. Moreover, the intent of the parties to a contract and what they understood the contract to mean is also an issue of fact.

*Disability Rights Council*, 234 F.R.D. at 3 (citing *Booth Oil*, 194 F.R.D. at 79). Relator's RFAs seek admissions of facts relating to corporate agreements, and do not call upon Bilhar to provide or ratify legal conclusions.

---

[2] Although Bilhar claims that Relator's position has been "uniformly rejected," it cites no other authority than *Disability Rights Council*, which is distinguishable from the case at bar. *See* Response at 6 (citing *Disability Rights Council* and "[other cites]").

Finally, RFA 10 asks Defendant to admit that it affirmed the facts set forth in the section entitled "Factual Basis" in the Joint Rule 11 Memorandum. *See* Motion at 16. To this request, Bilhar responded that the document "speaks for itself," and, at the same time, requires Bilhar to admit a legal conclusion. *See id.* As noted, the first ground for objection is not a valid one. As to the second ground, this request requires a legal conclusion no more than the RFAs concerning contractual language. The request simply asks Bilhar to admit that it understood the signing of the Memorandum to effect an adoption of the facts contained therein. This is the same kind of factual issue as is the intent of parties to contract, or what they understood the contract to mean. *See Disability Rights Council*, 234 F.R.D. at 3. Bilhar's objection that Relator's RFAs require the admission of legal conclusions is without any basis in the record, and should be overruled.

**CONCLUSION**

For the foregoing reasons Relator Richard F. Miller respectfully requests that the Court grant Relator's Motion to Compel Discovery Responses.

Respectfully submitted,

/s/ Jennifer M. O'Connor
Robert B. Bell
D.C. Bar No. 338368
Howard M. Shapiro
D.C. Bar No. 454274
Jennifer M. O'Connor
D.C. Bar No. 460352
WILMER CUTLER PICKERING
HALE and DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6533

Attorneys for Relator Richard F. Miller

Dated: October 30, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October, 2006, a copy of the foregoing Relator Richard F. Miller's Reply in Support of Relator's Motion to Compel Discovery Responses From Defendant Bilhar International Establishment was filed electronically with the Clerk of the Court. The electronic filing prompted automatic service of the filing to all counsel of record in this case who have obtained CM/ECF passwords. The foregoing was also served on counsel lacking a CM/ECF password via the methods indicated below.

/s/ Matthew Baumgartner

Matthew Baumgartner

***Via First Class Mail:***

Jay R. Bender, Esq.
Bradley Arant
One Federal Place
1819 Fifth Ave North
Birmingham, A.L. 35203-2104

*Counsel for Defendant J.A. Jones Construction Company*