UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD F. MILLER,<br>    Plaintiff,<br><br>    v.<br><br>PHILIPP HOLZMANN *et al.*,<br>    Defendant. | Civil Action No. 95-1231 (RCL/JMF) |

REPORT AND RECOMMENDATION

Currently ripe and ready for resolution are the following motions:

1. Defendant Roy Anderson's Motion to Dismiss Relator's Fourth Amended Complaint and Memorandum in Support Thereof [#279];

2. Motion of Harbert Corporation and Harbert International, Inc. to Dismiss Relator's Fourth Amended Complaint [#280];

3. Motion of Philipp Holzmann AG to Dismiss the Relator's Fourth Amended Complaint [#283];

4. Bill L. Harbert's Motion to Dismiss the Relator's Fourth Amended Complaint [#285];

5. Defendants Harbert Construction Services (U.K.) Ltd. and Bill Harbert International Construction, Inc., Motion to Dismiss the Relator's Fourth Amended Complaint [#287]; and

6. Bilhar International Establishment's Memorandum in Support of its Motion for Judgment on the Pleadings Regarding the United States' Second Amended

Complaint and the Relator's Fourth Amended Complaint [#332].

## The Filing of the Complaints

Relator Richard F. Miller filed his original complaint on June 30, 1995.  He named as defendants the following: Philipp Holzmann A.G., Bill Harbert International Construction, Inc., Harbert International Establishment, Inc., Harbert Corporation, Harbert International, Inc., Harbert U.K. Services, Ltd., J.A. Jones Construction Company, Fru-Con Construction Corp., and Sabbia A.G.

On June 28, 1999, relator Miller filed a First Amended Complaint, adding defendants American International Contractors, Inc., and George A. Fuller Co.  On December 28, 2000, relator Miller filed a Second Amended Complaint, adding defendants Bill L. Harbert and E. Roy Anderson.

On March 13, 2001, the Government filed its Complaint in Intervention against nine of the thirteen defendants named in Relator's Second Amended Complaint.  The Government did not include Fru-Con Construction Corp., American International Contractors, Inc., George A. Fuller Company, or Bill L. Harbert in its Complaint in Intervention.

On December 6, 2002, Relator Miller filed a Third Amended Complaint, which dropped Fru-Con Construction Corp. as a defendant and added ABB ASEA Brown Boveri, Ltd., and ABB SUSA, Inc. f/k/a Sadelmi, U.S.A., Inc.

On April 24, 2006, Relator Miller filed a Fourth Amended Complaint, naming the same defendants as named in Relator's Third Amended Complaint.  Also on April 24, 2006, the Government filed its Second Amended Complaint, naming the same defendants named in its Complaint in Intervention.  Thus, Relator's Fourth Amended Complaint names as defendants

five persons or entities that are not named as defendants in the Government's Second Amended Complaint: Bill L. Harbert, American International Contractors, Inc., George A. Fuller Company, ABB ASEA Brown Boveri, Ltd., and ABB SUSA, Inc. f/k/a Sadelmi U.S.A., Inc.

## The Complaints Themselves

A comparison of the United States' Amended Complaint and Relator's Fourth Amended Complaint for False Claims Act violations indicates that relator's complaint set forth two claims for relief, one based on the False Claims Act (Relator's Fourth Amended Complaint ¶¶ 86-88) and one based on a conspiracy to submit false claims (id. ¶¶ 89-91) while the United States pleads a False Claims Act claim for relief (United States' Second Amended Complaint ¶¶ 99-105 and claims for unjust enrichment (id. ¶¶ 106-108) and money paid under mistake of fact (id. ¶¶ 109-114).

## The Motions to Dismiss

The defendants Roy Anderson, Philipp Holzmann AG, Harbert Corporation, Harbert International Inc., Bill L. Harbert, Harbert Construction Services (U.K.) Ltd., and Bill Harbert International Construction, Inc., first move to dismiss Relator's Fourth Amended Complaint on the grounds that the government's Complaint in Intervention is properly viewed as an amendment of Relator's Third Amended Complaint in that an amended complaint renders the complaint it amends of no further force and effect.

Invocation of that unexceptionable principle does not, however, resolve this case.

On April 27, 2006, I noted that the relator had named defendants in its Fourth Amended Complaint that the United States had not named as defendants in its Second Amended Complaint

and I ordered relator and the United States to show cause why relator should be permitted to maintain an action against defendants not named by the United States.

Relator brought to my attention cases that specifically held that the relator may proceed against defendants named in the relator's complaint but not in the government's complaint in intervention.[1] Additionally, the government cited the O'Keefe case for the proposition that the relator may proceed on claims not accepted by the government.

