UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD F. MILLER,
    Plaintiff,

v.

PHILIPP HOLZMANN *et al.*,
    Defendant.

Civil Action No. 95-1231 (RCL/JMF)

MEMORANDUM OPINION

Currently pending and ready for resolution is <u>Relator Richard F. Miller's Motion to Compel Discovery Responses from Defendant Bilhar International Establishment f/k/a Harbert International Establishment</u> ("MTC") [# 378]. For the reasons stated below, the motion will be granted in part and denied in part.

Relator propounded 15 interrogatories, 84 requests for admission, and 46 requests to produce documents to this defendant, which I shall call "Bilhar."

I.    <u>Interrogatories</u>

Bilhar declined to answer any of the interrogatories on the grounds (*inter alia*) that "Bilhar does not have any employee, agent or representative who is able to provide substantive responses to these interrogatories or who is able to verify the responses pursuant to the requirements set forth in Federal Rule of Civil Procedure 33(b)(2)." MTC, Exhibit D. Relator represents that, in a telephone conversation, Bilhar's counsel stated that Bilhar is "essentially an empty shell without any current employees or officers." <u>Id.</u> at 5. Additionally, as I have explained elsewhere, Bill Harbert, Bilhar's Chairman, is suffering from dementia, as attested to

by two physicians.

In a footnote in her opposition, Bilhar's counsel indicates that she was willing to provide unverified responses to the interrogatories but that her proposal was rejected by relator. <u>Defendant Bilhar International Establishment's Response in Opposition to Relator's Motion to Compel</u> at 3 n.2. The parties agree however that Bill Harbert, were he competent, would be the appropriate person to answer the interrogatories, since he was unquestionably an officer or agent of Bilhar.

I have already concluded that the Dispute Resolution Committee has the authority, under the power of attorney that Mr. Harbert signed, to answer the interrogatories addressed to him as an individual. I see no reason to distinguish between the power of that Committee to act as Mr. Harbert's agent as an individual and its power to act on his behalf in his capacity as an officer or agent of Bilhar. I will therefore order that the Dispute Resolution Committee provide verified responses to the interrogatories propounded to Bilhar, as if they were being answered by Mr. Harbert as officer or agent of Bilhar.

I have also reviewed the unverified responses and make the following rulings as to the individual objections made to each of them:

| | |
|---|---|
| Interrogatories 1 and 2. | Overruled. Like every other judge, I will not consider the objection that an interrogatory is overbroad and burdensome without a showing by affidavit why it is overbroad and burdensome.[1] Moreover, the request to identify persons with discoverable information is not in any way premature nor is the |

---

[1] <u>Pleasants v. Allbaugh</u>, 208 F.R.D. 7, 12 (D.D.C. 2002).

request to identify the documents that might be used to support a defense vague or not stated with sufficient particularity. These requests are, after all, the very standards defining a party's obligation to make initial disclosures under Rule 26 of the Federal Rules of Civil Procedure.

Interrogatory 4.  The term "Frankfort Club" is not vague. I know from presiding over this case that it means a group of company representatives who, it is alleged, met to plan the conspiracy to rig bids on the projects at issue.

Interrogatories 5-8.  "Harbert Corporate Entity" is not vague for I will define it as any entity in which Bill Harbert had an interest in the time during which it is alleged there was a conspiracy to rig bids on the projects at issue.

Interrogatory 12.  Since relator served 84 requests to produce, and this interrogatory demands that Bilhar "describe with particularity the basis for"[2] its denial, Bilhar views this interrogatory as having 84 subparts. I have concluded that if a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory, no matter how it is designated. Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C.

---

[2] MTC, Exhibit D at 5.

|  |  |
|---|---|
|  | 2005) (quoting <u>Banks v. Office of the Senate Sergeant-at-Arms</u>, 222 F.R.D. 7, 10 (D.D.C. 2004)).  That principle compels the conclusion that this interrogatory contains potentially 84 interrogatories since each denied request for admission, by necessity, raises a line of inquiry that is distinct from its predecessor.  I have counted 17 instances where Bilhar denied the specific request for admission.  Thus, adding 17 denials to the previous 11 interrogatories produces a total of 28, 3 more than are permitted.  Therefore, Bilhar is only required to answer this interrogatory as to 14 of the 17 denials, for a total of 25. |
| Interrogatories 13-15. | Since relator has already propounded 25 interrogatories, Bilhar's objection to these interrogatories on the grounds that they exceed the 25 permitted is sustained. |

## II.     Requests for Admission

The defendant objected to 10 of relator's requests for admission on various grounds.  I will take them up seriatim.

### A.     The Document Speaks for Itself

The defendant objected to requests for production 2, 7-8, 10, 12, 45 and 47-48 on the grounds that the document to which the request referred "speaks for itself."

