UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RICHARD F. MILLER,**

    **Plaintiff,**

    v.                                                                                         CA No. 95-01231 (RCL/JMF)

**PHILLIP HOLZMANN, et al.,**

    **Defendants.**

**ORDER**

During discovery, the government, invoking its joint prosecution of this case with relator, claimed the work product protection as to three letters sent by counsel for relator, Robert B. Bell, Esq. to Carolyn G. Mark, Esq. of the Civil Division of the Department of Justice. The letters discuss relator's contribution to this case and the government's criminal prosecution of the bid rigging conspiracy that is at issue in this qui tam action.

I have recently said of the work product privilege in another decision in this case:

> Rule 26(b)(3) of the Federal Rules of Civil Procedure provides that materials prepared in anticipation of litigation or for trial by an attorney or a party are protected from disclosure and they may be subject to discovery only upon a showing of substantial need and the inability to obtain the substantial equivalent without undue hardship. Fed.R.Civ.P. 26(b)(3). The court must take particular care to protect the "mental impressions, conclusions, opinions, or legal theories of an attorney." *Id. See also Tax Analysts v. Internal Revenue Serv.,* 117 F.3d 607, 619 (D.C.Cir.1997). Attorney mental impressions, conclusions, opinions, and legal theories may be reflected in interviews, statements, memoranda, correspondence and in countless other tangible and intangible ways. *Hickman,* 329 U.S. at 511[, 67 S.Ct. 385]. These materials, known as opinion work product, "are entitled to special protection and require a stronger showing of necessity to justify release ⋯ although the precise contours of this showing have not been resolved." *Byers v. Burleson,* 100 F.R.D. 436, 439 (D.D.C.1983) (citing Fed.R.Civ.P.

>26(b)(3) and *Upjohn Co. v. United States,* 449 U.S. 383, 400-01(1981)). *See also In re Sealed Case,* 856 F.2d 268, 273 (D.C.Cir.1988).

Miller v. Holzmann, 238 F.R.D. 30, 32 (D.D.C. 2006).

It follows then that there are in effect two forms of work product.  Any material prepared by an attorney in anticipation of litigation qualifies as work product but the protection may yield to a showing of a substantial need and an inability to secure the equivalent without undue hardship.  But, if the material constitutes or contains mental impressions, conclusions, opinions, or legal theories of an attorney, a much greater showing is necessary. Upjohn Co., 449 U.S at 400-01.  See Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine, 568-74 (4th ed. 2001).

I have reviewed the letters and find that I have been able to expurgate from them the mental impressions, conclusions, opinions, or legal theories of Mr. Bell and I will therefore make the remainder available to the defendants.  See Epstein, supra, at 574 ("Frequently, the court can provide needed information form work product and still protect the attorney's mental processes by ordering production of redacted documents. An in camera review may be required for the redaction.")

I also find that there is a most substantial need for the information since it bears directly on relator's financial interest in the successful conclusion of this case and advances his claim that his recovery should be as great as possible.  It would be hard to imagine a more appropriate topic for cross-examination at trial.  See Standardized Civil Instructions for the District of Columbia, § 3.01 (2005) (instruction jury that, in assessing the credibility of the witnesses, it

may consider whether the witness has any interest in the outcome in the case).  See also United States v. Smith, 232 F.3d 236, 242-43 (D.C. Cir. 2000) (bias is never collateral and may be proved by extrinsic evidence).  Furthermore, there is no substantial equivalent to the now redacted letters that can be used to do an effective and thorough cross examination of relator.\

The government also claims that document # 68 is subject to the attorney-client privilege.  Oddly, it makes no such claim for documents # 50 and #53 which are from and to the same persons.  In United States' Opposition to the Defendants' Emergency Motion to Compel and for Expenses and Attorney Fees, the government addresses only the applicability of the work product privilege to the three documents.  In any event, the documents are neither from or to a client nor do they disclose any communication from a client to an attorney that the client intended to be confidential.  See United States ex rel Fago v. M & T Mort. Corp., 238 F.R.D. 3, 10-11 (D.D.C. 2006).  To the contrary, the whole purpose of the document is to disclose to a third party what the client has done to induce that third party to take some action.  Thus, the attorney-client privilege is inapplicable.  Counsel for defendants may secure the redacted copies of these three letters from my chambers.

In addition, I note that the defendants' seek another 7 hours deposition once they get the letters.  That is much too long.  I will permit them to re-open the deposition of relator for the sole purpose of asking him about these letters for no more than two hours.

Finally, having sustained the government's objections in part, I see no merit in the defendants' argument that sanctions, in the form of attorneys fees and expenses, should be awarded.

It is therefore, hereby, **ORDERED** that Defendants' Emergency Motion to Compel and

for Expenses and Attorneys' Fees [#367] is, hereby,

**GRANTED in part and DENIED in part.** Furthermore, it is, hereby,

**ORDERED** that counsel for the government submit, by Friday, December 8, 2006, the following documents to chambers for an in camera review: #31, 33-35, 37, 39-41 and 44.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
Dated:                                                                  UNITED STATES MAGISTRATE JUDGE