UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RICHARD F. MILLER,**

    **Plaintiff,**

    v.                                       CA No. 95-01231 (RCL/JMF)

**PHILIPP HOLZMANN, et al.,**

    **Defendants.**

**MEMORANDUM OPINION**

Before me is the United States' Motion to Compel Production of Documents from Defendants' Expert Witnesses ("US MTC"). For the reason stated herein, the motion will be denied.

**Introduction**

Harbert Corporataion and Harbert International Incorporated retained Glen Newman and Robert McCue as expert witnesses; Bilhar International Establishment, Harbert Construction Services (U.K.) Ltd. and Bill Harbert International Construction, Inc. retained James V. Farrell.

The scheduling order in this case required the production of expert witness reports by certain deadlines and the depositions of such experts had to be taken in the period beginning November 27, 2006, and ending December 27, 2006. Newman's was scheduled for December 19, 2006, Farrell's for December 22, 2006, and McCue's for December 28, 2006.

On December 4, 2006, Assistant United States Attorney Patrick Klein called Jeff

Lopez, one of the lawyers for Harbert Corporation and Harbert International Incorporated, to ascertain whether Lopez would accept service of subpoenas duces tecum for expert witnesses. <u>Response of Harbert International, Inc and Harbert Corporation to United States' Motion to Compel Production of Documents from Expert Witnesses</u> at 2. Lopez told Klein that Lopez's clients would object to any such subpoenas but sought to work out with Klein what documents would be produced at all of the experts' depositions. <u>Id.</u> According to Lopez, Klein declined, indicating that the government had not decided which documents they wanted from defendants' experts. <u>Id.</u> Defendants did not seek the production of documents from the experts they deposed.

An expert witness named R. Preston McAfee, who will testify for the government, gave his deposition on December 8, 2006, and that night the government sent an e-mail to Lopez transmitting subpoena duces tecum to McCue and Newman. On December 11, 2006, June Ann Sauntry, counsel for Bilhar International Establishment, Harbert Construction Services (U.K.) Ltd. and Bill Harbert International Construction, Inc., accepted service on Farrell's behalf.

**The Motion to Compel Must be Denied**

It is not disputed that the three expert witnesses live more than 100 miles from the Department of Justice, 601 D Street, N.W., Room 9916, Washington D.C., the address given in the subpoena as the place where the documents were to be produced. US MTC at Exhibits A, B, and C. The witnesses protest that under Rule 45(b)(2) of the Federal Rules of Civil Procedure they cannot be required to appear and produce documents at a place more than 100 miles from their homes or businesses.

The government argues 1) that defendants' counsel accepted service of process on

behalf of the experts; 2) that the 100-mile limitation is inapplicable because the subpoenas do not require the witnesses' attendance anywhere but only the production of documents; 3) that the False Claims Act permits nationwide service of process; and 4) that since the witnesses are to testify in the District of Columbia and have already traveled here for their depositions, the policy concerns expressed in the limitations of Rule 45—the protection of non-parties from inconvenience—are inapplicable.

None of these arguments is persuasive.

First, I know of no authority for the proposition that attorneys who have retained expert witnesses on behalf of their clients become *ipso facto* agents of those expert witnesses for the purposes of service of process whereby the witnesses delegate to them the right to waive any objection they may have to the subpoenas the lawyers accept. It is a fundamental principle of agency law that in order to impose liability on the principal for the acts of an agent, one looks at what the principal did, not at what the agent did. Restatement (Third) of Agency §§ 2.01-2.03 (2006) (agent's actual or apparent authority is function of what the principal manifests). If "a 'waiver' is ordinarily an intentional relinquishment or abandonment of a known right or privilege,"[1] there is absolutely nothing in this record that would permit me to find that, at any point, these witnesses waived the objections they had to the subpoenas.

Second, the False Claims Act permits the nationwide service of the summons and complaint. 31 U.S.C. § 3731(a).[2] There is no provision within the Act that could be read to vitiate the limitations imposed by Rule 45.

Third, the limitation in Rule 45 unequivocally applies both to attending a

---

[1] Johnson v. Zerbst, 304 U.S. 458, 464 (1938).
[2] All references to the United States Code are to the electronic versions that appear in Westlaw or Lexis.

deposition to testify and to being required to produce documents at a distance more than 100 miles from one's home. It draws no distinction whatsoever between being compelled to testify and being compelled to produce documents at a certain place. The government's subpoenas specifically require the expert witnesses to "produce and permit inspection and copying of the following documents or objects at the place, date and time specified below" and the place is, of course, the Department of Justice office on D Street in the District of Columbia.

    Fourth, the government speaks strangely of the defendants' asking the court's "indulgence to accept Messrs. Newman and McCue as testifying experts" who have already come to the District to give their depositions and who intend to testify here. <u>United States' Reply to Harbert International, Inc.'s and Harbert Corporations's Response to the United States' Motion to Compel Production of Documents from Defendants' Expert Witnesses</u> at 2. It then supposedly follows that, since this is so, the "policy concerns expressed by Defendants to protect nonparties from inconvenience are not applicable in this case." <u>Id.</u>

    That statement is *non sequitur*. That a witness came to the District voluntarily from more than 100 miles away on one occasion hardly means that he can be summoned again and against his will in violation of the 100-mile restriction created by the rule.

    Finally, even if the 100-mile restriction could be overcome, there is another fatal flaw in the subpoenas. Each of them demand that the expert witness produce, as it is stated:

> All documents, including electronically stored versions (the electronically stored versions of the above shall be produced as PDF files in Windows compatible diskette form), in the possession, custody and control of McCue and

>MDC Systems.

US MTC at Exhibits A, B, and C.

>One wonders if there is a typographical error in that sentence, or a missing participial phrase that should have been included but was not, because the subpoena first requires the experts to take all the paper files in their office and copy them. Once that is done, all their electronic files are to be converted into a PDF format and copied. Then the whole kit and caboodle is apparently to be put on a truck and delivered to the Department of Justice. It is impossible that *all* the files in the experts' office could have something to do with this case. This demand is the very zenith of an oppressive burden and I certainly will not enforce such a subpoena.

>The government's motion to compel will be denied.

>An Order accompanies this Memorandum Opinion.

                                            _____
                                            JOHN M. FACCIOLA
Dated:                                  UNITED STATES MAGISTRATE JUDGE