**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**RICHARD F. MILLER,**

    **Plaintiff,**

    **v.**                                                                    **CA No. 95-01231 (RCL/JMF)**

**PHILIPP HOLZMANN, et al.,**

    **Defendants.**

**MEMORANDUM ORDER**

    The scheduling order required that all expert reports be exchanged by November 7, 2006. It did not provide any deadlines for the exchange of subsequent rebuttal reports.

    The parties exchanged the reports on November 7, 2006. One of the defendants' experts, Glenn Newman, indicated that, in his report, he would address the business relationship between Harbert International, Inc. and Harbert International Establishment. <u>The United States' and Relator Richard F. Miller's Joint Response in Opposition to Harbert Corporation's and Harbert International Inc.'s Motion to Strike Plaintiffs' Expert Rebuttal Report of Terry L. Musika</u> at 5 (quoting Expert Report at 5). Initially, plaintiffs believed that they would grapple with that relationship as a matter of law but then determined that they would ask one of their experts, Terry L. Musika, to provide an opinion as to that relationship. Musika prepared a report, in the form of a rebuttal, in which he challenged Newman's conclusions. That report was sent to defendants on December 5, 2006. On December 12, 2006, Musika's deposition proceeded as previously scheduled. Defendants advise me, however, that they refused to ask any questions about

the report served on December 5, 2006, at the deposition lest they acquiesce in what plaintiffs had done; they indicate that they made their position known at that time.

Defendants protest that since the scheduling order spoke only of reports to be filed on November 7, 2006, it has to be read to mean that those were the only reports that could be filed and that plaintiffs have unfairly granted themselves the opportunity to file two reports. Plaintiffs insist that the pertinent Federal Rule of Civil Procedure, Rule 26(a)(2)(C), permits such rebuttal and that they easily met the deadlines set in that rule.

Defendants insist that "it is plain that if rebuttal reports were permitted then a separate provision would have been included in the scheduling order." <u>Harbert Corporation's and Harbert International Inc.'s Motion to Strike Plaintiff's Rebuttal Report of Terry L. Musika</u> at 5. I wrote the scheduling order and I wish I had been that prescient. The truth of the matter is that I never considered the possibility that the parties would contemplate and then file rebuttal reports. If I had, I would have allowed for them to be filed and for the depositions to be taken after all the reports were in.

I also appreciate the defendants' argument that initially plaintiffs made the tactical decision to attack the problem of the relationship between the two business entities as a matter of law and then changed their minds. But, by its nature, discovery is a fluid, dynamic process where the parties have to be given some flexibility as information is disclosed. To prevent them from changing their minds as to how to handle a particular issue is a punishment without a crime.

It is clear that whatever prejudice was caused to the defendants can be dissipated if they are permitted to resume the deposition of Musika so they can ask questions about his rebuttal report and are provided an opportunity to have their expert, Newman, to state

his view of Musika's criticism of him. If Judge Lamberth permits me, I would recommend to him that defendants be permitted to resume the deposition of Musika for no more than four hours with the understanding that the questions would be limited to his rebuttal report. I would require Newman to be there so that, in the interests of time, he can hear Musika's criticism of him. If defendants wish, they will be granted ten days in which Newman will have to file any sur-rebuttal report that will be no longer than ten pages long. Plaintiffs may, if they wish, then take Newman's deposition, limited to the views expressed in his sur-rebuttal. That deposition shall be no more than four hours long.

It is therefore, hereby,

**ORDERED** that Harbert Corporation's and Harbert International Inc.'s Motion to Strike Plaintiff's Rebuttal Report of Terry L. Musika [#476] is **DENIED** without prejudice. Movants may seek the relief indicated herein from Judge Lamberth.

**SO ORDERED.**

_____
Dated:                                              JUDGE JOHN M. FACCIOLA
                                                    UNITED STATES MAGISTRATE JUDGE