UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD F. MILLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 95-1231 (RCL) |
| PHILIPP HOLZMANN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM & ORDER

This matter is before the Court on Magistrate Judge John M. Facciola's November 28, 2006, Report and Recommendation [422]. In his Report and Recommendation, Magistrate Judge Facciola addressed the remaining issues in defendant Bill Harbert's Motion to Dismiss the Relator's Fourth Amended Complaint [285] that were not addressed in the magistrate judge's previous March 9, 2006, Report and Recommendation [231]. Specifically, Magistrate Judge Facciola addressed the issue of whether the relator's amended complaint against Bill Harbert was amended to allege with sufficient particularity Bill Harbert's role in the alleged bid-rigging conspiracy. Upon a review of the relator's Fourth Amended Complaint, Magistrate Judge Facciola found that the relator satisfied the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and recommended to this Court that Bill Harbert's motion be denied.

Local Civil Rule 72.3(b) states that when a matter is referred to a magistrate judge for a report and recommendation, "[a]ny party may file written objections to the magistrate judge's proposed findings and recommendations . . . within ten days after being served with a copy

1

thereof." Pursuant to Local Rule 72.3(b), defendant Bill Harbert filed a timely objection to the Report and Recommendation [422]. Defendant did not, however, object to the finding within the Report and Recommendation. Rather, defendant objected to the fact that the magistrate judge still failed to substantively consider in his Report and Recommendation defendant's statute of limitations argument.

Separately, however, this Court has conducted a *de novo* review of the magistrate judge's October 31, 2006, Report and Recommendation [398], to which Bill Harbert raised an objection on similar grounds. Upon review, this Court, citing its opinion in *United States ex rel. Pogue v. Diabetes Treatment Centers of America*, No. 01-cv-50 (RCL), 2007 WL 404260, at *12 (D.D.C. Feb. 7, 2007) (Lamberth, J.), found that the relator could receive the benefit of the alternate three-year limitations period under 31 U.S.C. § 3731(b)(2) of the False Claims Act, depending on the jury's resolution of the level of knowledge the government had as to Bill Harbert's involvement in violations surrounding contract 20A. Accordingly, the Court overruled defendant Bill Harbert's statute of limitations objection, pending the jury's resolution of the aforementioned issue of the government's knowledge of the material facts concerning Bill Harbert's involvement in FCA violations surrounding contract 20A. This Court's resolution of Bill Harbert's objection renders his re-objection on the same grounds moot. Accordingly, this Court must DISMISS AS MOOT Bill Harbert's objection to the November 28, 2006, Report and Recommendation [422].

There still exists the issue of whether the Court should adopt the magistrate judge's finding and recommendation within the Report and Recommendation [422] in light of the fact that no objections were made to it. As this Court recently noted in its opinion reviewing Report and Recommendation [398], "there is no indication that the federal rules governing review of a

magistrate judge's recommendation set forth in § 636(b)(1)(C) were created to a require a district judge to review those portions of a magistrate judge's report to which no objections are filed." (Op. Reviewing R&R [398], at 2-3 (citing *Thomas v. Arn*, 474 U.S. 140, 150-51 (1985).)  In light of the similarities in statutory language between Local Civil Rule 72.3 and 28 U.S.C. § 636(b)(1)(C),[1] this Court finds that it is also not required under the local rules to review those portions of the magistrate judge's report and recommendation to which no objection was filed.[2] Those portions of the report and recommendation that warranted no objection are entitled to be adopted.  Accordingly, this Court will adopt those recommendations.

For the foregoing reasons, this Court finds that the defendant's objection that the magistrate judge failed to consider its statute of limitations argument is DISMISSED AS MOOT. Moreover, this Court finds that the magistrate judge's finding and recommendation that the relator sufficiently pleaded with particularity allegations of fraud against Defendant Bill Harbert is entitled to be adopted, and will therefore be ADOPTED.  Accordingly, the defendant's motion to dismiss [285] on 9(b) grounds is DENIED.

---

[1] *Compare* 28 U.S.C. § 636(b)(1)(C) (2005) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."), *with* L.Cv.R. 72.3(c) (2006) ("A judge shall make a *de novo* determination of those portions of a magistrate judge's findings and recommendations to which objection is made . . . .").

[2] This Court's finding that no requirement exists to review those portions of the magistrate judge's recommendations that were not objected to does not operate as a finding that the district court is not allowed to review those sections.  To the contrary, as both the federal and local rules indicate, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (2005); L.Cv.R. 72.3(c) (2006).

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 7, 2007.