UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD F. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 95-1231 (RCL) |
| | ) | |
| PHILIPP HOLZMANN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

I.   Court's Review of January 10, 2007 Report and Recommendation [507]

This matter is before the Court on Magistrate Judge John M. Facciola's January 10, 2007, Report and Recommendation [507] on defendant Harbert Corporation's Motion [407] for Judgment on the Pleadings.  In its motion, defendant argued that the relator failed to plead alleged fraud with sufficient particularity as required under Federal Rule of Civil Procedure 9(b).  In his Report and Recommendation, Magistrate Judge Facciola recommended to this Court that defendants' motion be granted without prejudice to relator's filing a motion for leave to file a Fifth Amended Complaint so as to correct the 9(b) deficiency with respect to Harbert Corporation's role in any alleged fraud.[1]

Local Civil Rule 72.3(b) states that when a matter is referred to a magistrate judge for a report and recommendation, "[a]ny party may file written objections to the magistrate judge's proposed findings and recommendations . . . within ten days after being served with a copy thereof."  Magistrate Judge Facciola issued his Report and Recommendation on January 10,

---

[1] The magistrate judge added that his dismissal was also without prejudice to fact that Harbert Corporation may file any opposition to the relator's motion it saw fit.

2007. The parties filed no objections to the Report and Recommendation.

Accordingly, upon consideration of the January 10, 2007, Report and Recommendation [507] of Magistrate Judge John M. Facciola, the parties' lack of objections thereto, and the entire file herein, the Court hereby adopts Magistrate Judge Facciola's Report and Recommendation, and orders that the defendant's motion to dismiss [407] be GRANTED WITHOUT PREJUDICE to the relator filing a motion for leave to file a Fifth Amended Complaint, and with the understanding that Harbert Corporation would be able to file any opposition to Relator's motion.

Relator filed a motion [525] for leave to file a Fifth Amended Complaint, to which Defendants filed opposition briefs [539, 540]. The reply [549] having been timely filed, the matter is now ripe before this Court.

In light of the fact that the purpose for filing this Fifth Amended Complaint is to cure a 9(b) deficiency in its prior complaint, this Court finds that the relator must limit its amendment to curing such a deficiency. The relator may not use this opportunity to amend so as to include additional claims against other defendants already named. Rather, the purpose of an amendment to cure a 9(b) deficiency is to further clarify with sufficient particularity those claims arising out of fraud that were already averred in the complaint.

Under the conditions set forth by the Court today, the relator's Fifth Amended Complaint will differ from its predecessor solely as to the issue of the particularity of the claims surrounding defendant Harbert Corporation's role in the alleged fraud. Therefore, the Court is convinced that no new substantive issue of law will be raised in the Fifth Amended Complaint. Accordingly, it is hereby:

ORDERED that, the relator's motion [525] for leave to file a Fifth Amended Complaint is GRANTED; it is further

ORDERED that the scope of the amendments to the relator's Fifth Amended Complaint shall be solely for the purpose of curing the 9(b) deficiency in the Fourth Amended Complaint pertaining to Harbert Corporation's involvement in the alleged fraudulent conspiracy; and it is further

ORDERED that to the extent that the relator cures in its Fifth Amended Complaint the 9(b) deficiency as to claims against Harbert Corporation found in his prior complaints, then the defendants may not file a responsive dispositive motion against that Fifth Amended Complaint. The defendants have had more than ample time–twelve years–to make such arguments. They will not be permitted to delay the trial process any longer with such motions, particularly on the eve of a March 19, 2007, trial date.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 7, 2007.