**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**RICHARD F. MILLER,**

    **Plaintiff,**

    **v.**　　　　　　　　　　　　　　　　**CA No. 95-01231 (RCL/JMF)**

**PHILLIP HOLZMANN, et al.,**

    **Defendants.**

**MEMORANDUM OPINION**

Before me is Harbert Corporation and Harbert International Inc.'s Motion to Compel Production of FBI File. For the reasons stated below, the motion will be granted.

The United States describes the file at issue as the "FBI closing memorandum." I have reviewed it and it consists of a memorandum indicating that the FBI was unable to substantiate the allegations of bid rigging on the contracts at issue in this case. Attached to the memorandum are the FBI agents' summaries of their interviews of the witnesses.

The United States claims that the file is privileged from disclosure by the attorney-client, work product and law enforcement privileges.

First, the attorney-client privilege claim is obviously inapplicable. No one is pretending that the witnesses were the FBI's clients and that they spoke in confidence to those agents for the purpose of securing legal advice or services. See Evans v. Atwood, 177 F.R.D. 1, 3 (D.D.C. 1997).

Second, the interviews were conducted by the FBI to ascertain whether a prosecutable crime had been committed. They were not prepared by either a party or an

attorney in anticipation of civil litigation or for a trial.  Nor do they disclose in any way the mental processes or opinions of any lawyer involved in any aspect of this civil case. The work product privilege is inapplicable. Fed. R. Civ. P. 26(b) (3).

      Moreover, even if one could consider a criminal investigation as potentially anticipating litigation because it may lead to indictment and trial, the materials in the file are, at best, fact work product and available upon a showing of substantial need because there is no substitute. Id.  See United States v. United States Department of Commerce, 201 F.R.D. 265 (D.D.C. 2001).  The need of these defendants to see this file to, for example, impeach witnesses with prior inconsistent statements or to learn of potentially exculpatory witnesses is obvious and there is no substantial equivalent to the agents' notes.

      Third, I have said of the law enforcement privilege:

> The law enforcement investigatory privilege is "designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement" and to "preserve the integrity of law enforcement techniques." *Tuite v. Henry,* 181 F.R.D. 175, 176 (D.D.C.1998). The law enforcement privilege, however, is qualified. *In re Sealed Case,* 856 F.2d 268, 272 (D.C.Cir.1988). In determining whether the privilege will shield a document from discovery, "[t]he public interest in nondisclosure must be balanced against the need of a particular litigant for access to the privileged information." *Id.* The following factors, although not exhaustive, are useful in making this determination: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal

> proceeding either pending or reasonably likely to follow
> from the incident in question; (6) whether the police
> investigation has been completed; (7) whether any
> interdepartmental disciplinary proceedings have arisen or
> may arise from the investigation; (8) whether the plaintiff's
> suit is non-frivolous and brought in good faith; (9) whether
> the information sought is available through other discovery
> or from other sources; and (10) the importance of the
> information sought to the plaintiff's case.

Tri-State Hospital Supply Corp. v. United States, No. 00-CV-1463, 2005 WL 3447890, at * 9 (D.D.C. Dec. 16, 2005).

An analysis of the pertinent[1] factors as they apply to this case mandate the overruling of the privilege and prompt disclosure of the file.

The information in the file is factual, not evaluative and the investigation is long since over. The witnesses were not confidential informants and there will no impact whatsoever upon them because they spoke to FBI agents about an investigation. Surely, one can expect citizens to assist in such an investigation and not be embarrassed because they did. The defenses asserted by these defendants are not frivolous and the information is otherwise unavailable. Finally, the defendants have an obvious need for the information. If it is inculpatory, and the government and relator intend to call the witness who was interviewed, his prior statement may be used to impeach him. If it is exculpatory, then the defendants should know of it. It is not fair for the government to sue someone and then hid behind a privilege information that might exonerate that person.

---

[1] Obviously, the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure, whether the party seeking discovery is a defendant in a criminal proceeding, and whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation are irrelevant.

Simply put, there is no reason to suppress the contents of the file and every reason to let the defendants to see them. I would therefore overrule the claims of any privilege and order the file produced.

I appreciate that the government has not been heard as to the privileges it claims. But, trial is only a few days away. I will therefore stay my order requiring the file to be produced until the pre-trial conference on March 9, 2007. Unless the government convinces Judge Lamberth that I am wrong and that the file should not be disclosed, the file will have to be disclosed forthwith.

An Order accompanies this Memorandum Opinion.

_____/S/_____
JOHN M. FACCIOLA
March 8, 2007                                        UNITED STATES MAGISTRATE JUDGE