UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* RICHARD F. MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> BILL HARBERT INTERNATIONAL <br> CONSTRUCTION, INC., *et al.*, <br><br> Defendants. | Civil Action No. 95-1231 (RCL) |

**MEMORANDUM OPINION & ORDER**

I.     INTRODUCTION

This matter is before the Court on defendants Harbert International, Inc. ("HII") and Harbert Corporation's ("Harbert") March 1, 2007, Motion in Limine [557] to bar plaintiffs' claims on contracts 20A, 07, and 29, and defendants' Memorandum [592] regarding application of the False Claims Act ("FCA") statute of limitations to bar plaintiffs' claims on contracts 20A, 07, and 29. In their Motion and memorandum, defendants present a number of arguments that all of the government's FCA and common law claims, and a majority of the relator's FCA claims are time-barred under the limitations period prescribed under 31 U.S.C. § 3731 of the FCA. Specifically, defendants contend that: (1) the government's FCA claims on contracts 07 and 29 are time-barred because they were filed more than six years after the date of the alleged violations; (2) a substantial number of the government's contract 29 claims are absolutely barred; (3) all of relator's contract 07 claims and most of relator's contract 29 claims are time-barred; (4) the

1

government's common law claims are time-barred; (5) the government's contract 20A claims are barred because they cannot relate back in light of a recent Second Circuit Court of Appeals ruling; and (6) plaintiffs' conspiracy claims are barred under the FCA limitations period.[1]  The relator filed an opposition [681] to the defendants' motion *in limine*, as well as its own memorandum [599] on the statute of limitations issue.  The relator contends that its claims are timely.

For the forgoing reasons, the Court finds that the first four of the defendants' claims are DENIED AS MOOT, and the remaining two claims are DENIED.  Accordingly, defendants' motion [557] and the arguments made within its Memorandum [592] are DENIED.

    A.    Four of Defendants' Arguments are Moot in Light of this Court's Recent Opinions

At the outset, the Court can dispose of a number of arguments urged by the defendants in its March 1, 2007, filings that were ultimately rendered moot as a result of this Court's recent series of Memorandum Opinions and Orders as to Magistrate Judge Facciola's Reports and Recommendations.  In their memorandum, defendants made a series of arguments that the plaintiffs' FCA claims were time-barred.  Defendants also argued that the government's common law claims are time-barred.

Each of the defendants' arguments that the plaintiffs' FCA claims are time-barred are premised upon the magistrate judge's finding in his March 9, 2006, Report and Recommendation

---

[1] The essential crux of the three arguments set forth in the defendants' motion *in limine* [557] is this: plaintiffs are precluded from introducing evidence of a conspiratorial agreement that occurred outside the limitations period prescribed under the False Claims Act; therefore, to the extent that evidence of the agreement falls outside of the limitations period, defendants argue that plaintiffs' conspiracy claims must fail.  As defendants pose this same argument in its memorandum [592], the Court will combine its resolution of both motions.

[231] that plaintiffs' claims as to contracts 07 and 29 "must rest on their own feet." As this Court recently held in its Memorandum Opinion and Order [613], *all* of the government's claims relate back under Rule 15(c) to the date the relator's original complaint was filed, and therefore are not subject to a separate limitations period analysis. This holding stands equally for the relator's claims as to contract 07 and 29. Accordingly, defendants' motions to dismiss these claims as time-barred are DENIED AS MOOT.

Defendants' motion that the government's common law claims are time-barred reopens an argument defendants previously asserted in its objections to Magistrate Judge Facciola's March 9, 2006, Report and Recommendation [231]. This Court rejected the defendants' objection, and found that the government's common law claims were not time-barred because the government's complaint related back to the date of the relator's original complaint, and the common law claims were subject to a six-year limitations period. In light of the fact that the Court already resolved this issue, defendants' motion to dismiss the government's common law claims as time-barred is DENIED AS MOOT.

      B.      Analysis of Defendants' Claim that the Government's Contract 20A Claims are Barred Because they Cannot Relate Back in Light of a Recent Second Circuit Court of Appeals Opinion

In this Court's recent Memorandum Opinion & Order [613], this Court agreed with a finding in Magistrate Judge Facciola's March 9, 2006, Report and Recommendation [231] that the government's claims on contract 20A could relate back to the date of the original complaint.[2]

---

[2] This Court also found that the government's claims as to contracts 07 and 29 could relate back to the relator's original complaint.

