UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RICHARD F. MILLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 95-1231 (RCL) |
| BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION & ORDER

Before the Court is the Motion [577] in Limine to Preclude Evidence that Contradicts Judicial Admissions, filed by Bilhar, Bill L. Harbert, Harbert UK, and BHIC. The Motion seeks to bind the government to an argument it advanced, as an alternative to other possible arguments, in an opposition brief. As has been well stated:

> A judicial admission is usually treated as absolutely binding, but such admissions go to matters of fact which, otherwise, would require evidentiary proof . . . the doctrine of judicial admissions has never been applied to counsel's statement of his conception of the legal theory of the case. When counsel speaks of legal principles, as he conceives them and which he thinks applicable, he makes no judicial admission and sets up no estoppel which would prevent the court from applying to the facts disclosed by the proof, the proper legal principles as the Court understands them.

*New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963) *cert. denied*, 376 U.S. 963 (1964).

The passage these defendants try to fix as a judicial admission was advanced in the government's Opposition [214] to Harbert International Inc.'s Motion for Judgment on the

1

Pleadings, and addressed the government's legal argument or theory as to how certain evidence could be construed. It was not an assertion of any fact, but rather an assertion as to what inferences the government thought should be drawn from alleged facts based on the legal context at issue at that time. "It is of the nature of an admission, plainly, that it be by intention an act of waiver relating to the opponent's proof of the fact, and not merely a statement of assertion or concession made for some independent purpose." *McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959).

Courts generally limit the invocation of "judicial admissions" to affirmative, unequivocal factual admissions, whereas this motion seeks to bind the government to a legal argument advanced, in the alternative, in one paragraph in one brief in this voluminous docket – an argument taken out of context, at that. Courts use judicial admissions to keep parties honest and keep proceedings efficient where a party has waived the need to prove a fact. The judicial admissions doctrine was not meant to facilitate games of "gotcha" in which parties seek to bind each other to prior arguments. If defendants admire the argument advanced in the government's brief, they may make it themselves at trial. The Motion [577] is DENIED.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, March 14, 2007.