UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* RICHARD F. MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> BILL HARBERT INTERNATIONAL <br> CONSTRUCTION, INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 95-1231 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs' Motion [562] to Preclude Defendant E. Roy Anderson From Contesting Liability, which is in essence the mirror image of Anderson's Motion [560] in Limine Prohibiting Introduction of Conviction and Precluding Him From Putting on a Complete Defense. As explained below, both Motions [562 & 560] are GRANTED in part and DENIED in part. Anderson's Motion [563] in Limine Prohibiting Introduction of Eleventh Circuit Decision Affirming Anderson's Conviction is GRANTED, as discussed below. Also before the Court is plaintiffs' Motion [558] to Preclude Defendant Bilhar International Establishment f/k/a Harbert International Establishment From Contesting Liability, which is GRANTED.

First, plaintiffs' Motion [562] avers that Anderson's criminal conviction precludes him from contesting liability in this case, on the basis of general issue preclusion principles and 31 U.S.C. § 3731(d), which provides that "a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or

1

upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any [False Claims Act] action which involves the same transaction as in the criminal proceeding." Anderson's Motion [560] simply seeks a declaration that he can contest his case.

Anderson was convicted of two counts – conspiracy under the Sherman Act, and conspiracy to defraud the government under 18 U.S.C. § 371. In his March 9, 2006 Report & Recommendation [231], Magistrate Judge Facciola recommended partial summary judgment against Anderson, allowing him to contest causation and damages. As the Magistrate Judge explained, collateral estoppel may be applied when "the same issue was contested by the parties and submitted for judicial review in the prior case; that issue was necessarily determined in the prior case, and preclusion in the second case would not work a basic unfairness to the party to be bound." *Miller v. Holtzmann*, 2006 WL 568722 at *13 (D.D.C. 2006). The Magistrate Judge concurred with the Eleventh Circuit's opinion affirming Anderson's conviction, treating it as a conviction for "participat[ion] in a conspiracy to rig the bids on the three contracts at issue here." *Id.*

But what the Eleventh Circuit said may be different from what the jury in Anderson's case actually found, and it is the jury's verdict that forms the basis for issue preclusion. The jury in this case found Anderson guilty of conspiracy to violate the Sherman Act and conspiracy to defraud the government. On the conspiracy to defraud count, the jury's verdict means that it necessarily found that Anderson had entered into a conspiracy to rig bids and submit claims

thereunder and committed an overt act in furtherance.[1]  This is enough to preclude Anderson on the issue of conspiring to submit false claims, which is the crux of Count II of relator's complaint, targeting conduct proscribed by 31 U.S.C. § 3729(a)(3).

But the jury's verdict did not necessarily require that it find Anderson guilty of conspiring to rig the bidding on all three contracts.  It is true that the government's *theory* in the criminal trial was the same as plaintiffs' theory in this case: that there was one single, overarching conspiracy that necessarily involved all three contracts.  But the jury could have rejected that theory and still convicted based upon its conclusion that Anderson only participated in the conspiracy as to one or two contracts. No special verdict form or juror interrogatories were used that might add specificity to the general verdict.  Moreover, the general conviction for conspiracy does not include any finding that Anderson and his cohorts were successful in rigging the bids for each and every contract at issue.

The bulk of the case advanced by relator and the government, under 31 U.S.C. § 3729(a)(1) and (a)(2), requires proof that defendants *did* defraud the government, not just that they *conspired* to do so, and it requires proof as to *each* contract defendants fraudulently induced, because it is that fraud which taints each request for payment under that contract.  The proper

---

[1] As Magistrate Judge Facciola pointed out, the Sherman Act count alleged the same bid rigging that underlies all the causes of action in this case.  But as Anderson points out, there were four contracts at issue under that count, so it is *conceivable* that the jury only found Anderson guilty of conspiring to rig bids as to that fourth contract, not at issue here.  But this would make the jury's two verdicts irreconcilable, since the conspiracy to defraud, which overlaps with and flows from the Sherman Act conspiracy, only involved the three contracts in play here.  Thus it is highly likely that the jury's verdict on the Sherman Act count embraced at least one contract at issue here. Under the FCA, bid rigging renders subsequent claims for payment under a rigged contract false.  *See cases cited infra.*  Thus, conviction of conspiracy to rig bids under the Sherman Act, even if the jury found that count proven as to one contract only, is sufficient to establish liability for conspiracy to submit false claims.  The former embraces the latter.

way to determine the preclusive effect of a criminal conviction or guilty plea is that employed by Judge Oberdorfer in *Alsco-Harvard Fraud Litigation*, 523 F.Supp. 790 (D.D.C. 1981), where he recognized that "the admission of a conspiracy is not tantamount to an admission of responsibility for the complete recital of deeds that plaintiff ascribes to the conspiracy," and concluded that "'though the defendants pleaded guilty to the general conspiracy, nevertheless the burden is on the Government to prove that the specific transactions affecting each contract were the fruitful result of said conspiracy.'" *Id.* at 803 (quoting *United States v. American Packing Corp.*, 113 F.Supp. 223, 225-26 (D.N.J. 1953)).  Because the jury's verdict does not necessarily mean that it found Anderson guilty of joining the conspiracies as to each contract, its verdict can only preclude Anderson on the conspiracy count and cannot bar him from contesting his liability for substantive violations of the FCA.  For that reason, both motions are granted in part and denied in part.  As to all claims, Anderson may still contest causation and damages.

