UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RICHARD F. MILLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 95-1231 (RCL) |
| BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION & ORDER

Before the Court are a handful of motions related to admissibility of evidence of settlements entered into prior to this case and of the remedies available in this case. Plaintiffs' Motion [579] in Limine to Exclude References to or Evidence of Previous Settlements or Relator's Share Therein is DENIED. Plaintiffs' Motion [572] in Limine to Exclude Evidence of Reference to the Court's Statutory Duty Under the False Claims Act to Award Treble Damages and Assess Civil Penalties is GRANTED. The Court's reasoning is set forth below.

Plaintiffs' first Motion [579], seeks to exclude any reference to prior settlements in or related to this case and to the relator's share thereof. Defendants opposed this motion, arguing that the existence and terms of prior settlements is vital to their ability to probe for bias those witnesses who are connected to the settlements, especially current or former employees of entities that have settled. This is true, as both the existence and terms of the settlements – including amount and any cooperation agreements – are probative of the witnesses' credibility

1

and motivation in testifying. While perhaps slightly less probative, the relator's participation in these settlements, including amounts, is relevant to his motivation in maintaining an account of events consistent with any representations made in the course of pursuing those settlements. The cases cited by defendants are persuasive in their brief explanations of why settlements can be probative on the issue of bias. *See In re CFS-Related Secs. Fraud Litig.*, 2003 U.S. Dist. LEXIS 15230 (N.D. Okla. 2003); *ABN-Amro Inc. v. Capital International Ltd.*, 2006 U.S. Dist. LEXIS 3780 (N.D. Ill. 2006); *Haworth v. United States*, 2000 U.S. Dist. LEXIS 8298 (D. Kan. 2000); *see also* Fed. R. Evid. 408 (allowing evidence of settlements when used to show bias or prejudice of a witness). Plaintiffs cite only a slight risk of undue prejudice, in that a jury may be tempted to reduce any damage award in this case to off-set amounts already received. That risk does not substantially outweigh the probative value of the evidence. On the limited issue of witness bias, this evidence is admissible, and the Motion [579] is DENIED.

On the other hand, plaintiffs' Motion [572] to exclude any evidence of reference to the possibility of treble damages and statutory penalties under the False Claims Act regime is GRANTED. As Magistrate Judge Facciola described it, and as acknowledged above, the fact that relator has a significant financial interest in this litigation is fair game for cross-examination, as it pertains to relator's potential bias. *See* Order of Magistrate Judge Facciola, Dec. 5, 2006, at 2-3 [432]. That fact can adequately be demonstrated by cross-examining relator on the fact that he stands to share in any recovery, and even what his proportional share is likely to be. That would dispel any notion in the jury's mind that the relator has no stake in this case and is thus

free of bias.[1]

Yet defendants argue that they must also be able to introduce evidence of the potential *amount* of relator's recovery, since the addition of trebled damages and statutory penalties increases the relator's risk of bias and impaired credibility. Whatever slight incremental probative value such evidence might carry is substantially outweighed by the significant prejudicial effect it is likely to have.

This was best set forward some fifty years ago by Judge Holtzoff of this District, who in an analogous context refused to instruct his jury on treble damages: "There was no reason for informing the jury that whatever damages they would award would be trebled, because this is a matter solely for the court. In fact, the jury might have taken such a statement as an intimation to keep the damages at a low level, in view of the fact that the amount allowed by the jury would be multiplied by three. This would have tended to defeat the purpose of the Act of Congress." *Webster Motor Car Co. v. Packard Motor Car Co.*, 135 F.Supp. 4, 11 (D.D.C. 1955) (Holtzoff, J.), *rev'd on other grounds*, 243 F.2d 418 (D.C. Cir. 1957).

As Judge Holtzoff aptly put it, the jury's job in this case will be to determine the number of violations and fix the amount of actual damages, if any. The application of statutory penalties and trebling of damages are mechanical actions for the Court alone. There is scarce little probative value in schooling a jury on penalties and trebling, but a real risk that a jury so schooled might invade the Court's domain by reducing its damages figure or the number of violations it finds in order to offset the effect of penalties and trebling. Despite defendants'

---

[1] The Court wonders whether a jury would really believe that the relator has gone through the time, effort, and expense of advancing this complex case merely out of a sense of altruism.

protestations, there are numerous ways a jury could do this in an FCA case.

Likewise, if a jury were to reduce its damages assessment because of its awareness of penalties and trebling, it would thwart important goals of the FCA. The FCA seeks first to make the government whole, and it is well recognized that some component of a treble damages award in an FCA case is compensatory, covering the costs of investigation, detection, and prosecution, prejudgment interest, the consequential damages of fraud, and the costs of enticing relators to bring suit, all of which are implicated in FCA cases but none of which are otherwise provided for in the statutory scheme. *See Cook County v. United States ex rel. Chandler*, 538 U.S. 119, 130-31 (2003). The remainder of an FCA damages award is meant to be punitive and to provide both general and specific deterrence, and a jury should not be put in a position where it has the temptation or the opportunity to tinker with the statutorily prescribed scheme.

The Supreme Court has strongly implied that juries in FCA cases are generally not to be made aware of penalties and trebling, observing that "under the FCA, the jury is open to no such temptation [to improperly increase or decrease an actual damages award]; if it finds liability, its instruction is to return a verdict for actual damages, for which the court alone then determines any multiplier, just as the court alone sets any separate penalty." *Cook County*, 538 U.S. at 132. In addition, plaintiffs point out that the great weight of authority from a variety of contexts establishes the general rule that it is error to instruct a jury as to treble damages, attorneys fees, or other court-determined awards that might pervert the jury's damages determination. The logic of those cases – which apply and discuss the antitrust laws, RICO, 42 U.S.C. § 1988, and a range of other actions – applies with equal force here. *See, e.g., Brooks v. Cook*, 938 F.2d 1048, 1052 (9th Cir. 1991); *Semke v. Enid Auto. Dealers Ass'n*, 456 F.2d 1361, 1370 (10th Cir. 1972);

*Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1308 n.7 (7th Cir. 1987); *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1242 (5th Cir. 1974).

      For the foregoing reasons, the Motion [579] to exclude evidence of previous settlements is DENIED, insofar as such evidence may be used to establish the bias of a witness or party, and the Motion [572] to exclude any evidence of or reference to statutory penalties or treble damages is GRANTED.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, March 14, 2007.