UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* RICHARD F. MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> BILL HARBERT INTERNATIONAL <br> CONSTRUCTION, INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> Civil Action No. 95-1231 (RCL) |

**MEMORANDUM OPINION & ORDER**

I.     INTRODUCTION

This matter is before the Court on defendants' Bill L. Harbert, and Bill Harbert International Construction, Inc.'s ("BHIC") motion [583] in limine for an Order precluding the relator from offering evidence in furtherance of an alter ego theory of liability against Bill L. Harbert and BHIC.[1] Also at issue is whether the relator, in his Fifth Amended Complaint, has successfully cured the Rule 9(b) fraud deficiency within his Fourth Amended Complaint, found by Magistrate Judge Facciola and adopted by this Court.[2] Defendant Harbert Corporation made an oral motion to dismiss the relator's Fifth Amended Complaint on Rule 9(b) grounds at the

---

[1] Prior to this filing, the issue of what amendments fell within the scope of the relator's Fifth Amended Complaint was previously addressed in the parties' pleadings surrounding the relator's motion [525] for leave to file a Fifth Amended Complaint. (*See also* Defs.' Opps. [539, 540] and Pl.'s Reply [549].)

[2] This issue was argued by counsel for defendant Harbert Corporation before the Court at the March 9, 2007, pretrial hearing.

pretrial hearing.  For the forgoing reasons, the Court finds that the defendants motion [583] should be GRANTED, and defendant Harbert Corporation's oral motion will be GRANTED IN PART and DENIED IN PART.  The relator has satisfied its burden of pleading fraud as to defendant Harbert Corporation with sufficient particularity solely as to Contract 20A, but the relator's claims against defendant Harbert Corporation as to contracts 07 and 29 shall be DISMISSED.

    II.    DISCUSSION

        A.    Alter Ego Analysis

Defendants seek to prevent the relator from introducing a new theory of alter ego liability into his Fifth Amended Complaint.  Defendants argue that the addition of this claim at the last minute will unfairly prejudice the defendants, and will hinder the Court in light of the fact that the Court will have to make a separate determination of whether the relator has established as a matter of law an alter ego claim against the defendants.  Rather, they contend that the relator is only allowed to include amendments relating to defendant Harbert Corporation ("Harbert").  (*See* Mot. [583] at 2.)  In his reply brief supporting his motion [549] for leave to file a Fifth Amended Complaint, the relator argues that no such prejudice will occur, and that the relator may properly add claims and theories that reach all defendants.  (*See* Reply Mem. [549].)  The Court does not agree with the relator's position, and finds that the defendants' motion should be GRANTED for two reasons.

First, according to the language in this Court's recent Memorandum Opinion & Order [620], the relator was instructed by the Court to limit its amendments solely to cure the Rule 9(b) deficiency as to defendant Harbert.  On January 10, 2007, Magistrate Judge Facciola issued a

Report and Recommendation [507], in which he found that the relator's Fourth Amended Complaint failed to plead fraud against defendant Harbert with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure. The magistrate judge recommended dismissing the relator's Fourth Amended Complaint without prejudice to the relator re-filing a Fifth Amended Complaint with the specific purpose of curing the 9(b) deficiency. This Court, in its Memorandum Opinion & Order [620], adopted the magistrate judge's recommendation, and ordered that the relator was granted leave to file a Fifth Amended Complaint solely for the purposes of curing the 9(b) deficiency. A necessary conclusion that must be drawn from this Order is that the relator was not granted leave to amend its complaint for any other reason. Naturally, this includes a restriction on amending the complaint with additional theories of liability.

     Second, allowing the relator to include a new theory of liability at this late stage is not justified in light of the law surrounding post-discovery amendments to the complaint. Though a plaintiff should be allowed to freely amend a complaint under Rule 15 "when justice so requires," there are some exceptions to this rule. According to the D.C. Circuit, a court is not obligated to grant leave to amend a complaint if there exists "undue delay, bad faith on the part of the moving party, or undue prejudice to the opposing party." *Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C. Cir.1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Two of those exceptions are implicated in the present case. As the D.C. Circuit noted, allowing a plaintiff to add a new theory of liability imposes a requirement to allow the defendants imputed by this new theory of liability to conduct additional discovery to contest the new theory. *See Sinclair*, 645 F.2d at 1085. Naturally, in light of the complexity of this case and the number of defendants, allowing

discovery as to all defendants implicated by the new theory would cause an undue delay. Additionally, there would be an even greater delay on top of discovery to allow the Court to assess whether the relator has successfully pleaded his alter ego theory as a matter of law. To fail to do so would unduly prejudice the defendants because they would not have been given a full opportunity to prepare an adequate defense against an entirely new liability theory brought at the last-minute.

