UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RICHARD F. MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., *et al.*, <br><br> Defendants. | Civil Action No. 95-1231 (RCL) |

**MEMORANDUM OPINION & ORDER**

I.    INTRODUCTION

This matter is before the Court on defendant E. Roy Anderson's ("Anderson") motion [565] in limine to bar plaintiffs' claims on contracts 20A, 07 and 29, and the government's common law claims on the ground that these claims are time-barred. Specifically, defendant contends that: (1) the government's common law claims are time-barred; (2) the statute of limitations issue as to the plaintiffs' False Claims Act ("FCA") claims should be resolved separately for each contract at issue; (3) plaintiffs should be precluded from bringing claims against defendant on all contracts because the claims are each time-barred.

For the forgoing reasons, the Court finds that the defendant's motion as to the timeliness of the government's common law claims is DENIED, that the defendant's motion that the timeliness of the claims on the contracts at issue be addressed individually is also DENIED, and that the defendant's motion to preclude evidence of the contract claims against him is GRANTED

IN PART and DENIED IN PART.

## II. DISCUSSION

Defendant first argues that the government's common law claims are time-barred by the three-year statute of limitations prescribed in 28 U.S.C. § 2415(b), which governs common law claims founded in tort brought by the government. This Court has already found that the government's common law claims are not based in tort, but rather are based in contract. Therefore, the claims are subject to the six-year limitation period set forth in 28 U.S.C. § 2415(a). In light of the fact that the Court already rejected this argument from other defendants, and based upon the same rationale set forth in its opinions finding the government's common law claims timely, defendant's argument that the government's common law claims are time-barred is DENIED.

Defendant next argues that the plaintiffs' FCA claims are time-barred. First, the defendant argues that the timeliness of the claims on each of the three separate contracts must be assessed individually in light of Magistrate Judge Facciola's finding that "the government's claims as to Contracts 07 and 29 must rest on their own feet." (Mar. 9, 2006 Rep. & Reco. [231].) Under this interpretation, the defendant argues that the claims for each contract are untimely. Defendant's argument that a separate statute of limitations calculation must be undertaken for each of the three contracts is rejected, however. As this Court recently held in its Memorandum Opinion and Order [613], *all* of the government's claims relate back under Rule 15(c) to the date the relator's original complaint was filed because the contract 07 and 29 claims were a part of an alleged overarching multi-contract bid-rigging conspiracy, and therefore arise

out of the same "conduct, transaction, or occurrence" set forth in the relator's original complaint.[1] Therefore, plaintiffs' additional claims on contracts 07 and 29 are not subject to a separate limitations period analysis, and are deemed measured by the statute of limitations applicable to the claims on contract 20A brought in relator's original complaint, which was filed on June 30, 1995.  Accordingly, defendant's assertion that the claims on each contract must be assessed separately is DENIED.

Notwithstanding this holding, the defendant argues that the plaintiffs' conspiracy claims against him specifically are time-barred because he was added as a new defendant to this case in the relator's complaint on December 28, 2000, and in the government's complaint in March 13, 2001.  Inherent in this argument is the defendant's contention that he was added to the complaints solely because the parties' uncovered evidence of his possible involvement in the alleged conspiracy during discovery.  As a result, the defendant argues that relation back under Rule 15(c) cannot apply to claims against him in the plaintiffs' respective amended complaints because his addition to those amended complaints was not to correct a misnomer from a prior pleading.  Therefore, the defendant urges this Court to measure any limitations period on the FCA claims against him from the filing dates of the plaintiffs' respective complaints.

Applying this analysis, the defendant argues that any of the claims brought by the plaintiffs against the defendant that occurred prior to March 13, 1995, are time-barred under the six-year limitations period under 31 U.S.C. § 3731(b)(1).[2]  Alternatively, defendant contends

---

[1] This holding stands equally for the relator's claims as to contract 07 and 29.

[2] The defendant argues this encompasses all claims brought on contract 20A, as well as many of the claims on contracts 07 and 29.

that, under the alternate three-year limitations period in § 3731(b)(2), a large portion of the government's claims against the defendant would be time-barred.[3]  Therefore, he argues the plaintiffs should be precluded from presenting evidence of any of the time-barred claims against him.

