**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| *ex rel.* **RICHARD F. MILLER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action No. 95-1231 (RCL)** |
| ) | |
| **BILL HARBERT INTERNATIONAL** ) | |
| **CONSTRUCTION, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OPINION & ORDER**

I.      INTRODUCTION

This matter comes before the Court on Defendant Bill L. Harbert's ("Bill Harbert")

motion [625] for reconsideration of certain portions of this Court's Memorandum and Order

[614] that related to Bill Harbert's motion [285] to dismiss the relator's Fourth Amended

Complaint.[1]  In his motion to dismiss, Bill Harbert argued that the claims against him brought by

the relator were barred by the six-year statute of limitations under 31 U.S.C. § 3731(b)(1) of the

False Claims Act ("FCA").  The Court acknowledged that, were the six-year FCA limitations

period to apply, the relator's claims against Bill Harbert would be time-barred.  Ultimately,

however, the Court followed its recent opinion in *United States ex rel. Pogue v. Diabetes*

*Treatment Centers of America*, No. 01-cv-50 (RCL), 2007 WL 404260 (D.D.C. Feb. 7, 2007)

---

[1] The Court's Memorandum and Order was in review of the magistrate judge's October
31, 2006, Report and Recommendation [398].  Accordingly, the Court's opinion also addressed
Bill Harbert's objections [415] to the magistrate judge's Report and Recommendation.

(Lamberth, J.), in which the Court held that the alternate three-year period of limitations under §

3731(b)(2) of the FCA applied to relators as well as to the government.  Under this provision, the

timeliness of the relator's complaint against Bill Harbert is determined by whether the

government knew or should have known "facts material to the right of action."  31 U.S.C. §

3731(b)(2).  In light of the fact that the only information regarding whether the government had

sufficient knowledge of the material facts surrounding Bill Harbert's involvement in the alleged

FCA violations existed in the parties' respective pleadings, the Court declined to dismiss the

relator's claims based upon the pleadings alone.

Rather, in light of the disparate claims of the level of the government's knowledge in the

parties' pleadings, the Court found that, "at the very least, an issue of material fact as to the level

of knowledge the government had or should have had concerning the pertinent facts surrounding

Bill Harbert's involvement in FCA violations relating to contract 20A . . . [and that this] issue

will be best adjudicated at trial by the jury . . . ."  (Mem. & Order [614] 13-14.)  Therefore, the

Court denied the defendant's motion [285] to dismiss and overruled his objections [415] to the

magistrate judge's Report and Recommendation, pending the jury's resolution of at what point the

government possessed the requisite knowledge to begin the running of the three-year limitations

period.

Defendant now comes before this Court, asking it to reconsider this finding on two

separate grounds.  First, the defendant argues that recent evidence outside of the pleadings was

discovered that conclusively establishes that the government should have known of the

defendant's involvement in the bid-rigging conspiracy.  Second, the defendant asks the Court to

reconsider its finding that the issue of the government's knowledge is a matter for the jury.

As this matter is before the Court on a reconsideration of its own opinion, it is subject to

the standard set forth by the D.C. Circuit in *Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir.

1996). According to the Court of Appeals, a motion for reconsideration should only be granted if

the Court "finds that there is an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 1208.

II.     DISCUSSION

1.     Relator's Deposition Testimony

Defendant first argues that new evidence has come to light in this case on the issue of the

government's knowledge that warrants this Court's reconsideration of its Opinion. Specifically,

the defendant notes that, on March 3, 2007, three days before the Court's opinion in question,

defendants in this case concluded the deposition of relator Richard Miller. Counsel point to

affirmative responses by the relator to questions from defense counsel whether the relator

identified to the government in 1995 that Bill Harbert was a person who the relator viewed as a

key participant in the alleged conspiracy. Defendant argues that these answers provide

"irrefutable evidence outside the pleadings of either party that conclusively establishes when the

government should have known that Mr. Harbert was an alleged key participant in the bid rigging

conspiracy." (Def.'s Mot. for Recons. [625] 3.) Therefore, defendant argues that the statute of

limitations issue must be summarily resolved in the defendant's favor, and that the Court must

enter a finding that the relator's claims against Bill Harbert are time-barred as a matter of law.

