UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RICHARD F. MILLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 95-1231 (RCL) |
| BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION & ORDER

Defendants Roy Anderson, Harbert International, Inc. ("HII") and Harbert Corporation ("HC") have filed what amounts to Motions in Limine seeking exclusion of the testimony of Luigi Ruggieri and Giovani Greselin, "unless and until it proves by a preponderance of the evidence that there was a conspiracy by these defendants to rig Contract 29." The crux of the Motion is that if the testimony has probative value, it is in conveying out-of-court statements that are only admissible if deemed to be co-conspirator statements under Rule 801(d)(2)(E), and that the Court should rule at this time, under Rule 104(a), that the statements do not qualify. It is true that this determination is one for the Court, and that the Court is not bound by the rules of evidence in making its determination. But the Court cannot make *any* determination without knowing what other evidence plaintiffs will proffer to render these statements admissible.

In order to demonstrate that a statement is admissible under Rule 801(d)(2)(E), the proponent must show by a preponderance of the evidence that: (1) a conspiracy existed; (2) that

the declarant and defendant were members of this conspiracy; and (3) that the statement was made during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). Though a court may consider the contents of the statement being offered in determining whether the proponent of the evidence has satisfied its burden under 801(d)(2)(E), the statement is "not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party aginst whom the statement was offered." Fed. R. Evid. 801(d)(2), 1997 Advisory Comm. Notes. In light of this requirement under the Federal Rules of Evidence, defendants move to preclude introduction of this evidence on the grounds that there is insufficient additional evidence to establish the existence of the conspiracy. As defendant Anderson states in essence, there was insufficient knowledge to satisfy 801(d)(2)(E) at Anderson's criminal trial at which the testimony at issue was originally elicited. (*See* Anderson Request to Decide Prel. Question Under Rule 104, at 5.) Naturally, "[u]nless the government has additional evidence–which was not revealed earlier in the criminal case or in discovery in this case" the plaintiffs will fail to meet the requirements under 801(d)(2)(E) in this civil case as well. (*Id.*) As relator's counsel pointed out, however, the plaintiffs are prepared to produce both testimonial and documentary evidence in support of the existence of the conspiracy, of which the statements at issue were allegedly made in furtherance. If the plaintiffs meet this burden by the introduction of corroborating evidence, then the statements are clearly admissible under 801(d)(2)(E).

      Therefore, as defendants correctly point out, this *is* a matter for the Court to decide under Rule 104. Contrary to the defendants' contentions, however, the section of Rule 104 that this issue falls under is Rule 104(b): Conditional Relevance. Under this provision, the Court may

admit evidence, the relevance of which depends upon the fulfillment of a condition of fact, provided that the proponent of that evidence introduces evidence sufficient to support a finding that the condition was fulfilled at some point later in the trial. Fed. R. Evid. 104(b). Inherent in this Rule is the notion that, if the proponent of the evidence conditionally admitted fails to establish the fulfillment of the condition, then the proffered evidence shall be excluded from the jury's consideration. *See id.* In this case, the Court will allow the admission of the testimony at issue, upon the condition that the plaintiffs satisfy the requirements of Rule 801(d)(2)(E) by a preponderance of the evidence. If the plaintiffs fail to meet this burden, then the testimony will be excluded. Therefore, the Court finds that, pending the plaintiffs' introduction of additional evidence establishing the existence of the alleged conspiracy pursuant to the requirements of Rule 801(d)(2)(E), the defendants' motion is DENIED.

Notwithstanding defendant Anderson's argument to the contrary, if admissible, this evidence would certainly be deemed relevant under Rule 401 because it makes it more probable than not that a conspiracy to bid-rig contract 29 existed. Therefore, defendant's motion on this ground must also be DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 20, 2007.