UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **RICHARD F. MILLER,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Civil Action No. 95-1231 (RCL) |
| **BILL HARBERT INTERNATIONAL CONSTRUCTION, INC.,** *et al.*, | ) ) ) | |
| **Defendants.** | ) ) ) | |

**MEMORANDUM OPINION & ORDER**

I.   INTRODUCTION

This matter is before the Court on defendants Bill L. Harbert, Bilhar, Harbert Construction Services (U.K.), Ltd. ("Harbert UK"), and Bill Harbert International Construction, Inc.'s ("BHIC") March 1, 2007, Motion in Limine [595] to preclude the introduction of evidence suggesting or arguing that the assignments of contracts 20A and 07 by and between Harbert International, Inc. ("HII") and Bilhar (f/k/a Harbert International Establishment, or "HIE") were improper, fraudulent, wrongful or illegal.  In their motion, the defendants contend that the legality of the contract assignments is not relevant to causes of action advanced by plaintiffs. Moreover, defendants argue that, even if the evidence were relevant, the prejudicial effect of the evidence outweighs any probative value under a Rule 403 analysis.  *See* Fed. R. Evid. 403. Plaintiffs argue in their opposition [667] brief that the evidence is relevant and not prejudicial to the defendant.  For the foregoing reasons, the Court finds that the defendants' motion is

DENIED.

II.      DISCUSSION

    1.      Relevance of Contract Assignments' Alleged Illegality

The first issue this Court must determine is whether evidence that the contract assignments between HII and Bilhar were allegedly illegal or fraudulent is relevant. Under Rule 401 of the Federal Rules of Evidence, the burden of establishing relevance is not a heavy one. Rather, relevant evidence is evidence "having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Defendants argue that the alleged illegality of the assignments cannot be relevant to the plaintiffs' case because the plaintiffs can establish that violations of the False Claims Act ("FCA") occurred without the admission of this evidence. Further, defendants contend that, even if the evidence was relevant, it would be inadmissible character evidence because it could only be used to show a propensity on the part of the defendants to defraud the government; propensity evidence being inadmissible pursuant to Rule 404(b). *See* Fed. R. Evid. 404(b). Plaintiffs contend to the contrary that the evidence is both relevant and admissible in light of what the evidence is sought to establish. Namely, the plaintiffs seek to utilize this evidence to both rebut defendant HII's defense that it did not participate in the conspiracy, and to establish substantive evidence against HII that it was a necessary party to the conspiracy.

The Court finds that the evidence at issue is clearly relevant because it bears strongly on establishing the existence of whether defendant HII was a member of the alleged conspiracy. As the relator notes, a core element of HII's defense is its reliance on the assignment of contracts

20A and 07 to Bilhar as a means of avoiding liability. Evidence that those assignments were false bears directly on disproving that very defense. Moreover, in light of the fact that USAID nationality requirements restricting the assignment of these contracts to U.S. and Egyptian companies, the assignment of two USAID contracts to a Liechtenstein-based company (Bilhar) has a tendency to establish that HII violated the FCA by submitting a claim that HII–a U.S. company–would perform contracts 20A and 07, rather than Bilhar, a company who was forbidden from performing the contract under USAID regulations.

Accordingly, the Court finds that the evidence is relevant.[1]

2.     Evidence Is Not Prejudicial

Under Rule 403, relevant evidence may be excluded if the probative value of the evidence is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Defendants contend that introduction of evidence that the assignments were fraudulent would be highly prejudicial and would confuse the issues, mislead the jury, and waste the Court's time. The Court is not convinced.

Introduction of this evidence would not prejudice the defendants. First, the defendants had adequate notice that the transfers at issue might be a subject at trial. The very use of these transfers as a defense to liability by defendant HII indicates that HII's co-defendants would have been aware that these transfers would have a bearing on this case. Second, there is no legitimate concern that introduction of this evidence would cause an undue delay in the proceedings, that it would create a "trial within a trial" that would confuse the jury. To the contrary, as plaintiffs

---

[1] Due to the fact that the evidence would be used as direct evidence against HII, the Court finds that the evidence is not impermissible character evidence under Rule 404(b).

note, the introduction of this evidence on the legality of the assignments would not require any additional witnesses.  Additionally, as this is a case dealing directly with fraudulent contracts and bids, the notion of a fraudulent assignment of two of the contracts at issue will be directly in the jurors' proverbial "wheelhouse," thereby negating any concern of jury confusion.  Finally, this Court has already noted that the evidence is direct evidence against HII used to rebut HII's defense that it was liable, and to establish HII's involvement in the conspiracy.  To the extent that the introduction of this evidence bears even collaterally on the defendants bringing this motion, those defendants may request this Court to give the jury a limiting instruction under Rule 105 to ensure that this relevant evidence is considered in its proper context.  *See* Fed. R. Evid. 105.

III.   CONCLUSION

For the reasons noted herein, the Court DENIES defendants' motion [595].

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 20, 2007.