UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RICHARD F. MILLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 95-1231 (RCL) |
| BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION & ORDER

Defendants Harbert International, Inc. ("HII") and Harbert Corporation ("HC") have filed a Motion in Limine seeking exclusion of the testimony of a number of witnesses. Magistrate Judge Facciola, in a December 5, 2006, Order [431] told the parties to provide for each other a list of witnesses. (*See* Order [431].) Later, the parties submitted a finalized witness list, pursuant to this Court's pretrial Scheduling Order. (*See* Order [533].) According to the defendants, the plaintiffs included a number of witnesses on their finalized list of witnesses who were not listed on their initial submission of witnesses pursuant to Magistrate Judge Facciola's Order. Defendants claim that they made repeated attempts to obtain the identity of these witnesses throughout the discovery stage of this trial via interrogatory requests as to the names and identities of witnesses with discoverable information relating to this case. According to the defendants, plaintiffs failed to notify the defendants of the witnesses' identities until the eve of trial supports the inference that the information was wrongfully withheld. Therefore, defendants

argue that the plaintiffs should be barred from offering the testimony of the witnesses at issue.

Plaintiffs, by contrast contend that the witnesses at issue were all introduced in one form or another during discovery, either through Rule 30(b)(6) deposition testimony, or by plaintiffs' answers to defendants' interrogatories. As a result, the defendants were free to pursue their own means of obtaining information from the witnesses listed by the plaintiffs.

As defendants correctly point out, the purpose of discovery under the Federal Rules of Civil Procedure is to "provide a mechanism for making relevant information available to litigants." Fed. R. Civ. P. 26, Advisory Comm. Notes. "'Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" *Id.* (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Keeping in that vein of open disclosure, Rule 26(e)(2) states that a party is required to amend its responses to discovery requests if the party learns that the response is incomplete. Fed. R. Civ. P. 26(e)(2). Defendants' objection appears to invoke the argument that the plaintiffs have run afoul of requirements imposed by this Rule.

As the Rule clearly states, however, a party's obligations under Rule 26(e)(2) to amend its responses to discovery requests is not absolute. Rather, a party must seasonably amend its prior responses "if the additional or corrective information *has not otherwise been made known to the other parties during the discovery process* or in writing." Fed. R. Civ. P. 26(e)(2) (emphasis added). Put another way, though a party is required to make relevant information available to its opponent, it is not expected to point out to its opponent information that the opponent can clearly glean on its own during discovery.

As the plaintiffs point out, the names of these witnesses were indicated by other witnesses during deposition testimony, and otherwise by the plaintiffs' answers to defendant HII's

interrogatory requests.  This falls well within the permissible universe of "information . . . otherwise made known to the other parties during the discovery process."  Therefore, the witness testimony shall not be excluded.

Three points bolster this Court's decision.  First, there is no indication whatsoever beyond the defendants' conclusory statements that the plaintiffs engaged in any deliberately and wrongfully withheld the information from the defendants.  Second, despite the defendants' claims to the contrary, the plaintiffs were under no obligation to include all of their witnesses in their initial list as required by the magistrate judge's Order.  Rather, according to Magistrate Judge Facciola "[t]he list is tentative; by listing a witness a party is not committing itself to call that witness *and the parties are free to name additional witnesses in whatever pre-trial statement Judge Lamberth will require*."  (Order [431] 1.)  The plaintiffs did just that.  Therefore, the defendants were on notice from the issuance of this Order that the list required by the magistrate judge was not intended to be an exhaustive one.  Moreover, the Order clearly stated that it would not be improper for the parties to add other witnesses.  Third, the defendants' own argument before this Court as to the sum and substance of the witness testimony at issue demonstrates that the defendants will not be caught "by surprise" with what these witnesses have to say.

Accordingly, defendants' motion to exclude introduction of witnesses not timely disclosed is DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 20, 2007.