## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *ex rel.* RICHARD F. MILLER, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | )   Civil Action No. 95-1231 (RCL) |
|  | ) |
| BILL HARBERT INTERNATIONAL | ) |
| CONSTRUCTION, INC., *et al.*, | ) |
|  | ) |
| Defendants. | ) |

_____

## MEMORANDUM OPINION & ORDER

I.      INTRODUCTION

This matter is before the Court on two motions by defendants.

A.      Resolution of Defendants' Motion in Limine [594]

The first issue before this Court pertains to defendants Harbert International, Inc. ("HII")

and Harbert Corporation's ("Harbert") March 1, 2007, Motion in Limine [594] to preclude the

introduction of evidence regarding the plaintiffs' allegations that Harbert's corporate veil should

be pierced with regard to liabilities of HII, or that Harbert is the alter ego of HII.  In their Motion,

defendants contend that veil piercing is an issue for the Court, not the jury,[1] that the factual

allegations in plaintiffs' complaints are untimely and insufficient as a matter of law.  In their

opposition [673] brief, plaintiffs argue that the defendants' motion is an impermissible motion for

judgment on the pleadings, that veil piercing is an issue for the jury, and that, should the Court

_____

[1] Defendants also contend that submission of this issue to the jury would create enormous
confusion and impose severe prejudice on the defendants.

decide this issue, there is no need to bifurcate the trial.[2]  For the foregoing reasons, the Court

finds that defendants' motion is DENIED.

    1.    Alter Ego Determination is a Question for the Jury

    In order to successfully plead an alter ego claim, a plaintiff must satisfy a two-prong test

consisting of: (1) a corporate formalities requirement; and (2) a fairness requirement.  *Labadie*

*Coal Co. v. Black*, 672 F.2d 92, 96 (D.C. Cir. 1982).   Under the first element, the Court must

determine whether there is sufficient "unity of interest and ownership that the separate

personalities of the corporation and the individual no longer exist."  *Id.*  Under the second

element, the Court must determine whether, "if the acts are treated as those of the corporation

alone, will an inequitable result follow?"  *Id.*   Defendants claim that alter ego liability is a

question of law that the Court must determine.  Plaintiffs claim just the opposite; that alter ego

liability is a matter of fact, to be resolved by the trier of fact: the jury.

    In light of the fact-specific nature of the determination, the Court finds that an alter ego

analysis is a matter for the jury.  Though the court–not the jury–determined the existence of an

alter ego relationship in the cases cited by defendants, these cases are distinguishable from this

case in that the issue of an alter ego relationship was couched within the resolution of other

issues.  *See*, *e.g.*, *Smith v. U.S. Investigation Servs., Inc.*, 2004 U.S. Dist. LEXIS 23504 (D.D.C.

2004) (dealing with a motion to dismiss for lack of personal jurisdiction in which personal

jurisdiction was based upon an assertion of alter ego liability).  Moreover, there is nothing in

*Labadie Coal* that creates a requirement that the *court* must determine alter ego liability.  *See*

---

[2] It should be noted that the relator was barred from filing any additional claims on the
basis of alter ego liability.  Therefore, the remainder of this opinion concerns the propriety of the
government's alter ego claims against defendants Harbert and HII.

*Labadie Coal*, 672 F.2d at 92.  In fact, the issue was decided by the court in *Labadie Coal* only

because this was not a case where the jury was a trier of fact as to any issue.  *Id.*  Finally, as

shown by *Dorocon, Inc. v. Burke*, Civ. No. 02-2556 (CKK), 2005 WL 3454338, at *2, *15

(D.D.C. 2005) (Kollar-Kotelly, J.), a jury *may* hear and resolve an issue of liability on a veil

piercing theory.

Moreover, defendants' motion, albeit cloaked in the clothing of a motion in limine, is but

a motion for judgment on the pleadings, also known as a motion for summary judgment.  These

motions are resolved by determining whether a genuine issue of material fact exists.  According

to the evidence, there exists a genuine issue of material fact as to the veracity of the evidence

averred in the government's Third Amended Complaint in Intervention as to whether defendants

Harbert and HII are alter egos of each other.   Defendants each, in their Answers to the

government's Third Amended Complaint in Intervention, denied many of the allegations as to the

disregarding of corporate formalities by the defendants.  Defendants also denied being alter egos

or instrumentalities of each other.   Therefore, the jury, not the Court must resolve the issue of

material fact that exists as to this issue.

Accordingly, the Court finds that the jury may determine the issue of liability on an alter

ego theory.  For the reasons listed herein, the Court finds that defendants' motion [594] must be

DENIED.

B.       Resolution of Defendant Harbert's Oral Motion to Dismiss

This matter is also before the Court on defendant Harbert Corporation's ("HC") oral

Motion in Limine urging this Court to dismiss the government's complaint in intervention against

HC in its entirety in light of this Court's previous opinion dismissing the relator's claims against

HC on contracts 07 and 29.  In that Memorandum and Opinion, this Court found that the relator had sufficiently pleaded that defendant Bill Harbert ("Bill Harbert") was an officer of defendant HC.  Defendant Bill Harbert allegedly had knowledge of the alleged conspiracy at issue. Therefore, under tenets of agency law, Bill Harbert's knowledge would be imputed to defendant HC by virtue of Bill Harbert's position as an officer of defendant HC.  Accordingly, any pleaded acts by HC that were associated with any contract at issue would be deemed acts in furtherance of the conspiracy as to those contracts because defendant HC would have acted with Bill Harbert's knowledge of the alleged fraudulent conspiracy.

Upon an examination of the relator's Fifth Amended Complaint, the Court dismissed the relator's claims against defendant HC on contracts 07 and 29 because the relator was not able to plead with any particularity that defendant HC acted in any relation as to those contracts.  The Court allowed the relator to maintain claims against defendant HC on contract 20A because the relator sufficiently pleaded HC's involvement in the fraud as to that contract.

Defendant HC now argues that the claims against it in the *government's* Third Amended Complaint in Intervention must be dismissed in their entirety because Bill Harbert is not a listed defendant in the government's complaint.  As a result, there is no evidence linking Bill Harbert to defendant HC as HC's officer, thereby negating any imputation of knowledge of the alleged fraudulent conduct from Bill Harbert to defendant HC.  Without this knowledge, defendant argues, the government's claims against defendant HC cannot stand at all, and therefore must be dismissed.

Defendant's argument is misplaced, as it ignores the fact that the government's claims against defendant HC are premised on an entirely different theory of liability than the claims

4

brought by relator against HC: alter ego liability.  Under this theory, defendant HC's liability is

not at all dependent on Bill Harbert's knowledge of the conspiracy being imputed to HC.

Therefore, the lack of allegations of Bill Harbert's position as an officer of HC and his alleged

knowledge of the conspiracy is not lethal to the government's claims against defendant HC.[3]

Accordingly, defendant HC's motion that the government's complaint be dismissed is DENIED.


       SO ORDERED.

       Signed by Royce C. Lamberth, United States District Judge, March 20, 2007.

---

[3] The government sufficiently pleaded a prima facie case of alter ego liability in its Third
Amended Complaint, to which no objection was raised until the eve of trial.  As noted above, the
Court has allowed the government to proceed under that theory, and has stated that the
government must prove as a matter of fact to the jury that the elements of alter ego liability are
satisfied.