UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RICHARD F. MILLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 95-1231 (RCL) |
| BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION & ORDER

Before the Court is the Motion [726] for Reconsideration by defendants BHIC, Harbert U.K., and Bill L. Harbert, and the related Motion [728] for Reconsideration by defendant Bilhar International Establishment. The first motion asks the Court to reconsider its Memorandum Opinion & Order [722] of March 14, 2007, in which the Court ruled that Bilhar's guilty plea in its criminal case was admissible as evidence; the second motion asks the Court to reconsider the same Order, but only if it first decides to leave intact its March 14, 2007 Memorandum Opinion & Order [713], which precluded Bilhar from contesting its liability. Upon consideration of the briefs, the applicable law, and the entire record herein, the Motions [726 & 728] are DENIED.

Bilhar's guilty plea – the plea agreement it executed and the Rule 11 Memorandum incorporated therein – are binding admissions that have been given preclusive effect by the Court under principles of collateral estoppel. *See, e.g., International Telecommunications Satellite Organization v. Colino*, 1992 U.S. Dist. LEXIS 4887 at *21 (D.D.C. 1992) (Lamberth, J.) (guilty

plea and accompanying factual proffer agreed to by defendant are preclusive).  Bilhar's plea has greater preclusive scope than Roy Anderson's criminal conviction because Bilhar plead guilty to conspiracy and to specific overt acts which, when added up, estop it from denying any fact essential to liability in this case.  Anderson's conviction would have been given similar preclusive scope if the prosecution had used a special verdict or juror interrogatories to establish more facts underlying the conviction.

In its subsequent Order, the Court noted that the plea agreement is admissible but not conclusive evidence, and cited two cases in which guilty pleas were admitted into evidence against other parties.  *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1992); *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 403 (8th Cir. 1995).  To clarify: the plea is preclusive as to Bilhar's liability, and is evidence of the other admissions contained therein, which go beyond establishing Bilhar's liability.  For instance, Bilhar's admission that it conspired with others and its description of how that conspiracy worked is highly probative and is surrounded by the many "veracity safeguards" that accompany the guilty plea process in federal courts.  *Scholes*, 56 F.3d at 762.  Because the guilty plea and Rule 11 Memorandum have probative value over and beyond the facts that are given preclusive effect, they are admissible.

The Court is aware that it excluded references to the Anderson trial, in recognition that such references were probative of nothing – once the few facts conclusively determined in that case were given preclusive effect – and likely to lead to much confusion.  The Court was aware that it was opening the door to some of the same confusion by allowing in the Bilhar guilty plea, but there was good reason for that.  First, as mentioned, the plea papers have probative value over and beyond the preclusive effect that has been given to the plea.  Second, because the other

defendants can attack the plea papers as evidence, it is inevitable – assuming that they do attack the credibility of the plea – that plaintiffs will counter by listing the many ways in which guilty plea colloquies seek to ensure that guilty pleas constitute voluntary, knowing, competent admissions.  There is no good way to evaluate Bilhar's admissions without acknowledging the context in which they were made.  For the foregoing reasons, the Motions [726 & 728] are DENIED.

     SO ORDERED.

     Signed by United States District Judge Royce C. Lamberth, March 20, 2007.