UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RICHARD F. MILLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 95-1231 (RCL) |
| BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION & ORDER**

After an *in camera* inspection of the documents at issue, Magistrate Judge Facciola issued a memorandum opinion [530] finding that these documents were privileged based upon the common interest privilege. He found that the government and the relator's interests were "inherently aligned." He stated that the attorney-client privilege "exists to encourage the full disclosure of all the facts from the client to the lawyer, while [the False Claims Act] advances the congressional desire that the relator apprise the government of all he or she knows as a condition of bringing a qui tam action." Naturally, "[b]oth policies would be negated if relator's attorney-client privilege were forfeited because there is a theoretical possibility that the government may be interested in the relator as a defendant in any criminal or civil action." Moreover, the magistrate judge found no indication that the government ever investigated the conspiracy prior to the relator coming forth, let alone focused its inquiry on the relator as a possible defendant. Accordingly, the magistrate judge found that the documents were privileged.

Defendants argue, still, that the privilege was waived because the relator disclosed a ten-page handwritten document to his assistant, Ms. Cora Walters. Defendants claim that this document was submitted for her "review." They point out that, in an interview with the FBI, Ms. Walters recognized the handwriting, and recalled that she "witnessed its compilation," and then probably scanned the document before signing it, "as she normally did with documents brought to her for witnessing by [the relator]." Defendants contend that this evidence indicates that the document was not intended to be kept confidential, thereby waiving the privilege.

Defendants' argument is misplaced, however. As Ms. Walters stated clearly, her role is as Mr. Miller's personal assistant. One of her functions was clearly to witness and authenticate a document being produced. This is supported by her statements that, in taking view of this document, her role was merely to "witness" it "*as she normally did with documents brought to her.*" Therefore, contrary to the defendants' assertions, this was not a wide-scale dissemination of an otherwise privileged document, which would certainly waive the attorney-client privilege. Rather, this was an individual writing a document, giving it to her for simple authentication purposes in the typical course of her duties as his assistant. Her function, as the facts clearly show was not to review the contents of the document, but rather to ensure that a record was kept of its creation. It is a matter of considering the form over the substance of the document. Therefore, his handing the document to her cannot waive the privilege.

This holding makes sense in light of the fact that the attorney-client privilege is not waived if an attorney's assistant whose presence is necessary is present in a meeting between a client and an attorney. Nor is the privilege waived if an attorney dictates a privileged and confidential letter to his assistant for it to be typed an mailed. The same rationale can and should

very easily apply to the client.  The client–in this case, the relator–intended the document to be confidential when he wrote it.  His assistant's verification was necessary to the authentication of the document.  Therefore, the privilege cannot be waived by handing her the document.

Finally, the "new evidence" that defendants point to–the evidence of Ms. Walters' in the FBI noted above–is not new at all.  Rather, the magistrate judge had the opportunity to review the entire FBI file, including the evidence regarding Ms. Walters.  And yet, after this review, the magistrate judge found that the documents were privileged.  This counsels against reconsidering the magistrate judge's opinion, as he had full opportunity to consider this information and rule as the defendants would have this Court now rule.  Moreover, with the exception of averring this "new evidence," the defendants have made no showing that the magistrate judge was clearly erroneous in his opinion to justify reconsideration of his opinion.  To the contrary, the magistrate judge appears to have gotten it exactly correct when he stated that the relator and the government's interests were aligned sufficiently such that the attorney-client privilege should apply to the relator's documents.

Therefore, the Court finds that the privilege was not waived by the relator's handing of the document to his assistant for verification purposes in the ordinary course of her duties.  Having considered the defendants' supplemental memorandum in support of its motion for reconsideration (*See* [708], Ex. 2.) in the resolution of this matter, the Court hereby GRANTS the defendant's motion [708] for leave to file its supplemental memorandum.  Upon consideration of the entire record and the facts therein, the defendants' motion [538] for reconsideration of the magistrate judge's Feb. 2, 2007 Memorandum Opinion is DENIED.  Accordingly, the relator's motion [608] for leave to file a surreply in opposition to the defendants' motion for

reconsideration is DISMISSED AS MOOT.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 26, 2007.