UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RICHARD F. MILLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 95-1231 (RCL) |
| BILL HARBERT INTERNATIONAL CONSTRUCTION, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on defendants Harbert International, Inc. ("HII") and Harbert Corporation's ("HC") March 1, 2007, Motion in Limine [561] to exclude all argument that HII or HC presented or caused to be presented claims for payment on contracts 20A and 07 after December 9, 1991. To support this argument, defendants assert that the government's own admissions in its most recent version of the complaint (the Third Amended Complaint in Intervention) establish indisputably that Bill Harbert International Construction, Inc. ("BHIC")–not HII or HC–was responsible for claims for payments on those two contracts during that time period.

Specifically, defendants point to the government's averment in Complaint in Intervention that BHIC was the *de facto* joint venture partner of J.A. Jones Construction Co. on the Harbert-Jones Contract 20A and 07 joint ventures. Additionally, the defendants state that the government admits that agents for BHIC, not agents for either HII or HC, submitted and caused to be

1

submitted claims on contracts 20A and 07 after December 9, 1991.  In light of the fact that these statements were made in the government's complaint, these statements constitute judicial admissions that cannot be contradicted at trial.  See Defs.' Mot. [561] 4 (citing, *inter alia*, *Yesudian v. Howard Univ.*, 153 F.3d 731, 748 (D.C. Cir. 1998)).  Accordingly, defendants argue that they cannot have been the ones who submitted or caused to be submitted those claims on the contracts at issue.  Therefore, defendants contend that the plaintiffs should be excluded from introducing evidence that either HII or HC submitted or caused to be submitted claims on those contracts after December 9, 1991.

The Court disagrees with the defendants for three reasons.  First, notwithstanding the defendants' contention that the statements at issue are judicial admissions, which would in essence establish the averred facts within the statements as "undisputed," there is an issue as to whether the government's statements within the Third Amended Complaint in Intervention were actually judicial admissions at all.  Judicial admissions are "formal concessions . . . or stipulations" by the parties intended to act as concessions that the alleged fact at issue is true, thereby eliminating the need to debate the veracity of that fact.  *See Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995).  Accordingly, it is plain to see that judicial admissions, by their very nature, connote a semblance of agreement between the parties as to the existence of that fact.  It stands to reason, then, that if there is no such agreement between the parties as to the existence of that fact because it is contradicted or denied, then the fact averred cannot be established as a judicial admission.  This is consistent with the D.C. Circuit's view of judicial admissions that "[i]t is of the nature of an admission, plainly, that it be by intention an act of waiver relating to the opponent's proof of the fact, and *not merely a statement of assertion or*

*concession made for some independent purpose.*" *McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959) (emphasis added).  Here, the statements quoted by defendants were made within the government's Third Amended Complaint in Intervention as assertions of fact.  These statements were far from admitted, however, as they were *contradicted and denied* by HII, HC, and BHIC, the party against whom HII and HC would presumably impose liability for the claims at issue.  (*See* Defs.' Answers [413, 495, 496].)  In light of the controversy between the parties as to the existence of the facts within the statements at issue, the Court finds that the statements at issue were not intended as formal concessions or stipulations by either the government *or* the defendants.  Therefore, the statements cannot qualify as judicial admissions that would have a "preclusive effect" to the government arguing against them.

Second, even if the statements qualified as judicial admissions, the defendants' argument still fails because it fails to consider the nature of the claims against them.  Plaintiffs have brought claims against the defendants for their participation in a conspiracy to bid-rig multiple USAID contracts.  It is hornbook law that a co-conspirator can be found liable for the future acts of another co-conspirator if the purpose of the future acts was to advance the overall objective of the conspiracy.  *See Halberstam v. Welch*, 705 F.2d 472, 487 (D.C. Cir. 1983).  Therefore, assuming HII, HC, and BHIC were a part of the conspiracy,[1] HII and HC could be found liable for those acts done by BHIC in submitting those claims after December 9, 1991 regardless of whether either actually submitted the claims for payment because those claims for payment were

---

[1] As defendants' motion is, in essence, a motion to dismiss the government's claims against them, the Court must accept the allegations in the government's Complaint in Intervention as true for the purposes of resolving this motion, as the government is the non-moving party.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir.1983).

made in furtherance of the conspiracy.

Third, defendants' argument overlooks a key tenet of liability under the False Claims Act ("FCA"). Under the FCA, invoices submitted under a contract are false if the contract was fraudulently induced, including contracts in cases of bid rigging. *See, e.g.*, *United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943); *United States v. Krizek*, 111 F.3d 934 (D.C. Cir. 1997); *United States ex rel. Alexander v. Dyncorp, Inc.*, 924 F. Supp. 292, 298 (D.D.C. 1996) (Harris, J.); *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 787-88 (4th Cir. 1999) (collecting cases). In other words, the very existence of a fraudulent contract taints the submission of each subsequent claim for payments thereunder. Therefore, it is of no moment in this case that either HII or HC was not the actual entity who submitted the claims for payment on the two contracts after December 9, 1991 because, if the government's allegations are taken as true, both HII and HC engaged in acts that caused the contracts to be fraudulent in the first place. If true, defendants' actions and involvement in making contracts 20A and 07 fraudulent creates a taint on the submission of all claims for payment on these contracts, whether submitted by BHIC, HII, HC, or any other defendant charged in this case. Defendants' alleged actions establish, at the very least, that they "caused to be presented" fraudulent claims on contracts 20A and 07, as defendants' acts were the proximate and "but for" cause of BHIC's submission of allegedly fraudulent claims for payments on those two contracts.[2]

Accordingly, for the reasons stated in this Memorandum Opinion & Order, the

---

[2] Certainly, but for the defendants' conspiring to bid-rig the contracts, the submission of fraudulent claims for payment on those contracts would not have occurred. Additionally, the submission of fraudulent claims for payments is a reasonably foreseeable consequence of conspiring to establish the fraudulent contract upon which the claims for payment were sought. *Cf. Palsgraf v. Long Island R. Co.*, 248 N.Y. 339 (N.Y. 1928).

government cannot be precluded from arguing and attempting to establish the defendants' involvement in the submission of the claims for payment on contracts 20A and 07 made after December 9, 1991.  Therefore, defendant's Motion [561] is DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 27, 2007.