These cases unequivocally support relator's and the government's position and there is additional authority for the propositions upon which they rely. See United States ex rel. Klump v. Dynamics Corp., No. 1:95CV1016, 1998 U.S. Dist. LEXIS 21930, at *4 (S.D. Ohio, Sept. 30, 1998) (relator permitted to proceed with a claim not asserted by government); John T. Boese, 1 Civil False Claims and Qui Tam Actions, § 4.05[B] at 4-174 (3d ed. 2006). See also United States ex rel. Wilkins v. North Am. Constr. Corp., 173 F. Supp. 2d 601, 644-45 (S.D. Tex. 2001) (defendants and government can eliminate relator's participation in the lawsuit only by complying with False Claims Act provisions pertaining to relator's participation).

There is nothing in that conclusion inconsistent with the statement in my Report and Recommendation that, for the purposes of the statute of limitations, the government's complaint in intervention is an amendment of the relator's complaint. Miller v. Holzmann, No. 95-CV-1231, 2006 WL 568722, at *4 (D.D.C. Mar. 9, 2006). That the government's complaint is deemed an amendment of the relator's complaint for the purposes of the statute of limitations has

---

[1] E.g. United States ex rel. O'Keefe v. McDonnell Douglas Corp., 918 F. Supp. 1338, 1347 (E.D. Mo. 1996); United States ex rel. Prawer & Co. v. Fleet Bank of Maine, No. 93-CV-165-P-H, 1995 WL 626376, at *1 (D. Me. Sept. 13, 1995); Juliano v. Fed. Asset Disposition Ass'n, 736 F. Supp. 348, 353 (D.D.C. 1990).

nothing to do with whether the relator may sue a defendant or make a claim that the government has not.

Finally, I do not see what practical difference dismissing relator's complaint makes. Answering the same allegations in both complaints is hardly burdensome; a legal secretary can do that in a few moments. Insofar as the relator's claims and allegations are identical to the government's, they can be met with the same proof.

I appreciate that two defendants, Harbert Corporation and Harbert International, Inc., complain that they will be whipsawed if they have to confront allegations in relator's complaint that contradict allegations made in the government's complaint. <u>Reply of Harbert Corporation and Harbert International, Inc. in Support of Their Motion to Dismiss Relator's Third Amended Complaint</u> at 2. Methinks they doth protest too much. Good trial lawyers live for their opponents' contradicting each other and those differences, if exploited by defendants, will hardly do them any harm.

**Service of Process, Preemption by the Foreign Assistance Act and Statute of Limitations**

Roy Anderson, Philip Holzmann AG, Harbert Construction Services (U.K.) Ltd., and Bill Harbert International Construction, Inc., also move to dismiss relator's Fourth Amended Complaint because relator has not served them with his Fourth Amended Complaint. There is no question but that these defendants' counsel have the Fourth Amended Complaint; they are, after all, attacking it. Nevertheless, they seek its dismissal because it has not been formerly served on their clients. They make this argument even though by now they have engaged in whatever discovery they wish, include taking Miller's deposition in order to flesh out and understand all of his allegations as to the alleged bid-rigging conspiracy.

As I explained in my Report and Recommendation and as these defendants ignore, courts in this Circuit decline to dismiss a complaint for defects in service of process unless the party who complains can show some prejudice from the defect. Miller v. Holzmann, No. 95-CV-1231, 2006 WL 568722, at *24.  As I also explained, two other Circuits have found, in this Circuit's precedents, support for what appears to be the prevailing view of the federal courts: "[the] defendant's answer and appearance in the action should itself be enough to prevent any technical error in form from invalidating the process and requiring the dismissal of the action." Id.  I then indicated that I could not see how the defendants could be prejudiced by not being formally served with relator's Second Amended Complaint since they had been served with the government's Complaint in Intervention in 2001 and that complaint had to give them notice of the allegations in the relator's Second Amended Complaint. Id. at *25 n.28.

I persist in that view.  Defendants point to cases that insist that parties serve the summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure.  No one quarrels with that requirement, but we are dealing here with the consequences of the relator's not doing that in this case.  There is not even a suggestion by them that their participation in this case, their knowledge of relator's allegations, their discovery plan, and their deposition of relator have been affected by their clients' not being formally served with the Fourth Amended Complaint.  Yet, they would have me to dismiss the Fourth Amended Complaint without prejudice so that relator can formally serve the Fifth Amended Complaint which will be identical to the Fourth Amended Complaint and which the defendants' counsel are holding in their hands.  As they say in Texas, that is as useless as a teat on a bull and I will not do it.

Additionally, some of these defendants renew an argument they made earlier, premised on

the Foreign Assistance Act, and address again whether the statute of limitations bars claims made in the Fourth Amended Complaint. I have already addressed and resolved those issues. They await Judge Lamberth's review if there are objections. I will not revisit them.

    I therefore recommend that the six motions listed on the first and second pages of this Report and Recommendation be denied.  **Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.**  See Thomas v. Arn, 474 U.S. 140 (1985).

 

                                                    JOHN M. FACCIOLA

Dated:                                  UNITED STATES MAGISTRATE JUDGE