It is astonishing that the objection that a document speaks for itself, repeated every day in courtrooms across America, has no support whatsoever in the law of evidence.  James W. McElhaney, <u>The Cleveland Exception to the Hearsay Rule and Other Courtroom Oddities</u>, 1 Rev.

of Litig. 93, 96-99 (1980). If, for example, a document has been admitted into evidence and a witness is asked to read from it, that the same information can be secured from the fact finder reading the document is certainly not grounds for objection to the witness reading from it. <u>Id.</u> There is no difference whatsoever between the jury reading it for itself or the witness reading it to them.

Alternatively, if the document has been admitted into evidence and the witness is asked to paraphrase it and does so inaccurately, objection would lie on the grounds of relevance. A mischaracterization of the contents of a document is an irrelevant waste of time, unless there is some significance to that mischaracterization in itself, i.e., the witness's misunderstanding of what the document says has independent evidentiary significance because it is probative on some issue in the trial. In any of these instances, however, invoking the tautology that "the document speaks for itself" has nothing to do with the actual objections that should be made.

Transposing these principles to requests for admission first means that if the request for admission quotes a documents and asks the other party to admit that the document contains the material quoted, it should be admitted if the quotation is accurate and denied if it is not. The tautological "objection" that the finder of fact can read the document for itself to see if the quote is accurate is not a legitimate objection but an evasion of the responsibility to either admit or deny a request for admission, unless a legitimate objection can be made or the responding party explains in detail why it can neither admit or deny the request. Fed. R. Civ. P. 36. <u>See</u> <u>Sigmund v. Starwood Urban Retail VI, LLC</u>, 236 F.R.D. 43, 46 (D.D.C. 2006). It is also a waste of time, since the "objection" that the document speaks for itself does not move the ball an inch down the field and defeats the narrowing of issues in dispute that is the purpose of the rule permitting

requests for admission.

If, on the other hand, the request for admission paraphrases a document, the request should be admitted if the paraphrase is accurate and denied if it is not. Again, stating the obvious–one can read the document oneself to see if the paraphrase is accurate–is not a legitimate objection and an equally great waste of time.

Thus, the defendant's objection to the requests on the grounds that the document speaks for itself is a meritless objection and will be overruled.

### B.  Matter of Public Record

There is no support in the laws of evidence for the proposition that, because a document lies in a court jacket in a courthouse somewhere in Alabama, a party is relieved from admitting or denying the truth of its contents. This objection will also be overruled.

### C.  Calls for a Legal Conclusion

Request 16 asked whether, on a certain date, Harbert International Inc.'s 60% interest in Harbert/Jones was assigned to Harbert International Establishment (now known as Bilhar International Establishment). Request 45 asked whether, pursuant to a certain agreement, Harbert International Inc. remained financially responsible for certain projects. Request 47 asked whether, pursuant to a letter agreement, Harbert International Inc. and Harbert International Establishment formed a joint venture for completion of certain unfinished projects. Finally, Request 48 asked whether, pursuant to a letter agreement, Harbert International Inc. and Harbert International Establishment created a joint venture that was authorized to manage their efforts in certain unfinished projects.

The defendant objected to these requests on the grounds that they called for a legal

conclusion. A request may be said to call for a legal conclusion when it purports to require a party to admit, for example, that a statute or regulation imposes a particular obligation. Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth., 234 F.R.D. 1, 3 (D.D.C. 2006). Since the 1970 amendment to Rule 36, however, it is permissible to request an admission as to how a particular source of a legal obligation, such as a contract or a statute or regulation, applies to a given state of facts. Sigmund, 236 F.R.D. at 46; Michlin Prosperity Co., Ltd. v. Fellowes Mfr. Co., No. 04-CV-1025, 2006 WL 1441575, at *1 (D.D.C. May 23, 2006).

      I question whether this distinction even applies to these requests. They only ask that the defendant admit or deny that an event occurred, i.e. did they agree to something? The defendant is not being asked to apply a law to facts when it is asked to admit that it entered into a certain agreement and, pursuant to that agreement, certain entities did or did not do something. Moreover, if the requests could be construed as asking whether the event occurred because of an agreement (i.e. "pursuant to it"), that, at most, asks whether the agreement contained a particular term and whether the parties executed that part of the agreement by doing some act. In any event, by no stretch of the imagination could that request be condemned as asking the defendant to admit the truth of a legal conclusion.

      Having overruled the objections, and having found that the requests were legitimate, I will order the defendant to answer these requests for admission[3] within ten days.

      An Order accompanies this Memorandum Opinion.

---

[3] I.e., 1-2, 7-8, 10, 12, 16, 45, 47 and 48.

```
                                            _____
                                            JOHN M. FACCIOLA
Dated:                                      UNITED STATES MAGISTRATE JUDGE
```