The defendants contend that this finding has been called into question as a result of a recent opinion by the Second Circuit Court of Appeals, in which the Second Circuit found that "Rule 15(c)(2) [of the Federal Rules of Civil Procedure] does not permit relation back [of the government's Complaint in Intervention] to a relator's *qui tam* complaint, which is filed under seal." *United States v. Baylor Univ. Med. Ctr.*, 469 F.3d 263, 268 (2d. Cir. 2006). Under this holding, the defendants argue that the claims brought by the government against the defendants are time-barred under the FCA's limitations period.

The Court is not convinced for two reasons. First, though the Second Circuit's opinion is contrary to this Court's recent holding, this Court is not obligated to follow the reasoning espoused by the Second Circuit, as its holding is not mandatory authority on this Court. Second, and more importantly, this very Court has previously acknowledged that relation back under Rule 15(c)(2) "applies to FCA claims." *United States ex rel. Ortega v. Columbia Healthcare, Inc.*, 240 F. Supp. 2d 8, 14 (D.D.C. 2003) (Lamberth, J.). Since this Court's opinion in *Ortega*, there has been no change in the law governing *this* Circuit regarding the applicability of relation back under Rule 15(c) to FCA cases. This Court finds that its decision that Rule 15(c) relation back applies was correct in *Ortega*, and remains correct now. Therefore, defendants' motion is DENIED.

   C. Analysis of Defendants' Argument that Plaintiffs' Conspiracy Claims are Barred under the FCA Limitations Period

Defendants also argue that the plaintiffs' conspiracy claims are barred in light of Judge Friedman's rationale in *United States ex rel. Fisher v. Network Software Assocs.*, 180 F. Supp. 2d 192 (D.D.C. 2002) (Friedman, J.). In its Memorandum Opinion & Order [613], this Court

adopted Judge Friedman's rationale in determining when the statute of limitations for an FCA conspiracy claim begins to run. (*See* Mem. Op. & Order [613] at 5-6.) Following Judge Friedman's holding, this Court found that the statute of limitations for an FCA conspiracy claim

> begins on the date six years prior to the date the complaint was filed, and ends at the filing of the relator's complaint. . . . Accordingly, the relator may use any overt acts that occur within that time frame to prove the underlying conspiratorial agreement, but may not use overt acts occurring prior to the date the statute of limitations began to run. If the relator is successful in proving the existence of the conspiracy by the use of overt acts from within the designated period, "he may recover damages for all violations committed as a part of the conspiracy from that date forward."[3]

Seizing upon this language, defendants point out that the "overt acts" that the plaintiffs allege establish the agreement element of the FCA claims at issue in this case fall outside the limitations period prescribed by the FCA. Therefore, defendants contend that those acts that fall outside the limitations period cannot be used to prove the existence of the conspiracy. Accordingly, defendants argue that all of plaintiffs' conspiracy claims collapse because they lack evidence of an essential element of the conspiracy claim: the agreement.

Defendants have misread *Fisher*. In *Fisher*, the central event of the conspiracy occurred outside of the limitations period, while overt acts in furtherance of the conspiracy occurred within the limitations period. In finding that the conspiracy claim should not be dismissed, Judge Friedman held that a conspiracy claim is not time-barred if the central act of the conspiracy occurred outside of the limitations period, provided the relator is able to point "to other acts in furtherance of the conspiracy that occurred within the six-year limitations period . . . ." *Fisher*, 180 F. Supp. 2d at 194.

Similarly, in this case, plaintiffs have pointed to evidence of a conspiratorial agreement

---

[3] Mem. Op. & Order [613] at 5-6 (quoting *Fisher* 180 F. Supp. 2d at 195).

between the defendants that occurred more than six years prior to the filing of the relator's original complaint. Just as the relator did in *Fisher*, however, plaintiffs in the present case have pointed to other acts allegedly constituting FCA violations in furtherance of the alleged conspiracy that occurred within the six-year limitations period. Therefore, following the *Fisher* analysis adopted by this Court, the fact that the central act of the alleged conspiracy–in this case, the agreement between the defendants–occurred outside the limitations period does not bar plaintiffs' conspiracy claims. Accordingly, defendants' motion to dismiss the plaintiffs' conspiracy claim is DENIED.

    II.    CONCLUSION

For the reasons stated in the opinion above, defendants' motion [557] and the arguments made within its Memorandum [592] are DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 14, 2007.