  Similarly, plaintiffs filed a Motion [558] to preclude Bilhar International Establishment, also known as Harbert International Establishment, from contesting liability on Contracts 20A and 29, on the grounds that Bilhar's guilty plea in the criminal case against it collaterally estops a challenge to liability in this case.  As a threshold matter, Bilhar argues that this motion is dispositive and barred by the Court's Order cutting off the filing of further dispositive motions, and that the instant motion in any event does not comply with Local Civil Rules governing the filing of summary judgment motions.  But the Court's order cut off the filing of *new* dispositive motions.  The government had moved for partial summary judgment on the issue of liability as to Bilhar International Establishment, formerly known as Harbert International Establishment.  In his March 9, 2006, Report and Recommendation [231], Magistrate Judge Facciola did not reach

the merits of the government's motion because he determined that the two entities were not the same, and that Harbert International Establishment Inc. was not a party to the action.  Since that time, however, this Court found that plaintiffs have proven by a preponderance of the evidence that defendant Bilhar should have known that it was the intended defendant, and accordingly allowed the plaintiffs' amended complaints against Bilhar to relate back to the relator's original complaint, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.  (*See* Mem. Op. & Order [617] at 12.)  The resolution of that issue necessitates that this Court now confront the issue of preclusion as to Bilhar, which was pending at the time of Magistrate Judge Facciola's Report and Recommendation [231], but was never resolved.

     Here we are faced with the flipside of the preclusion scenario as it applied to Anderson.  There, the criminal defendant was convicted on general conspiracy counts, with no finding that he participated in the conspiracy as to each contract or that the conspiracy succeeded and resulted in submission of false claims.  Here, by contrast, Bilhar pleaded guilty and executed a Plea Agreement [558-3] and Joint Rule 11 Memorandum [558-4] that set forth the specific facts to which Bilhar was admitting and the offense to which it was admitting guilt.  The Rule 11 Memorandum specifically states that Bilhar entered into a conspiracy "to rig the bids" on the three contracts at issue; that the conspirators agreed to bid at certain levels or not to bid; that Bilhar bid on two contracts and paid co-conspirators for their bids; that Bilhar did not bid on one contract and received payment in return from its co-conspirators; and that the conspirators performed the three contracts, submitted payment requests, and were paid by the United States government.  These facts, as admitted by Bilhar, encompass the vital elements of the FCA case alleged here, both as to the conspiracy and the substantive allegations of false claims.

What is crucial here is that Bilhar (1) admitted to participating in a conspiracy that encompassed specific contracts and (2) admitted that rigged bids were actually submitted, the contracts were performed, and payment was made – in other words, the Rule 11 Memorandum specified the contracts covered by the conspiracy and admitted that it was a successful conspiracy.  Even though Bilhar's plea was to the Sherman Act conspiracy, it necessarily embraced all the elements essential to FCA liability here.  Bilhar argues that the Sherman Act has nothing to do with false claims or statements, and thus cannot support issue preclusion in an FCA case.  This is to no avail; the guilty plea to the Sherman Act count establishes that Bilhar participated in rigging the bids on the contracts at issue.  Under the FCA, invoices submitted under a contract are false if the contract was fraudulently induced, including contracts in cases of bid rigging.  *See, e.g., United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943); *United States v. Krizek*, 111 F.3d 934 (D.C. Cir. 1997); *United States ex rel. Alexander v. Dyncorp, Inc.*, 924 F.Supp. 292, 298 (D.D.C. 1996) (Harris, J.); *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 787-88 (4th Cir. 1999) (collecting cases).  Plaintiffs in this case are thus entitled to issue preclusion as to liability on Contract 20A and Contract 29 for Bilhar International Establishment, formerly known as Harbert International Establishment, and their Motion [558] is GRANTED.  Bilhar remains free to contest causation and damages.

Finally, Anderson's Motion [563] in Limine Prohibiting Introduction of Eleventh Circuit Decision is GRANTED.  The appellate decision is hearsay, and plaintiffs identify no proper exception for its admission.[2]  More importantly, the opinion lacks any real probative value, as the

---

[2]Plaintiffs argue that the decision could be introduced or referred to as "[e]vidence of a final judgment . . . to prove any fact essential to sustain the judgment," which is excluded from the hearsay rule under Rule 803(22).  It is not clear that this exception paves the way for

appeals court did not purport to *find* facts, but merely recited evidence supporting what the jury *could* have found.  Any probative value the opinion could have is substantially outweighed by the very real danger of unfair prejudice, as a jury may be tempted to give undue weight to the appeals court's recitation of facts, or could even "assume that the opinion is entitled to as much weight as the trial court's instructions since both emanate from courts." *Johnson v. Colt Industries Operating Corp.*, 797 F.2d 1530, 1534 (10th Cir. 1986).

    SO ORDERED.

    Signed by Royce C. Lamberth, United States District Judge, March 14, 2007.

---

admission of an appellate opinion to prove the existence of a final judgment in a criminal trial, since the final judgment itself will generally be the proper method of proof.  At any event, in this case, the facts "essential to sustain the judgment" against Anderson have been given preclusive effect.  There is thus no need to admit his criminal judgment, or any evidence thereof, and no other permissible purpose to be served by such evidence.