Accordingly, this Court finds that the defendants' motion to preclude the relator from including a theory of alter ego liability as to any defendant is GRANTED.

B.   Sufficiency of Fraud as to Harbert Corporation in Relator's Fifth Amended Complaint

In its recent Memorandum Opinion & Order [620], this Court adopted Magistrate Judge Facciola's finding that the Fourth Amended Complaint failed to plead fraud with particularity as to defendant Harbert, as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Court dismissed the complaint without prejudice so that the relator might cure the 9(b) deficiency. In response, the relator ultimately filed its Fifth Amended Complaint with this Court.[3]

---

[3] The relator's initial attempt at filing a Fifth Amended Complaint occurred on January 31, 2007, when it filed its motion [525] for leave to file the complaint. In compliance with subsequent requests and Orders by this Court and Magistrate Judge Facciola (*See* Feb. 16, 2007 Minute Order; Mem. Op. & Order [620]), the relator filed a subsequent version of the Fifth Amended Complaint on March 8, 2007. This is the version of the Fifth Amended Complaint that counsel for defendant Harbert referenced in his argument before this Court on March 9, 2007. Finally, the relator filed its final version of the Fifth Amended Complaint on March 9, 2007, in order to comply with the magistrate judge's March 9, 2007, Minute Order requiring the relator to file a revised complaint naming only those parties remaining in the case at present. Other than eliminating the statements within the complaint that reference the now-dismissed parties, the March 9, 2007 Fifth Amended Complaint does not vary in any way from the March 8, 2007

Comparing the two complaints, the relator added a series of paragraphs concerning defendant Harbert, listed below in order, by paragraph number:

> 12. Defendant Bill L. Harbert was the President, Director, Chief Operating Officer, and Vice Chairman of Defendant Harbert Corporation . . . .
>
> . . . .
>
> 14. Defendant Harbert Corporation provided certain office space in the Headquarters Building to Defendant Bill L. Harbert and his staff, without rent.
>
> 15. Defendant Harbert Corporation provided material services, such as insurance, personnel, telephone and computer services to Defendant Bilhar f/k/a HIE.
>
> 16. Defendant Harbert Corporation had a master insurance program that provided coverage for various Harbert entities, including, but not limited to Defendant Harbert International, Inc. ["HII"] and Defendant Bilhar f/k/a HIE.
>
> 17. Defendant Harbert Corporation assumed certain obligations in order to allow Defendant Bilhar f/k/a HIE to perform much of the work in question. As late as 1993, it was the position of Harbert Corporation that "the bonded obligations on the 'HIE jobs' contracted in HII's name are significant, and each of HII and the Corporation are jointly

---

version.

and severally liable on these bonds."

18. Defendant Harbert Corporation helped arrange and maintain Harbert/Jones Joint Venture bank accounts held in the name of Defendant Bilhar f/k/a HIE. Moreover, Defendant Harbert Corporation's consolidated analysis of bank accounts included at least one SouthTrust bank account for the Harbert/Jones Joint Venture on Contract 20A, and Defendant Bill L. Harbert, a director and officer of Harbert Corporation and Harbert International, Inc., was a signatory on a SouthTrust bank account held by the Harbert/Jones Joint Venture on Contract 20A.

. . . .

34. Defendant Harbert Corporation, through its employees and agents, had knowledge of or recklessly disregarded evidence of acts in furtherance of the conspiracy, including but not limited to, acts of Defendant Bill L. Harbert and Terry Windle; the fact that Defendant Bilhar f/k/a HIE was understating its expected return on Contract 20A; and the fact that Defendant E. Roy Anderson, a co-conspirator, used an allegedly false title when purporting to represent HII in documents submitted to government entities.[4]

At issue before the Court is whether these added statements concerning Defendant Harbert sufficiently plead fraud with particularity as to defendant Harbert. Defendant argues that

---

[4] (Relator's Fifth Amended Complaint [687] 4-6, 9.)

the additional statements of acts by the defendant only establish that Harbert Corporation or its agents knew that they were doing an act. In defendant's view, these statements do not establish that Harbert Corporation knew that these acts were in furtherance of any conspiracy or improper purpose. In essence, defendant argues that the relator has failed to allege the requisite intent by the defendant to act as a part of this conspiracy. It stands to reason, then, that if the relator has sufficiently alleged that defendant Harbert had knowledge of the conspiracy, the defendant's acts can be deemed in furtherance thereof.