     In light of the defendant's arguments, and for the forgoing reasons, the Court must GRANT IN PART and DENY IN PART the defendant's motion to preclude the evidence against him.  First, the defendant is correct when he argues that the claims against him cannot relate back to the date the relator's original complaint was filed.  This is exactly the same finding the Court made with respect to Bill L. Harbert, another defendant who was added to the relator's Second Amended Complaint in a similar manner.[4]  As this Court found with Bill Harbert, there was no evidence that the relator added Mr. Harbert to correct a misnomer in the original complaint.  Rather, Mr. Harbert was added as a result of evidence of his alleged involvement in the conspiracy that the relator uncovered during discovery.  Similarly here, there is no evidence that the relator initially intended to include defendant Anderson as an intended defendant, but named another individual instead.[5]  Therefore, just as this Court found with defendant Bill Harbert, this Court finds that relation back cannot apply to the claims against defendant Roy Anderson.

---

     [3] Presumably, as this motion was filed prior to this Court's March 6, 2007, Memorandum & Order, the defendant has not argued in the alternative as to what result would occur if the relator were to receive the benefit of the three-year alternate limitations period under 31 U.S.C. § 3731(b)(2).

     [4] Defendant Harbert was not added as a defendant to the government's Complaint in Intervention.

     [5] For the same reasons, the government's claims against Roy Anderson cannot relate back to the relator's original complaint because there is no evidence Roy Anderson was an intended defendant.

Therefore, the applicable limitations period for these claims must be measured from the dates of the plaintiffs' respective amended complaints.

For purposes of measuring the limitations period, the Court must look to the date the complaint was filed. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").[6] The relator filed his original claim against Roy Anderson in his Second Amended Complaint, which was filed on December 28, 2000. The government filed its complaint against him on March 13, 2001. A government's complaint in intervention is deemed to be an amendment of the relator's complaint. In light of the fact that the government's Complaint in Intervention in this case averred claims against Anderson arising out of the same conduct and occurrences as those claims in the relator's Second Amended Complaint, and sought remedy against the same defendant (Anderson), the Court finds that the government's claims as to defendant Anderson relate back to the date the original claims against Anderson were filed: December 28, 2000.[7]

---

[6] Defendants have previously argued that the statute of limitations may only run upon the unsealing of the complaint in an FCA claim, but there is no such requirement. *See, e.g.*, *United States ex rel. Amin v. George Washington Univ.*, 26 F. Supp. 2d 162, 170 n.4 (D.D.C. 1998). Rather, the language in 31 U.S.C. § 3731, which governs the FCA limitations period, states that an action is barred if it is not "brought" within the time period prescribed by the statute. 31 U.S.C. § 3731. As the statute clearly states, however, an action is "brought" by a relator by filing a complaint in camera, with the understanding that the filed complaint "shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(1), (2). In enacting these two provisions, it is obvious that Congress was aware that the complaint would be filed under seal, and that the commencement of the action would be measured by the date the complaint was filed, not by the date it is unsealed.)

[7] Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of *the original pleading* . . . ." Fed. R. Civ. P. 15(c). In the context of this case, the relator's Second Amended Complaint, in which defendant Anderson was first named as a new defendant, is the "original pleading," "institution of the action," and "the action" as those terms are used in the Rule. Therefore, the claims against defendant Anderson within the government's Complaint in

Applying the six-year limitations period under § 3731(b)(1) of the FCA to the December 28, 2000 filing date, the plaintiffs would be able to bring claims on contracts that occurred on or after December 28, 1994. The claims for contract 20A allegedly were submitted October 3, 1989 and June 20, 1993. The claims for contract 07 allegedly were submitted between September 5, 1991 and January 18, 1995. The claims for contract 29 allegedly were submitted between July 10, 1990 and September 19, 1996. Accordingly, the defendant is correct that all of the claims brought by both plaintiffs on contract 20A would be untimely if the six-year limitations period applied. The last claim for payment on contract 20A was allegedly submitted on June 20, 1993, more than a year and a half outside of the limitations period. Therefore, under the six-year limitations period, the claims against defendant Anderson as to the remaining two contracts would also have to be dismissed because they were brought in the relator's third amended complaint, which was filed on March 9, 2006.[8]