The very evidence the defendant presents, however, necessitates a finding by this Court

that the defendant's motion for reconsideration on the basis of this new evidence must be denied.

Defendant's motion [285] urges this Court to dismiss the relator's complaint against him on Rule

12(b)(6) grounds that the relator has failed to state a claim.[2]   As the D.C. Circuit has held,

however, "[c]onsideration of external materials, which would normally initiate conversion of the

motion to one for summary judgment, cannot properly take place under a dismissal for failure to

state a claim." *Tele-Communications of Key West, Inc. v. United States*, 757 F.2d 1330, 1335

(D.C. Cir. 1985).  Rather, in granting a Rule 12(b)(6) motion to dismiss, the Court must look

solely to the pleadings, and determine whether, on the face of those pleadings, resolving all

factual doubts and inferences in favor of the plaintiff, "it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Ramirez de*

*Arellano v. Weinberger*, 745 F.2d 1500, 1506 (D.C. Cir.1984) (en banc) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957)).  If this standard is not met, then the court must deny the

motion.

Though defendant may argue that Rule 12(b)(6) allows a court to consider external

evidence, and therefore treat the motion as one for summary judgment, there is no requirement

for it to do so.  *See Tele-Communications of Key West*, 757 F.2d at 1334.  Rather, constraints

exist on a court's ability to convert a motion to dismiss under Rule 12(b)(6) into a summary

judgment.  *Id.*  For example, if a motion to dismiss is converted to a motion for summary

judgment, "all parties shall be given reasonable opportunity to present all materials made

pertinent to such a motion by Rule 56." *Id.* (quoting *Gordon v. Nat'l Youth Work Alliance*, 675

---

[2] Defendant initially proposed this argument in his motion [161] to dismiss the relator's
Second Amended Complaint, and a supplemental memorandum in support of this motion. (*See*
Def.'s Mot. to Dismiss [161]; Def.'s Supplemental Mem. [201]).  Both of these motions were
rendered moot by the filing of the relator's Third and Fourth Amended Complaints.  The
defendant's motion [285] to dismiss the Fourth Amended Complaint incorporated by reference
the arguments made in those previous motions to dismiss. (*See* Def.'s Mem. of P. & A. in Supp.
of Mot. to Dismiss [285-2] 5 n.4.)

F.2d 356, 360 (D.C. Cir.1982)). These materials necessarily include "affidavits and documentary evidence that would show that a genuine issue of material fact existed."  Tele-Communications of Key West, 757 F.2d at 1334.  Moreover, as Rule 56 states, "[t]he motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing [on the motion]." Fed. R. Civ. P. 56(c).  Before converting a Rule 12(b)(6) motion into a summary judgment, a court must "assure itself that summary judgment treatment would be fair to both parties in that the procedural requirements of the applicable rules were observed."  *Tele-Communications of Key West*, 757 F.2d at 1334.  When these procedural requirements cannot be satisfied, conversion to a summary judgment motion on the basis of external materials is inappropriate. *Id.*

Here, it is clear that the procedural requirements imposed by Rule 56 to properly address a summary judgment motion would not be met in time to resolve this issue prior to trial. Defendant brought this evidence to the Court's attention in a motion made March 7, 2007, less than two weeks prior to trial, and indeed argued the motion briefly before this Court at the March 9, 2007, pretrial hearing.  Allowing the parties to argue a summary judgment motion less than ten days after it was converted from a Rule 12(b)(6) motion on the basis of new evidence does not comport with the strict 10-day requirement under Rule 56(c). *Tele-Communications of Key West*, 757 F.2d at 1334.  Moreover, the parties would be unable to successfully complete argument of this issue prior to the commencement of trial under this 10-day requirement, as argument on a March 7 motion could not commence until at least March 21, two days after trial will commence.[3]  Therefore, even if the Court were willing to consider converting the defendant's

---

[3] *See* Fed. R. Civ. P. 6 ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").

Rule 12(b)(6) motion to dismiss into a summary judgment motion in light of this new evidence,

it would be an inappropriate course of action to do so.  Accordingly, this Court need look only to

the pleadings in resolving defendant's Rule 12(b)(6) motion to dismiss, as it did when it initially

denied the defendant's motion in its Memorandum and Order [614].  Accordingly, the defendant's

motion for reconsideration of its finding in light of the deposition testimony is DENIED.