Based upon the additional allegations set forth in the relator's complaint, the Court finds that defendant Harbert allegedly had the requisite knowledge of the conspiracy because its director/officer, Bill L. Harbert knew of the conspiracy. Under general principles of agency law, knowledge by a corporation's officers or agents is generally attributable to the corporation itself. *BCCI Holdings (Luxembourg), S.A. v. Clifford*, 964 F. Supp. 468, 478 (D.D.C. 1997). This knowledge is attributable to the corporation regardless of whether the corporate officer actually discloses the information to the corporation. *Id.* (citing Fletcher Cyc. Corp. § 790, at 15-16). This principle is based upon the fact that a corporate officer owes a fiduciary duty of loyalty to the corporation that requires the corporate officer to communicate the officer's knowledge to the corporation. *Id.* (citing Fletcher Cyc. Corp. § 819, at 116).

Applying this standard of imputed knowledge to the facts of this case, it is clear that Harbert Corporation had knowledge of the conspiracy by virtue of the knowledge possessed by its corporate officer, Bill L. Harbert. As paragraph 12 of the relator's Fifth Amended Complaint shows, Bill L. Harbert was a corporate officer of defendant Harbert because he was the "President, Director, Chief Operating Officer, and Vice Chairman of Defendant Harbert

Corporation." (Relator's Fifth Am. Compl. [687] 4.) The Fifth Amended Complaint also indicates that Bill L. Harbert was a "central player[] across this multi-contract conspiracy." Such an averment clearly indicates with particularity that Bill L. Harbert knew of the multi-contract conspiracy. Therefore, Mr. Harbert's knowledge is imputed to defendant Harbert.

An issue still remains, however, as to whether the relator has established with sufficient particularity that defendant Harbert–equipped with the imputed knowledge of the conspiracy–engaged in fraudulent actions in furtherance thereof. Upon a review of the additional statements within the Fifth Amended Complaint, the relator has only pleaded with particularity defendant's involvement as to contract 20A. Specifically, the relator points out that the defendant was involved in arranging and maintaining a SouthTrust bank account for the Harbert/Jones Joint Venture on contract 20A, and that its officer, Bill L. Harbert was a signatory for that bank account. The relator also avers that the defendant knew of Bilhar's understating of its expected returns on contract 20A, creating a reasonable inference that defendant was aware of fraudulent activity as to that contract.

There is no specific allegation, however, that the defendant engaged in any activity as to the remaining two contracts. The remaining additional statements regarding defendant's providing material services, office space, and insurance do not plead any fraudulent acts at all. Even if these acts are viewed in the context that the defendant had knowledge of the conspiracy while engaging in these acts, there is no specific allegation that these acts were done in furtherance of fraud or were engaged in as to any specific contract at issue in this case. Moreover, none of the other references to Bill L. Harbert in the complaint indicate in any way that he engaged in fraudulent activity while in the role as director/officer for defendant Harbert.

Rather, the averments merely state that Bill L. Harbert engaged in fraudulent activity, without indicating whether he was acting for a specific company or not. As the complaint notes, Bill L. Harbert was the director of many companies. Rule 9(b) requires more specificity than this in order to impute those actions by Bill L. Harbert to any particular company. Therefore, the Court finds that the relator has not pleaded with sufficient specificity allegations of fraud against defendant Harbert as to contracts 07 and 29. Accordingly, the Court finds that the relator's claims as to contracts 07 and 29 against defendant Harbert Corporation should be DISMISSED.

III.   CONCLUSION

For the aforementioned reasons, the Court finds that the defendants' motion [583] is GRANTED, and defendant Harbert Corporation's oral motion to dismiss the relator's Fifth Amended Complaint is GRANTED as to claims on contracts 07 and 29, and DENIED as to claims on contract 20A.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 14, 2007.