According to the FCA, however, the six-year limitation period under § 3731(b)(1) is but one statute of limitations option for a plaintiff. Rather, plaintiffs receive the benefit of the larger time period of either the six-year limitations period or the three-year period under § 3731(b)(2). 31 U.S.C. § 3731. As this Court recently held in *United States ex rel. Pogue v. Diabetes Treatment Centers of America*, Civ. No. 01-cv-50 (RCL), 2007 WL 404260, *12 (D.D.C. Feb. 7, 2007) (Lamberth, J.), both the government *and* the relator may benefit from this alternate limitations period. This alternate provision applies in situations where, because of the

---

Intervention relate back to those claims against defendant Anderson in the relator's complaint.

[8] As this Court has previously found, an amended complaint may not relate back to an untimely original complaint. (*See* Mem. & Op. [614] 12 n.13.)

defendant's fraud or purposeful concealment of the fraudulent conduct, the relator or the government only learns of the violation in a manner that places the defendant beyond the reach of the initial six-year limitations period under the FCA.  In these types of cases, the three-year period begins to run from the point in time the government knew or reasonably should have known of facts material to the right of action.  *Cf. Pogue*, 2007 WL 404260, at *8 ("[31 U.S.C. § 3731](b)(2)'s three-year statute of limitations applies across the board, measured by *the government's knowledge*.") (emphasis added).  Under the FCA, the government knows or reasonably should know of the material facts associated with the violation of the FCA at the point that the government "discovers, or by reasonable diligence could have discovered, the basis of the lawsuit." *Fitzgerald v. Seamans*, 553 F.2d 220, 228 (D.C. Cir. 1977).  Under this standard, plaintiffs would be entitled to bring a claim against Roy Anderson within three years of the date that the government could have discovered with reasonable diligence Roy Anderson's alleged involvement in the conspiracy as to the contracts at issue.

As this Court previously stated in its Memorandum & Opinion [614], whether the government had sufficient knowledge as to the particular defendants' alleged involvement in the alleged conspiracy[9] is an issue of material fact that will be best adjudicated at trial by the jury. To the extent that the jury finds as a matter of fact that the government knew or should have known prior to December 28, 1997, of defendant Anderson's involvement in the alleged bid-rigging of the three contracts, all of the plaintiffs' claims against defendant Anderson must be

---

[9] The Court is referring only to defendants Bill Harbert and Roy Anderson.

dismissed.[10]  If the jury finds as a matter of fact that there is no evidence that an official of the United States government with responsibility for bringing a suit in this matter had knowledge of the right of action relating to Roy Anderson more than three years prior to December 28, 2000, then plaintiffs' complaints will be deemed timely as to those claims within a ten year time period dating back from the date the complaint was filed.  Therefore, all claims for any contract at issue occurring on or after December 28, 1990 may be brought against defendant Anderson.  Naturally, however, those claims that fall outside of this ten-year window must be dismissed, notwithstanding the timeliness of the complaints, because ten years from the filing of the complaint is the maximum amount of time allotted to a plaintiff to bring a claim under the FCA.

Accordingly, pending the jury's resolution of this issue at trial, the Court must DENY defendant's motion as to those claims occurring on or after December 28, 1990.  The Court GRANTS defendant's motion as to those claims occurring before December 28, 1990, and hereby ORDERS that those claims against defendant Roy Anderson occurring prior to December 28, 1990 be DISMISSED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 19, 2007.

---

[10] If the three-year limitations period under § 3731(b)(2) does not apply, or if the complaint was filed three-years beyond the date the government knew or should have known of the defendant's alleged involvement in the claims against him, then the six-year limitations period under § 3731(b)(1) would apply.  As noted earlier in this opinion, the plaintiffs' claims against the defendant on contract 20A are untimely under the six-year limitations period, which would necessitate a dismissal of all claims against him.  *See supra* note 8 and accompanying text.