> 2.      Court's Finding that the Issue of the Government's Knowledge is a Matter
>
>         for the Jury

Defendant also argues that the issue of whether the government had sufficient knowledge

of material facts of the alleged fraud to warrant the running of the three-year alternate limitations

period under the FCA is an issue that should be determined by the Court.  Resolution of this

issue requires the testimony of some counsel representing parties in this case.  Defendant argues

that presenting testimony from these attorneys for the jury to consider will disrupt the course of

the trial.  In addition, he argues that Model Code of Professional Responsibility DR 5-102

supports a finding that the attorneys-*qua*-witnesses must be disqualified from conducting the

trial.[4]  Conveniently, though, the defendant points out that this potential conundrum can be

resolved by simply "reconsidering its order and grant[ing] the relief sought by Mr. Harbert" by

dismissing the claims against him altogether.  Notwithstanding the defendant's claims that the

proverbial "sky will fall in" if the Court allows the issue of the government's knowledge under §

3731(b)(2) of the FCA to go to the jury, the defendant has not provided any reason under the

---

[4] Specifically, defendant argues that counsel for the government (Keith Morgan and Carolyn Mark), and counsel for the relator (Robert Bell) must be disqualified.  Moreover, in light of Mr. Bell's apparent need for disqualification, the defendant argues that the entire law firm of WilmerHale must correspondingly be disqualified because the firm has a direct financial interest in the outcome of the litigation.  (*See* Def.'s Mot. in Limine [625] 4-6.)

standard set forth in *Firestone* to warrant reconsideration of the Court's Memorandum and Order.

Therefore, the Court DENIES defendant's motion for reconsideration.

a.      Court's Consideration of Purcell Opinion

Defendant first argues that the Court, not the jury, should determine whether the

government officials in this case had the requisite knowledge to begin the running of the

three-year alternate limitations period under 31 U.S.C. §3731(b)(2) of the FCA.  Defendant cites

Judge Urbina's opinion in *United States ex rel. Purcell v. MWI Corp.*, 254 F. Supp. 2d 69

(D.D.C. 2003) (Urbina, J.) to support its stance.  In Purcell, Judge Urbina states that "[a]nalyzing

when the responsible government official knew or should have known facts material to the FCA

or equity claims is 'a complex factual determination to be made by the district court.'"  *Purcell*,

254 F. Supp. 2s at 78 (quoting *United States v. Hess*, 194 F.3d 1164, 1175 (10th Cir. 1999)).

There are a number of reasons why this Court is not inclined to follow the approach set forth in

*Purcell* as to its resolution of the issue of the government's knowledge under the FCA.  First, the

decision in *Purcell* is not mandatory authority that this Court must follow, and therefore does not

amount to "controlling law" that binds this Court.  Second, upon a closer reading of the cases,

neither *Purcell* nor the line of Tenth Circuit cases it relies on appear to stand for the proposition

that a jury cannot in any circumstance make such a determination as to the government's

knowledge.  To the contrary, they each recognize that such a determination *is one of fact*.  *Hess*,

194 F.3d at 1175; *Purcell*, 254 F. Supp. 2d at 78.  Issues of fact, particularly where facts are in

dispute, are best determined by a jury when the parties have called for a trial by jury, as here.

Furthermore, both the *Purcell* and *Hess* courts appear to favor resolution of this issue at the

summary judgment stage, rather than at the motion to dismiss stage.  *Hess*, 194 F.3d at 1170

(reviewing and affirming district court's resolution of government's knowledge issue at summary judgment stage); *Purcell*, 254 F. Supp. 2d at 78 (declining to dismiss claims on statute of limitations grounds at motion to dismiss stage because not enough evidence of whether government had sufficient knowledge).  As the issue of the government's knowledge is before this Court at the motion to dismiss stage, it would not be inconsistent with *Purcell* to decline the motion to dismiss on a limited and disputed factual record.

Moreover, even if *Purcell* and *Hess* suggest that summary judgment would have been the preferred stage of trial at which to resolve this issue, the Court is not convinced it is the proper procedure in this case.  First, as noted above, a summary judgment hearing is temporally infeasible at this stage of a twelve year case on the eve of trial.  Quite simply, the Court would be unable to satisfy the myriad procedural requirements imposed by Rule 56 to properly address a summary judgment motion between the date of the issuance of this opinion and the date trial begins-zero days.  Second, even if this Court were able to hear the parties' summary judgment arguments on this issue, the parties' disputed contentions as to whether there is evidence on the record that the government knew or should have known about defendant Bill Harbert's involvement clearly demonstrates that there is a genuine issue of material fact as to this issue.  Such a finding, in and of itself, warrants submission of the issue to the *jury* so that the jury may resolve it as a matter of fact.

b.      Attorney Disqualification Issue

Still, the defendant argues that, if the issue of the government's knowledge goes to the jury-as the Court holds that it must-the attorneys who would have to testify as to this issue would be forced to withdraw from the case under the rules of professional conduct governing this

jurisdiction.  The defendant, citing a case from another Court within this District, argues that the

prevailing rule governing withdrawal of counsel as a witness is Model Code of Professional

Responsibility DR 5-102.  *Moyer v. 1330 Nineteenth Street Corp.*, 597 F. Supp. 14, 16 (D.D.C.

1984).  Under this rule. "[i]f, after undertaking employment in contemplated or pending

litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a

witness on behalf of his client, he *shall* withdraw from the conduct of the trial."  Model Code of

Prof. Resp. DR 5-102.  Following this strict rule, defendant argues that the "ethical rules are

clear:" all plaintiffs' counsel who will testify-namely, Mr. Morgan, Ms. Marks, and Mr. Bell-must

withdraw from the case altogether.  Moreover, in light of the fact that WilmerHale, Mr. Bell's

law firm, stands to gain financially in this action, defendant asserts that the entire law firm must

be forced to withdraw.

Though the Model Code rule cited by the defendant may well be "clear" in that it requires

that an attorney shall withdraw if called as a witness, defendant has overlooked one small issue

with this rule.  Namely, it is not the rule in force in this jurisdiction at present.  The rule currently

in effect in this jurisdiction is District of Columbia Model Rules of Professional Conduct Rule

3.7.  Under this much more forgiving rule, "[a] lawyer shall not act as advocate at a trial in which

the lawyer is likely to be a necessary witness except where . . . [d]isqualification of the lawyer

would work substantial hardship on the client."  D.C. Model Rules of Prof. Conduct R. 3.7(a)(3)

(revised Feb. 2007).  As the comments to the Rule indicate, in order to determine whether an

attorney is required to withdraw under Rule 3.7(a)(3), the court must conduct a balance "between

the interests of the client and those of the opposing party.  Whether the opposing party is likely to

suffer prejudice depends on the nature of the case, the importance and probable tenor of the

lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses."  D.C. Model Rules of Prof. Conduct R. 3.7 cmt. 4 (2007).

Here, it is clear that the balance weighs overwhelmingly in favor of the plaintiffs. Plaintiffs' counsel will be required to testify in a limited fashion as to factual issues of the level of the government's knowledge as it pertains to defendants Bill L. Harbert.[5]  It strains credulity at this point that innocuous fact-based evidence of the *government's* knowledge would prejudice the defendant in any way.  Moreover, even to the extent that the defendant was prejudiced an iota by the jury's consideration of this evidence, any prejudice to the defendant would pale in comparison to the disastrous effect that requiring three attorneys and one entire law firm who have been a part of this case for twelve years to withdraw on the eve of trial.

As the relator aptly points out, the dispositive inquiry in applying the three-year alternate limitations period is an assessment of the government's knowledge.  It would defy all logic to require all counsel for the relator and the government to withdraw entirely from the case any time a FCA plaintiff wished to take advantage of the three-year limitations period under 31 U.S.C. § 3731(b)(2).  Accordingly, the defendant's motion for reconsideration of its opinion is DENIED.


SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 19, 2007.

---

[5] In light of the Court's recent opinion as to the three-year alternate statute of limitations on claims against defendant Roy Anderson, the plaintiffs' attorneys will also have to testify to information concerning the government's knowledge of defendant Anderson's alleged involvement.